**NO SUMMONS ISSUED**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

Giselle Fritz f/k/a Giselle Carter                          §
On behalf of herself and all others similarly situated      §     Case No.:
    Plaintiff                                        §
                                                            §
v.                                                          §
Resurgent Capital Services, LP                              §
Alegis Group, LLC                                           §
Mel S. Harris And Associates, LLC                           §
David Waldman                                               §
    Defendants                                       §



CV11 - 3300

BLOCK, J.

POHORELSKY, M.J.

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff GISELLE FRITZ, on behalf of herself and all others similarly situated, brings suit against defendants for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (the "FDCPA"), and in support would show as follows.

### A.   JURISDICTION AND VENUE

1.   The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (FDCPA). Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

2.   Venue in this District is proper because all or a substantial part of the events or omissions giving rise to their claims occurred in Kings County, New York.

3.   Plaintiff is an individual who resides in Kings County, New York.

4.   Defendant LVNV FUNDING LLC, a limited liability corporation, organized under the laws of the State of Delaware. Said Defendant engages in business in New York but does not

maintain designated agent for service of process in New York. This suit arose out of said Defendant's business in New York. Therefore, LVNV FUNDING LLC, may be served by and through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231. The New York Secretary of State may then forward a copy of the summons and complaint to Defendant by and through its Delaware registered The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington DE 19801 (New Castle County).

5.      Defendant RESURGENT CAPITAL SERVICES, LP a limited partnership, organized under the laws of the State of Delaware. Said Defendant engages in business in New York but does not maintain designated agent for service of process in New York. This suit arose out of said Defendant's business in New York. Therefore, RESURGENT CAPITAL SERVICES, LP, may be served by and through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231. The New York Secretary of State may then forward a copy of the summons and complaint to the address it has on file for said Defendant, Resurgent Capital Services L.P., P.O. Box 770549, Houston, TX, 77215 (Harris County).

6.      Alegis Group, LLC is the general partner of Resurgent Capital Services, LP and thus is liable for the debt collection violations and other actions of Resurgent. Defendant Alegis is a limited a limited liability corporation, organized under the laws of the State of Delaware. Said Defendant engages in business in New York but does not maintain designated agent for service of process in New York. This suit arose out of said Defendant's business in New York. Therefore, Alegis Group, LLC , may be served by and through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231. The New York Secretary of State may then forward a copy of the summons and complaint to Defendant by and through its Delaware registered

2

The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington DE 19801 (New Castle County).

7.      The court has jurisdiction over LVNV FUNDING LLC, RESURGENT CAPITAL SERVICES, LP and Alegis Group, LLC, nonresidents, because they, in person or through agents, transact business within the state of New York; committed a tortious act in the state of New York causing injury to person; committed a tortious act in the state of New York and 1) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state; 2) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; and/or 3) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

8.      Defendant MEL S. HARRIS AND ASSOCIATES, LLC is a limited liability corporation organized under the laws of the State of New York, with its principle place of business at 5 Hanover Square, 8th Floor, New York, NY 10004. It may be served by and through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

9.      Defendant David Waldman is an individual who, on information and belief, reside in the State of New York. He nay be served at his place of employment, MEL S. HARRIS AND ASSOCIATES, LLC, 5 Hanover Square, 8th Floor, New York, NY 10004, or wherever he may be found.

10.     All conditions precedent necessary to maintain this action have been performed or have occurred.

3

## B.   STATEMENT OF FACTS

11.     Defendant Mel S. Harris and Associates, LLC ("Harris") is a debt collection law firm that files thousands of lawsuits each year seeking to collect alleged debts incurred primarily for personal, family, or household purposes.

12.     On October 7, 2010 Harris filed a collections lawsuit against now-plaintiff Giselle Fritz f/k/a Giselle Carter in <u>Resurgent Capital Services, LLC v. Giselle Carter</u>, Index No. <u>092790/10</u>, Kings County Civil Court.

13.     The summons and complaint were signed by attorney David Waldman ("Waldman") on behalf of the firm.

14.     The Waldman signatures on the summons and complaint were dated September 16, 2010.

15.     Obviously, the summons and complaint must have been forwarded to the Kings County Clerk for filing some time between September 16, 2010 and October 7, 2010.

16.     The lawsuit sought to collect an alleged Levitz Furniture Store credit card account used for the purchase of furniture for personal, family or household use.

17.     Many years ago, plaintiff in fact did have a Levitz Furniture Store card that she used to purchase household furniture. Payments for the furniture were to be divided between plaintiff and the father of plaintiff's child. Plaintiff made her share of the payments. She and the father separated, and apparently he did not make the payments to which he agreed. While this was several years ago, plaintiff's recollection is that the account was paid down to approximately $300, and it was that amount that the father was supposed to pay. Plaintiff was contacted by a

4

debt collector for the account. She offered to pay them the $300 balance she recalled being on the account, but the debt collector stated she needed to pay approximately $1,400. This was money plaintiff did not have. Plaintiff is low income. Plaintiff's daughter was born with disabilities became progressively more debilitating, and requiring plaintiff's constant attention, and making it difficult for plaintiff to obtain and sustain employment.

18.     Remarkably, collections lawsuit filed by Harris on behalf of Resurgent stated that the amount due was $2,034.00 plus interest beginning from 12/31/2008. This is nearly 600 percent greater than the amount plaintiff recalls owing on the putative debt.

19.     Even more egregious, Resurgent never had standing to file suit in the first place.

20.     The collections lawsuit stated, "Plaintiff, as purchaser and assignee of the account herein, owns and retains all beneficial rights and interests therein."

21.     This statement is false. The plaintiff in the collections lawsuit, Resurgent Capital Services, LLC ("Resurgent") was *not* the "purchaser and assignee" of the alleged account, nor did it "own and retain all beneficial rights in interests therein." Resurgent did *not* own any of the alleged accounts. As such, Resurgent and Harris's statements in the complaint was false. Moreover, Resurgent did not have standing to legally file suit in its own name seeking to collect the alleged debts.

22.     A true an correct copy of the summons and complaint is attached to this complaint as Exhibit A and incorporated by reference in its entirety.

23.     It is the pattern and practice of Harris, Waldman and Resurgent to sign and file hundreds of collections lawsuits in New York within one year of the filing of this complaint with the false

representation the Resurgent was the "purchaser and assignee" of alleged consumer debts when the very records of Harris and Resurgent demonstrated that the accounts were own solely by a different debt collector, LVNV Funding, LLC ("LVNV").

24.    The alleged debts sought to be collected by these lawsuits were incurred primarily for personal, family, or household purposes.

25.    In later filings, Harris and Resurgent effectively acknowledged their own false representations in the complaint.

26.    On or about March 9, 2011 Harris and Resurgent filed what it styled a "Motion to Amend Caption." A true and correct copy of the motion, affirmation, and exhibits to the motion are attached as Exhibit B.

27.    When Harris claims it first realized it filed suit in the name of a party with no standing to sue, Harris decided not to seek to dismiss those cases.

28.    Rather, Harris and Resurgent sought to "amend" the caption of the suit to substitute the LVNV as the plaintiff for Resurgent. According to Harris and Resurgent, they sought to change the caption of the collections lawsuit "to reflect that LVNV Funding, LLC [is the] purchaser and assignee of the account herein, and owns and retains all beneficial rights and interests therein." The affirmation in support of the motion further states "LVNV Funding LLC... is the owner of the account and is entitled to have the caption of the case amended to reflect its sole ownership of all right, title and interest therein."

29.    At all times Resurgent was acting as the agent and purported servicer of LVNV in seeking to collect the alleged debt.

Last printed 7/8/2011 4:16:00 PM

30.   The certificate of service on the motion to amend asserts it was mailed to Fritz on April 21, 2011.

31.   The motion to amend that was mailed to Plaintiff included as an exhibit a copy of the complaint.

32.   Plaintiff received a copy of the motion to amend and the complaint that was attached thereto.

33.   Fritz filed a motion to dismiss in the collections lawsuit for failure to serve the complaint in the manner required by the CPLR.

34.   Harris and Resurgent opposed the motion.  In their Response they certain exhibits, which in turn are attached to the complaint as Exhibit C and are incorporated by reference.

35.   On June 23, 2011 the civil court judge set the case for a Traverse hearing.

36.   On July 6, 2011 the parties in the collections lawsuit signed and filed a stipulation of discontinuance without prejudice.

37.   Defendant Alegis Group, LLC is a general partner of Resurgent and is jointly and severally liable for the debt collection violations of Resurgent.

38.   As a result of the actions of defendants, plaintiff and the class members suffered actual damages. Actual damages include, without limitation, amounts paid as a result of the lawsuits in which plaintiff never had standing, and fees and costs accrued in defending suit where plaintiff never had standing.

### C.   Class Action Allegations

7

39.    Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    **a.**  Based on the fact that there are hundreds, if not thousands, of false collection pleadings that are the heart of this FDCPA lawsuit, the classes are so numerous that joinder of all members is impractical.

    **b.**  There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A - C violate the FDCPA.

    **c.**  The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the written communications, (i.e., the class members), which is a matter capable of ministerial determination from the Defendants' records.

    **d.**  Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

    **e.**  Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

40.    A class action is superior for the fair and efficient adjudication of the class members' claims.

41.    Congress specifically envisions class actions as a principal means of enforcing the FDCPA. See 15 U.S.C. § 1692k.

Last printed 7/8/2011 4:16:00 PM

42.     The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

43.     Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

44.     If the facts are discovered to be appropriate, Defendant will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

45.     This Count is brought by Plaintiff, individually, and on behalf of a class consisting of all persons who, according to Defendant's records:

    **a.**  have mailing addresses within New York State; and

    **b.**  within one year before the filing of this action; and

    **c.**  were sent a written communication:

        (1) That was in a form materially identical or substantially similar to Exhibits A – C (or any of the attachments to Exhibit C); or

        (2) That represented falsely that Resurgent was the purchaser, owner or assignee of an alleged account, or that Resurgent owned or retained all beneficial rights and interests in the allege account.

    **d.**  and the written communications

        (1) were served on the consumer according to the affidavits of service filed by Harris or Resurgent, or

9

(2) were mailed to the consumer and not returned by the postal service as undelivered.

46.      Written communications, such as those sent by Defendant, are  to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### COUNT # 1: Violations of the federal Fair Debt Collection Practices Act.

47.      Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

48.      The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). See also Hamilton v. United Healthcare of La., Inc., 310 F.3d 385, 392 (5th Cir.2002) ("Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope"). Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance").

49.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because she was alleged to owe a debt.

50.      The obligation alleged by defendants to be owed by plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5) because the putative credit card was incurred primarily for family, personal or

10

household purposes, specifically, the purchase of home furniture.

51.    Defendants are each a "debt collector" as defined in 15 U.S.C. § 1692a(6). Harris is a debt collector because it files tens of thousands of collection lawsuits each year, and sends thousand of more collection letters for those accounts.

52.    LVNV is a "debt collector" because it purchases millions of alleged consumer debts after they are in default with the putative original creditor. LVNV attempts to collect these debts indirectly through servicers and debt collection law firms who send hundreds of thousands of collection letters, report monthly hundreds of thousands off accounts on the credit reports of consumer, make hundreds of thousands of collection telephone acts, and pursuing at least tens of thousands of collection lawsuits.

53.    Resurgent is a debt collector because it is attempts to collect alleged debts owned by others – including LVNV –by reporting hundreds of thousands of alleged accounts to the credit reporting agencies each month, by sending out hundreds of thousands of collection letters, by making hundreds of thousands of telephone calls. In this case, Resurgent has filed hundreds if not thousands of lawsuits in its own name in New York seeking to collect alleged defaulted debts. Resurgent is not the purchaser, owner or assignee of these debts, and does not does not own and retain all beneficial rights in interests therein.

54.    Alegis Group, LLC is a general partner of Resurgent. Alegis is also a debt collector because it attempts to collect debts indirectly, through Resurgent and through the sub-servicers and collection law firms retained by Resurgent.

55.    The actions of Defendants enumerated in the above statement of facts constitute an

11

attempt to collect a debt or were taken in connection with an attempt to collect a debt within the meaning of the FDCPA.

56.     Defendant violated the following sections of the FDCPA: 15 U.S.C. 1692b, 1692c, 1692d, 1692e, and 1692f. By way of example and not limitation defendant violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: engaging in conduct the natural consequence of which is to harass, oppress or abuse any person; using false, deceptive or misleading representations or means; misrepresenting the character, amount or legal status of the debt; misrepresenting the services rendered or compensation which may be lawfully received; threatening to take and actually taking an action prohibited by law, or which is not intended to be taken; the use or distribution of any communication which simulates or is falsely represented to be a document authorized, issued or approved by any court, official or agency, or which creates a false impression as to its source, authorization or approval; using false, deceptive or misleading representations or means; using a unfair or unconscionable means; the failure to disclose in any communication that the communication is from a debt collector; the false representation that documents are legal process; using unfair or unconscionable means; collecting or seeking to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law; and failing to provide the proper disclosures to the consumer.

### D.   JURY DEMAND.

57.     Plaintiff demands a trial by jury.

### E.   PRAYER

12

58.     For these reasons, Plaintiff asks for judgment against Defendant for the following:

      i.      The above referenced relief requested;

     ii.      Statutory damages pursuant to 15 U.S.C. § 1692k;

    iii.      Actual damages pursuant to 15 U.S.C. § 1692k;

    iv.      Actual, economic, and statutory damages within the jurisdictional limits of
the court;

     v.      Attorney fees and costs;

    vi.      A declaration that defendants violated the FDCPA as alleged in the
complaint;

   vii.      Prejudgment and post-judgment interest as allowed by law;

  viii.      General relief;

    ix.      All other relief, in law and in equity, both special and general, to which
Plaintiff may be justly entitled.

Dated:  Brooklyn, New York
       July 8, 2011

                      Respectfully submitted,

                      Ahmad Keshavarz
                      ATTORNEY FOR PLAINTIFF
                      The Law Office of Ahmad Keshavarz
                      16 Court St., 26th Floor
                      Brooklyn, NY 11241-1026
                      Phone: (718) 522-7900
                      Fax:     (877) 496-7809
                      Email: ahmad@NewYorkConsumerAttorney.com

13

Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
Phone: (212) 248-7906
Fax: (212) 248-7908
E-mail: brian@bromberglawoffice.com

14

# Exhibit A

# Original Summons and Complaint

# CONSUMER CREDIT TRANSACTION

## IMPORTANT!! You Are Being Sued!! This is a Court Paper - A SUMMONS.

Don't throw it away!! Talk to a Lawyer right away. Part of your pay can be taken from you (Garnisheed) if you do not bring this to court, or see a Lawyer. Your property can be taken and your credit rating can be hurt!! You may have to pay other costs too!! If you can't pay for your own Lawyer bring these papers to this court right away. The clerk (personal appearance) will help you.

CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF KINGS

RESURGENT CAPITAL SERVICES,LLC

Plaintiff,

Plaintiff's Residence:

Index No.  **092790**

15 SOUTH MAIN STREET SUITE 500
GREENVILLE, SC 29601

-AGAINST-

**SUMMONS** - ORIGINAL

GISELLE CARTER
1169 OCEAN AVE APT 5D
BROOKLYN, NY 11230

Defendant(s)

The Basis of Venue is: Defendant's Residence

To the above named defendant(s):
YOU ARE HEREBY SUMMONED to appear in the CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF KINGS, at the office of the clerk of the said Court at 141 LIVINGSTON STREET in the county of KINGS, City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the clerk; upon your failure to answer, judgment will be taken against you for the sum of $2181.86 plus interest from 10/31/2008, plus the costs of this action.

Dated 09/23/2010

By: David Waldman
Mel S. Harris and Associates, LLC
Attorneys for Plaintiff
5 Hanover Square, 8th Floor
New York, NY 10004
(212)571-4900 ext. 3998

**FILED**
CLERK'S OFFICE
OCT 07 2010
CIVIL COURT
KINGS COUNTY

Note the law provides that:
a) If this summons served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY DAYS after such service: or b) If this summons is served by it's delivery to any person other than you personally or is served outside the City of New York, or by publication, or by any other means other than personal delivery to you within the City of New York, you are allowed THIRTY DAYS after the proof of service is filed with the Clerk of this Court within which to appear and answer.

1017556-1 / RCS / 346324286            39930/18

# TRANSACCION de CREDITO del CONSUMIDOR

## IMPORTANTE! USTED, A SIDO DEMANDADO!

ESTE ES UN DOCUMENTO LEGAL: UNA CITACION - ORIGINAL NO LA BOTE! CONSULTE CON SU ABOGADO ENSEGUIDA! PUEDEN QUITAR PARTE DE SU SALARIO (EMBARGARLO). SI USTED, NO SE PRESENTA EN LA CORTE CON ESTA CITACION LE PUEDEN CONFISCAR SUS BIENES, (PROPIEDAD)! Y PERJUDICAR SU CREDITO! TAMBIEN ES POSIBLE QUE TENGA QUE PAGAR OTROS GASTOS LEGALES (COSTAS)! SI UD. NO TIENE DINERO PARA UN ABOGADO TRAIGA ESTOS PAPELES A LA CORTE IMMEDIATAMENTE. VENGA EN PERSONA Y EL SECRETARIO DE LA CORTE LE AYUDARA.

CORTE CIVIL, DE LA CIUDAD DE NUEVA YORK CONDADO DE KINGS,

RESURGENT CAPITAL SERVICES,LLC
                          Demandante,                        No. de Epigrafe

                -against-                   **CITACION**

                                    La razon de haber designado esta Corte es:
                                    15 SOUTH MAIN STREET SUITE 500
                                    GREENVILLE, SC 29601

GISELLE CARTER

                          Demandado(s)
              La transaccion de su creito tuvo lugar en el Condado de Residencia del Demandado

Residencia del Demandado
1169 OCEAN AVE APT 5D
BROOKLYN, NY 11230

Al demandado(s) arriba mencionado(s): USTED ESTA CITADO a comparecer en la Corte Civil de la Ciudad de Nueva York, Condado de KINGS a la oficina del jefe Principal de dicha Corte en 141 LIVINGSTON STREET en Condado KINGS Ciudad y Estado de Nueva York, dentro del tiempo provisto por la ley segun abajo indicado y presentar su respuesta a la demanda adjunta al Jefe de la Corte; si usted no comparece a contestar se dictara sentencia contra usted por la cantidad de $2181.86 mas el interes desde la fecha 10/31/2008, mas el costo de esta accion.
**Dated 09/23/2010**

                                    _Russell_

                          By: David Waldman
                          Mel S. Harris and Associates, LLC        **Enviar Pagos a:**
                          Attorneys for Plaintiff
                          5 Hanover Square, 8th Floor
                          New York, NY 10004
                          (212)571-4900 ext. 3998

NOTA: La ley provee que:
a) Si esta citacion es entregada a usted personalmente en la Cuidad de Nueva York, usted debe comparecer y responderia dentro de VEINTE dias despues de la entrega; o b) Si esta citacion es entregada a otra persona que no fuera usted personalmente, o si fuera entregada afuera de la Cuidad de Nueva York, o por medio de publicacion, o por otros medios, que no fueran entrega personal a usted en la Cuidad de Nueva York, usted, tiene TREINTA dias para comparecer y responder la demanda, despues de haberae presentado prueba de entrega de la citacion al Jefe de este Corte.

1017556 1 / BCS / 346324286          20020/18

CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF KINGS

RESURGENT CAPITAL SERVICES,LLC
PLAINTIFF(S)

Index No.

# COMPLAINT

-AGAINST-

GISELLE CARTER

DEFENDANT(S)

Plaintiff by its attorneys, Mel S. Harris and Associates LLC, complaining of the defendant(s) respectfully allege upon information and belief as follows:

1. Plaintiff, RESURGENT CAPITAL SERVICES,LLC a LIMITED LIABILITY CORPORATION doing business within the State of SC, with offices located at 15 South Main Street Suite 500, Greenville, SC 29601. It is licensed by the New York City Department of Consumer Affairs. It's license number is 1326179.
2. Upon information and belief defendant(s) resides or is employed in the county in which this action is brought; or that the defendant(s) transacted business within the county in which this action is brought in person or through an agent and that the instant cause of action arose out of said transaction.
3. Upon information and belief that the defendant(s) entered into a Retail Charge Account Agreement [Account Num#0720601103304220], with HSBC BANK NEVADA NATIONAL ASSOCIATION/LEVITZ FURNITURE, wherein defendant agreed to pay HSBC BANK NEVADA NATIONAL ASSOCIATION/LEVITZ FURNITURE all amounts charged to said account by the authorized use thereof.
4. Upon information and belief the agreement containing the terms and conditions governing the use of the charge account, including terms of payment was mailed to defendant(s).
5. Plaintiff, as purchaser and assignee of the account herein, owns and retains all beneficial rights and interests therein.
6. Upon information and belief thereafter defendant incurred charges by use of the said Charge Account in the sum of $2181.86 no part of which sum has been paid, although duly demanded.

WHEREFORE, Plaintiff demands judgment against the defendant(s) for the sum of $2181.86 plus interest from 10/31/2008, plus the costs of this action.

**Dated 09/23/2010**

_Puracio_

Mel S. Harris and Associates LLC
Attorneys for Plaintiff
5 Hanover Square, 8th Floor
New York, NY 10004
(212)571-4900 ext. 3998

# Exhibit B

## Motion to Amend Caption (with the summons and complaint that was attached thereto)

CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF KINGS

---

**RESURGENT CAPITAL SERVICES, LLC**
                    Plaintiff,                    Index No. 092790KCV10

            -AGAINST-                    **NOTICE OF MOTION
                                         TO AMEND CAPTION**

GISELLE CARTER


                    Defendant(s)

---

LADIES AND GENTLEMEN:

        PLEASE TAKE NOTICE THAT upon the affirmation, dated 2/2/2011 of Arthur Sanders, an

attorney with MEL S. HARRIS AND ASSOCIATES, LLC., and all of the exhibits annexed thereto,

and upon all of the proceedings heretofore had herein, plaintiff will move on __3|21|11__ before

court part __34__ in Room __1102__ of this Court located at 141 LIVINGSTON STREET

; BROOKLYN, in said City, County of KINGS, State of New York, at 9:30 AM or as soon thereafter

as counsel can be heard, for an Order amending the caption only to the extent of amending the

name of plaintiff in this matter to: **LVNV FUNDING LLC** from **RESURGENT CAPITAL SERVICES,**

**LLC**; and requiring any pleadings filed in the future to bear the amended caption, and for such

other and further relief as the Court may deem just and equitable.

        PLEASE TAKE FURTHER NOTICE THAT pursuant to CPLR 2214(b) any answering

papers or affidavits be served at least seven (7) days prior to the return date hereof.

        PLEASE TAKE FURTHER NOTICE THAT: **ATTORNEY FOR PLAINTIFF REQUESTS THIS**

**MATTER BE HEARD ON SUBMISSION ONLY WHERE PERMITTED AND WAIVES ORAL ARGUMENT**

**WHERE PERMITTED.**

Dated: New York, NY
        2/2/2011

                                        Yours, etc.,

                                        _____
                                        Arthur Sanders Esq.
                                        MEL S. HARRIS AND ASSOCIATES, L.L.C.
                                        Attorneys for Plaintiff
                                        5 Hanover Square, 8th Floor
                                        New York, NY 10004
                                        (212)571-4900 Ext. 3350

MSH FILE NO. 1017556-1
TO:

GISELLE CARTER
1169 OCEAN AVE APT 5D
BROOKLYN, NY 11230

CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF KINGS

**RESURGENT CAPITAL SERVICES, LLC**
                     Plaintiff                 Index No. 092790KCV10

-AGAINST-              **AFFIRMATION IN SUPPORT OF**
                               **MOTION TO AMEND CAPTION**

GISELLE CARTER

Defendant(s)

Arthur Sanders, an attorney duly admitted to the practice of law in the State of New York, hereby affirms the following to be true pursuant to CLPR ¶ 2106:

1. I am an attorney with the law firm of MEL S. HARRIS AND ASSOCIATES, L.L.C., attorneys for plaintiff, and I make this affirmation in support of plaintiff's application to amend the caption in this matter. I am fully familiar with the facts and circumstances set forth herein.

2. This proceeding was commenced by service of a summons and complaint on defendant. A re-creation of the summons and complaint and copy of the affidavit of service is annexed hereto as <u>EXHIBIT A.</u>

3. The original complaint alleged that the plaintiff was the holder in due course/assignee of a claim (the "**Claim**") of HSBC BANK NEVADA NATIONAL ASSOCIATION/LEVITZ FURNI, with account number 0720601103304220, against the defendant arising from a defaulted credit card agreement.

4. In fact, based on my thorough review of the electronic file and notes maintained in our office in the ordinary course of business, the proper plaintiff/assignee is actually **LVNV FUNDING LLC.**

5. Thus, **LVNV FUNDING LLC** seeks to amend the caption of the case to reflect that the real party in economic interest is **LVNV FUNDING LLC.**

6. Payments sufficient to satisfy defendant's incurred charges have not been received and there is still a balance due and owing on this account.

7. No prejudice accrues to the defendant, notwithstanding the change of the caption of the

case to reflect that **LVNV FUNDING LLC** as purchaser and assignee of the account herein, owns and retains all beneficial rights and interests therein.

8. CPLR § 1021 authorizes a party or successor in interest of a party to move the Court to substitute a proper party for an original party to an action. **LVNV FUNDING LLC** as amended, is the owner of the account and is entitled to have the caption of the case amended to reflect its sole ownership of all right, title and interest therein.

9. A proposed order has been annexed hereto as <u>EXHIBIT B</u> for the court's convenience.

10. No prior application has been made for the relief sought herein.

WHEREFORE, I respectfully request that the caption of the case be amended to change the name of Plaintiff from **"RESURGENT CAPITAL SERVICES, LLC"** to **"LVNV FUNDING LLC"** in its own name and that any further pleading filed in this matter bear **LVNV FUNDING LLC**, and for such other and further relief as this Court may deem just and proper.

Dated: New York, NY
       2/2/2011

Respectfully yours,

Arthur Sanders Esq.
MEL S. HARRIS AND ASSOCIATES, L.L.C.
Attorneys for Plaintiff
5 Hanover Square, 8th Floor
New York, NY 10004
(212) 571-4900 Ext. 3350

# EXHIBIT A

# CONSUMER CREDIT TRANSACTION
## IMPORTANT!! You Are Being Sued!! This is a Court Paper - A SUMMONS.

Don't throw it away!! Talk to a Lawyer right away. Part of your pay can be taken from you (Garnisheed) if you do not bring this to court, or see a Lawyer. Your property can be taken and your credit rating can be hurt!! You may have to pay other costs too!! If you can't pay for your own Lawyer bring these papers to this court right away. The clerk (personal appearance) will help you.

CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF KINGS

---

RESURGENT CAPITAL SERVICES,LLC
                         Plaintiff,         Index No.
                         Plaintiff's Residence: 15 SOUTH MAIN STREET SUITE 500
                                        GREENVILLE, SC 29601

      -AGAINST-                       # SUMMONS - ORIGINAL

GISELLE CARTER
1169 OCEAN AVE APT 5D
BROOKLYN, NY 11230
                                        Defendant(s)
                      The Basis of Venue is: Defendant's Residence

---

To the above named defendant(s):
YOU ARE HEREBY SUMMONED to appear in the CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF KINGS, at the office of the clerk of the said Court at 141 LIVINGSTON STREET in the county of KINGS, City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the clerk; upon your failure to answer, judgment will be taken against you for the sum of $2181.86 plus interest from 10/31/2008, plus the costs of this action.

**Dated 09/23/2010**

                      By: David Waldman
                      Mel S. Harris and Associates, LLC
                      Attorneys for Plaintiff
                      5 Hanover Square, 8th Floor
                      New York, NY 10004
                      (212)571-4900 ext. 3998

Note the law provides that:
a) If this summons served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY DAYS after such service: or b) If this summons is served by it's delivery to any person other than you personally or is served outside the City of New York, or by publication, or by any other means other than personal delivery to you within the City of New York, you are allowed THIRTY DAYS after the proof of service is filed with the Clerk of this Court within which to appear and answer.

1017556-1 / RCS / 346324286          39930/18          

# TRANSACCION de CREDITO del CONSUMIDOR
## IMPORTANTE! USTED. A SIDO DEMANDADO!

ESTE ES UN DOCUMENTO LEGAL: UNA CITACION - ORIGINAL NO LA BOTE! CONSULTE CON SU ABOGADO ENSEGUIDA! PUEDEN QUITAR PARTE DE SU SALARIO (EMBARGARLO). SI USTED. NO SE PRESENTA EN LA CORTE CON ESTA CITACION LE PUEDEN CONFISCAR SUS BIENES, (PROPIEDAD)! Y PERJUDICAR SU CREDITO! TAMBIEN ES POSIBLE QUE TENGA QUE PAGAR OTROS GASTOS LEGALES (COSTAS)! SI UD. NO TIENE DINERO PARA UN ABOGATO TRAIGA ESTOS PAPELES A LA CORTE IMMEDIATAMENTE. VENGA EN PERSONA Y EL SECRETARIO DE LA CORTE LE AYUDARA.

CORTE CIVIL, DE LA CIUDAD DE NUEVA YORK CONDADO DE KINGS,

RESURGENT CAPITAL SERVICES,LLC
                    Demandante,              No. de Epigrafe

            -against-            **CITACION**
                        La razon de haber designado esta Corte es:
                        15 SOUTH MAIN STREET SUITE 500
                        GREENVILLE, SC 29601

GISELLE CARTER

                    Demandado(s)
            La transaccion de su creito tuvo lugar en el Condado de Residencia del Demandado

Residencia del Demandado
1169 OCEAN AVE APT 5D
BROOKLYN, NY 11230

Al demandado(s) arriba mencionado(s): USTED ESTA CITADO a comparecer en la Corte Civil de la Ciudad de Nueva York, Condado de KINGS a la oficina del jefe Principal de dicha Corte en 141 LIVINGSTON STREET en Condado KINGS Ciudad y Estado de Nueva York, dentro del tiempo provisto por la ley segun abajo indicado y presentar su respuesta a la demanda adjunta al Jefe de la Corte; si usted no comparece a contestar se dictara sentencia contra usted por la cantidad de $2181.86 mas el interes desde la fecha 10/31/2008, mas el costo de esta accion.
**Dated 09/23/2010**

                By: David Waldman
                Mel S. Harris and Associates, LLC        **Enviar Pagos a:**
                Attorneys for Plaintiff
                5 Hanover Square, 8th Floor
                New York, NY 10004
                (212)571-4900 ext. 3998

NOTA: La ley provee que:
a) Si esta citacion es entregada a usted personalmente en la Cuidad de Nueva York, usted debe comparecer y responderia dentro de VEINTE dias despues de la entrega; o b) Si esta citacion es entregada a otra persona que no fuera usted personalmente, o si fuera entregada afuera de la Cuidad de Nueva York, o por medio de publicacion, o por otros medios, que no fueran entrega personal a usted en la Cuidad de Nueva York, usted, tiene TREINTA dias para comparecer y responder la demanda, despues de haberae presentado prueba de entrega de la citacion al Jefe de este Corte.

1017556-1 / RCS / 346324286        39930/18

CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF KINGS

RESURGENT CAPITAL SERVICES,LLC
　　　　　　PLAINTIFF(S)                      Index No.

# COMPLAINT

-AGAINST-

GISELLE CARTER

　　　DEFENDANT(S)

Plaintiff by its attorneys, Mel S. Harris and Associates LLC, complaining of the defendant(s) respectfully allege upon information and belief as follows:

1. Plaintiff, RESURGENT CAPITAL SERVICES,LLC a LIMITED LIABILITY CORPORATION doing business within the State of SC, with offices located at 15 South Main Street Suite 500, Greenville, SC 29601. It is licensed by the New York City Department of Consumer Affairs. It's license number is 1326179.
2. Upon information and belief defendant(s) resides or is employed in the county in which this action is brought; or that the defendant(s) transacted business within the county in which this action is brought in person or through an agent and that the instant cause of action arose out of said transaction.
3. Upon information and belief that the defendant(s) entered into a Retail Charge Account Agreement [Account Num#0720601103304220], with HSBC BANK NEVADA NATIONAL ASSOCIATION/LEVITZ FURNITURE, wherein defendant agreed to pay HSBC BANK NEVADA NATIONAL ASSOCIATION/LEVITZ FURNITURE all amounts charged to said account by the authorized use thereof.
4. Upon information and belief the agreement containing the terms and conditions governing the use of the charge account, including terms of payment was mailed to defendant(s).
5. Plaintiff, as purchaser and assignee of the account herein, owns and retains all beneficial rights and interests therein.
6. Upon information and belief thereafter defendant incurred charges by use of the said Charge Account in the sum of $2181.86 no part of which sum has been paid, although duly demanded.

WHEREFORE, Plaintiff demands judgment against the defendant(s) for the sum of $2181.86 plus interest from 10/31/2008, plus the costs of this action.

**Dated 09/23/2010**

　　　　　　　　Mel S. Harris and Associates LLC
　　　　　　　　Attorneys for Plaintiff
　　　　　　　　5 Hanover Square, 8th Floor
　　　　　　　　New York, NY 10004
　　　　　　　　(212)571-4900 ext. 3998

1017556-1 / RCS / 346324286　　　　39930/18　　　　

Index No.          Year 20

CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF KINGS

RESURGENT CAPITAL SERVICES,LLC
                          PLAINTIFF(S)                    Index No.
          -AGAINST-

GISELLE CARTER

                          DEFENDANT(S)

# SUMMONS AND COMPLAINT

Signature (Rule 130-1.1-a(b))

David Waldman
Mel S. Harris and Associates LLC
Attorneys for Plaintiff
5 Hanover Square, 8th Floor
New York, NY 10004
(212)571-4900 ext. 3998

To
Attorney(s) for

Service of a copy of the within                    is hereby admitted.

Dated,

                          Attorney(s) for

Please take notice
( ) NOTICE OF ENTRY
that the within is a (certified) true copy of a duly entered in the office of the clerk of the within named court on
20
( ) NOTICE OF SETTLEMENT
that an order                    of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within named court, at on                    20    at    M.

Dated,                    Yours, etc.

                          Mel S. Harris and Associates LLC
                          Attorneys for Plaintiff
                          5 Hanover Square, 8th Floor
                          New York, New York 10004
                          (212)571-4900 ext. 3998

To Attorney(s) for



**AFFIDAVIT OF SERVICE**



| | |
|---|---|
| **COURT:** CIVIL COURT OF THE CITY OF NEW YORK COUNTY OF KINGS | **INDEX#:** 092790 KCV10 |
| | **DATE PURCHASED:** 10/07/2010 |

**PLAINTIFF/PETITIONER:**
RESURGENT CAPITAL SERVICES, LLC

**DEFENDANT/RESPONDENT(S):**
GISELLE CARTER

**DOCUMENTS:**
Summons and Complaint

STATE OF NEW YORK COUNTY OF NASSAU      ss:

YOUSEF M. AKANAN, the undersigned, being duly sworn, deposes and says:

I am over the age of 18 years, I reside in the state of New York and am not a party to this action.

On 10/26/2010 at 10:38 AM, deponent served the aforementioned documents on GISELLE CARTER at 1169 OCEAN AVE APT 6D, BROOKLYN, NY 11230 in the manner indicated below:

**MANNER OF SERVICE**

By delivering and leaving a true copy or copies of the aforementioned documents with said LAURELL BROWN, CO-OCCUPANT a person of suitable age and discretion. Person spoken to stated that said premises is intended recipient's residence within the state of New York. On 10/26/2010 deponent deposited in the United States Post Office a true copy or copies of the aforementioned documents properly enclosed and sealed in a post-paid envelope addressed to said Defendant(s) at 1169 OCEAN AVE APT 6D, BROOKLYN, NY 11230. Copy mailed first class mail marked PERSONAL AND CONFIDENTIAL not indicating on the outside thereof, by return address or otherwise that said notice is from an attorney or concerns an action against the person to be served. Deponent asked the indicated person whether the defendant and/or present occupant was presently in the military service of the United States Government or on active duty in the military service of the State of New York or a dependant or anybody in the military and was told defendant and/or present occupant was not.

**DESCRIPTION OF PERSON SPOKEN TO/PAPERS LEFT WITH:**

Sex: Female - Skin: Black - Hair: Black - Age: 41-49 - Height: 5'0"-5'3" - Weight: 125 - 149 lbs

Sworn to and subscribed before me on
10/26/2010

ANTHONY J BARONE
Notary Public, State of New York
No. 01BA6801103
Qualified in NASSAU
Commission Expires 02/28/2014

X _____
YOUSEF M. AKANAN
Licensee#: 1186670

Atty#: 1017556-1

# EXHIBIT B

CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF KINGS
_____x

**RESURGENT CAPITAL SERVICES, LLC**
                         Plaintiff                    Index No. 092790KCV10 .

        -AGAINST-                      **ORDER**

GISELLE CARTER


                         Defendant(s)
_____x


        This matter came before the motion term of this court before JUDGE _____

on plaintiff's Motion on Notice to amend the caption in this matter. After due deliberation, it is

hereby:

        ORDERED that the motion be and the same is hereby in all respects granted; and it is

        further

        ORDERED, that the name of the plaintiff in the caption in this matter is amended to LVNV

FUNDING LLC.

        ORDERED and that any further pleadings filed in this matter shall conform to this
amendment.


Dated _____


                                SO ORDERED:


                                _____

                                HON.: _____
                                JUDGE_____

MSH FILE #:  1017556-1

CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF KINGS

_____x

**RESURGENT CAPITAL SERVICES, LLC**
                                        Plaintiff,              Index No. 092790KCV10

                    -AGAINST-                          **AFFIDAVIT OF SERVICE BY MAIL**

GISELLE CARTER

                                 Defendant(s)
_____x

State of New York)
                              ss.:
County of New York)

Arthur Sanders, Esq., an associate attorney of MEL S. HARRIS AND ASSOCIATES, the
undersigned, being duly sworn, deposes and says under penalty of perjury:

I am not a party to this action, am over 18 years of age and am an attorney and employee of MEL
S. HARRIS AND ASSOCIATES, LLC., attorney for PLAINTIFF.

That on _2|17|11____ , I served:

   1.      NOTICE OF MOTION AND AFFIRMATION TO AMEND CAPTION

upon DEFENDANT

GISELLE CARTER
1169 OCEAN AVE APT 5D
BROOKLYN, NY 11230

Its last known address(s), by First Class mail, by depositing a true copy of same enclosed in a
postpaid, properly addressed wrapper, in the mailing center of affiant's law firm; where mail is
processed, stamped, and placed in a Post Office-Official Depository under the exclusive care and
control of the United States Postal Service within New York State, in the ordinary course of
business.

                                              _____
                                              MEL HARRIS & ASSOCIATES, LLC.
                                              By: Arthur Sanders Esq.

RefNum: 1017556-1

Index No: 092790KCV10

CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF KINGS

_____

**RESURGENT CAPITAL SERVICES, LLC**
                          Plaintiff,
            -AGAINST-

GISELLE CARTER

                          Defendant(s),

_____

# NOTICE OF MOTION & AFFIRMATION

_____

Dated,  New York, NY
        2/2/2011

                          Signature (Rule 130-1,1-a)


                          _____
                          Arthur Sanders Esq.,
                          MEL S. HARRIS AND ASSOCIATES, L.L.C.
                          Attorneys for Plaintiff
                          5 Hanover Square, 8th Floor
                          New York, NY 10004
                          (212)571-4900 Ext. 3350

MSH FILE NO. 1017556-1

TO:
GISELLE CARTER
1169 OCEAN AVE APT 5D
BROOKLYN, NY 11230

# Exhibit C

# Attachments to Their Opposition to Amend Complaint

------------------------------------
LVNV Funding LLC
Plaintiff,

                                        AFFIDAVIT OF MERIT

                                        092790KCV 10

        -against-
Giselle Carter
Defendant(S).
------------------------------------

STATE OF SOUTH CAROLINA)
COUNTY OF GREENVILLE   ) ss.:

The undersigned, being duly sworn, deposes and says:

1.   I am an authorized representative of Plaintiff and have personal knowledge of the facts herein from my review of the information in the possession of plaintiff pertaining to the account referred to below.

2.   Plaintiff purchased the receivable after it was in default from the credit grantor, Household Bank (SB), N.A., and succeeded to all rights that plaintiff's assignor had against defendant(s).

3.   This action is based upon a credit agreement entered into between defendant(s) and the credit grantor.   Pursuant to the agreement, defendant(s) agreed to pay monthly installments to the credit grantor for all goods and/or services and/or cash advances charged to account No. 0720601103304220. Upon information and belief, defendant(s) used or authorized the use of the credit account to obtain loans from the original credit grantor  for the purpose of goods and/or services and/or cash advances but failed to make payments due pursuant to the agreement.   Heretofore, the defendant was sent full and true accounts of the indebtedness owing by the defendant on a monthly basis as a result of the credit extended.

4.   In the performance of my duties, I am familiar with the manner and method by which plaintiff creates and maintains its normal business books and records, including computer records of its collection accounts.   Plaintiff maintains computer records of activity on the accounts that occurred since it purchased the accounts, including payments received, amounts owing on such accounts, credits and debits, and also has computer records of the information that plaintiff acquired from its assignor.   Entries are made in such computer records only by individuals who have examined the account information at or near the time the events reflected in them occurred or who have relied on account information from plaintiff's assignor. Plaintiff's records were made in the regular course of business and it was the regular course of such business to make the records.

5.   The balance, after all prior payments and credits have been allowed, due and owing to Plaintiff from defendant(s) is $2,181.86, together with any legally permissible interest from 10/31/2008.

                                        _Scott Batson_____
                                        Scott Batson


Sworn to and signed before me this Monday, March 14, 2011

_____
(NOTARY)

                                        107556-1

                    ┌─────────────────────────────┐
                    │      Kayla Rector            │
                    │      Notary Public           │
                    │   State of South Carolina    │
                    │  My Comm. Exp. 2-3-2021      │
                    └─────────────────────────────┘

| MEL S. HARRIS | **ATTORNEYS AT LAW** | AMANDA PEREZ |
|---|---|---|
| DAVID WALDMAN | 5 HANOVER SQUARE, 8th Floor | SCOTT WORTMAN |
| ARTHUR SANDERS | NEW YORK, NY 10004 | HILARY KORMAN |
| | Tel (866)414-7444 (212)571-4900 | ANNA WILTAMUTH |
| | Fax (212)571-0965 | SPENCER T. McCORD |

GISELLE CARTER
1169 OCEAN AVE APT 5D
BROOKLYN, NY 11230

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

**Your Account Representative is:Mr. Pierre at ext.3295**

Date:05/27/2010          ID. 1017556-1
Re: RESURGENT CAPITAL SERVICES,LLC
Original Creditor:  HSBC BANK NEVADA NATIONAL ASSOCIATION/LEVITZ FURNI
Ref #: 0720601103304220
Total Due: $2,489.59

Dear GISELLE CARTER;

**Please be advised that we are the attorneys for the above.** Our client advises that you are indebted to it in the sum stated.  Our client further advises that this debt is long past due and owing. At this time no attorney with this firm has personally reviewed the particular circumstances of your account.

**Demand is hereby made upon you for payment of this outstanding indebtedness.**

**Should you wish to discuss this matter with a view towards reaching an amicable settlement, please do not hesitate to communicate with this office.**

Very Truly Yours,

By: _____
        Mel S. Harris and Associates, L.L.C.

1. HARRIS
This is a debt collection firm.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. **If you have a complaint about the treatment you received from a staff member, please call our hot line, 212-660-1097.**
NYC Department of Consumer Affairs License # 1315014

**Mel S. Harris and Associates, LLC**

| | | |
|---|---|---|
| MEL S. HARRIS<br>DAVID WALDMAN<br>ARTHUR SANDERS<br>_____ | **ATTORNEYS AT LAW**<br>5 HANOVER SQUARE, 8th Floor<br>**NEW YORK, NY 10004**<br>Tel (866)414-7444  (212)571-4900<br>Fax (212)571-0965 | AMANDA PEREZ<br>SCOTT WORTMAN<br>HILARY KORMAN<br>ANNA WILTAMUTH<br>SPENCER T. McCORD |

GISELLE CARTER
1169 OCEAN AVE APT 5D
BROOKLYN, NY 11230

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

**Your Account Representative is:Mr. Simmons at ext.3229**

07/02/2010         ID. 1017556-1
Re: RESURGENT CAPITAL SERVICES,LLC ASSIGNEE OF: HSBC BANK NEVADA NATIONAL
ASSOCIATION/LEVITZ FURNITURE
Ref #: 0720601103304220
Total Due: $2,509.50

Dear GISELLE CARTER;

Our client has asked us to convey to you an exciting way for you to **SAVE MONEY** and liquidate the
above balance which is significantly past due.

*Our client has authorized us to accept any reasonable settlement amount in order to satisfy this*
*debt in full.* One-lump payment settlements will create the largest savings for you. We will also accept
offers of partial payment settlements.

The only requirement is that you call this office within ten (10) days after receipt of this letter to discuss
how much *money you will be saving*. After this time frame has elapsed, we will no longer be
permitted to help you *save money.*

Our representatives are here from 8:00 am - 5:00 pm to assist you in this matter and confirm in writing
to you any agreed settlement plan.

Sincerely,

Mel S. Harris & Associates, L.L.C.
By: Mel S. Harris, Esq.

This is a debt collection firm. This is an attempt to collect a debt. Any information obtained will be used
for that purpose.

**Mel S. Harris and Associates, LLC**

MEL S. HARRIS
DAVID WALDMAN
ARTHUR SANDERS

**ATTORNEYS AT LAW**
5 HANOVER SQUARE, 8th Floor
NEW YORK, NY 10004
Tel (866)414-7444  (212)571-4900
Fax (212)571-0965

AMANDA PEREZ
SCOTT WORTMAN
HILARY KORMAN
ANNA WILTAMUTH
SPENCER T. McCORD

GISELLE CARTER
1169 OCEAN AVE APT 5D
BROOKLYN, NY 11230

**ADDRESS CORRECTION REQUESTED**

12/8/2010        ID. 1017556-1
Re: LVNV FUNDING LLC ASSIGNEE OF: HSBC BANK NEVADA NATIONAL ASSOCIATION/LEVITZ FURNITURE
Vs: GISELLE CARTER

Dear GISELLE CARTER ;

I am the attorney for the above named client. I have received an affidavit of service from a process server that a summons and complaint has been served upon you with respect to the above entitled action.

The enclosed copy of the summons and complaint is being forwarded to you by regular mail in accordance with New York State Law.

If you wish to discuss this matter to curtail further litigation, it is suggested that you call this office as soon as conveniently possible.

Your prompt response may lead to a very favorable settlement or payment arrangement.

Very Truly Yours,

Mel S. Harris and Associates, L.L.C.

This is a debt collection firm. This is an attempt to collect a debt. Any information obtained will be used for that purpose. If you have a complaint about the treatment you received from a staff member, please call our hot line, 212-660-1097.
NYC Department of Consumer Affairs License # 1315014