UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GISELLE FRITZ f/k/a GISELLE CARTER     Civil Action No.: 11-CV-3300
On behalf of herself and all others similarly situated,     (FB) (VVP)

       Plaintiff,

  -against-     **THE RESURGENT**
       **DEFENDANTS' ANSWER**
       **TO FIRST-AMENDED**
RESURGENT CAPITAL SERVICES, LP, LVNV FUNDING,   **ORIGINAL COMPLAINT**
LLC, ALEGIS GROUP, LLC, MEL S. HARRIS AND
ASSOCIATES, LLC, and DAVID WALDMAN,

       Defendants.
------------------------------------------------------------------X

   Defendants, Resurgent Capital Services, LP, LVNV Funding, LLC and Alegis Group, LLC (hereinafter, collectively, the "Resurgent Defendants"), by and through their attorneys, Kaufman Dolowich Voluck & Gonzo, LLP, respond to the allegations in the First-Amended Original Complaint (hereinafter the "Complaint") as follows:

### AS TO JURISDICTION AND VENUE

  1. Deny the allegations set forth in Paragraph "1" of the Complaint.

  2. Neither admit nor deny the allegations set forth in Paragraph "2" of the Complaint, which set forth conclusions of law, and respectfully refer all questions of law to the Court.

  3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "3" of the Complaint.

  4. Deny the allegations set forth in Paragraph "4" of the Complaint, except admit that LVNV Funding, LLC is a limited liability corporation organized under the laws of the State of Delaware.

5. Deny the allegations set forth in Paragraph "5" of the Complaint, except admit that Resurgent Capital Services, LP is a limited partnership organized under the laws of the State of Delaware.

6. Deny the allegations set forth in Paragraph "6" of the Complaint, except admit that Alegis Group, LLC is a limited liability corporation organized under the laws of the State of Delaware.

7. Deny the allegations set forth in Paragraph "7" of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "8" of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "10" of the Complaint.

## AS TO THE STATEMENT OF FACTS

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "12" of the Complaint.

13. Neither admit nor deny the allegations set forth in Paragraph "13" of the Complaint and respectfully refer the Court to the pleadings referenced therein for the contents and wording therein.

14. Neither admit nor deny the allegations set forth in Paragraph "14" of the Complaint and respectfully refer the Court to the pleadings referenced therein for the contents and wording therein.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15" of the Complaint.

16. Neither admit nor deny the allegations set forth in Paragraph "16" of the Complaint and respectfully refer the Court to the pleadings referenced therein for the contents and wording therein.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint.

18. Neither admit nor deny the allegations set forth in Paragraph "18" of the Complaint and respectfully refer the Court to the pleadings referenced therein for the contents and wording therein.

19. Neither admit nor deny the allegations set forth in Paragraph "19" of the Complaint, which set forth conclusions of law, and respectfully refer all questions of law to the Court.

20. Neither admit nor deny the allegations set forth in Paragraph "20" of the Complaint and respectfully refer the Court to the pleadings referenced therein for the contents and wording therein.

21. Deny the allegations set forth in Paragraph "21" of the Complaint.

22. Neither admit nor deny the allegations set forth in Paragraph "22" of the Complaint and respectfully refer the Court to the pleadings referenced therein for the contents and wording therein.

23. Deny the allegations set forth in Paragraph "23" of the Complaint.

24. Neither admit nor deny the allegations set forth in Paragraph "24" of the Complaint and respectfully refer the Court to the pleadings referenced therein for the contents and wording therein.

25. Deny the allegations set forth in Paragraph "25" of the Complaint.

26. Neither admit nor deny the allegations set forth in Paragraph "26" of the Complaint and respectfully refer the Court to the documents referenced therein for the contents and wording therein.

27. Neither admit nor deny the allegations set forth in Paragraph "27" of the Complaint and respectfully refer the Court to the pleadings referenced therein for the contents and wording therein.

28. Neither admit nor deny the allegations set forth in Paragraph "28" of the Complaint and respectfully refer the Court to the documents referenced therein for the contents and wording therein.

29. Neither admit nor deny the allegations set forth in Paragraph "29" of the Complaint, which set forth conclusions of law, and respectfully refer all questions of law to the Court.

30. Neither admit nor deny the allegations set forth in Paragraph "30" of the Complaint and respectfully refer the Court to the documents referenced therein for the contents and wording therein.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "31" of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "32" of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "33" of the Complaint.

34. Neither admit nor deny the allegations set forth in Paragraph "34" of the Complaint and respectfully refer the Court to the documents referenced therein for the contents and wording therein.

35. Neither admit nor deny the allegations set forth in Paragraph "35" of the Complaint and respectfully refer the Court to the documents referenced therein for the contents and wording therein.

36. Neither admit nor deny the allegations set forth in Paragraph "36" of the Complaint and respectfully refer the Court to the documents referenced therein for the contents and wording therein.

37. Deny the allegations set forth in Paragraph "37" of the Complaint.

38. Deny the allegations set forth in Paragraph "38" of the Complaint.

## AS TO THE CLASS ACTION ALLEGATIONS

39. Deny the allegations set forth in Paragraph "39" of the Complaint.

40. Deny the allegations set forth in Paragraph "40" of the Complaint.

41. Neither admit nor deny the allegations set forth in Paragraph "41" of the Complaint, which set forth conclusions of law, and respectfully refer all questions of law to the Court.

42. Deny the allegations set forth in Paragraph "42" of the Complaint.

43. Deny the allegations set forth in Paragraph "43" of the Complaint.

44. Deny the allegations set forth in Paragraph "44" of the Complaint.

45. Deny the allegations set forth in Paragraph "45" of the Complaint.

46. Deny the allegations set forth in Paragraph "46" of the Complaint.

## AS TO COUNT #1

47. In response to Paragraph "47" of the Complaint, the Resurgent Defendants restate, reassert and incorporate by reference all responses in Paragraphs "1" to "46."

48. Neither admit nor deny the allegations set forth in Paragraph "48" of the Complaint, which set forth conclusions of law, and respectfully refer all questions of law to the Court.

49. Neither admit nor deny the allegations set forth in Paragraph "49" of the Complaint, which set forth conclusions of law, and respectfully refer all questions of law to the Court.

50. Neither admit nor deny the allegations set forth in Paragraph "50" of the Complaint, which set forth conclusions of law, and respectfully refer all questions of law to the Court.

51. Deny the allegations set forth in Paragraph "51" of the Complaint.

52. Deny the allegations set forth in Paragraph "52" of the Complaint.

53. Deny the allegations set forth in Paragraph "53" of the Complaint.

54. Deny the allegations set forth in Paragraph "54" of the Complaint.

55. Deny the allegations set forth in Paragraph "55" of the Complaint.

56. Deny the allegations set forth in Paragraph "56" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

57. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

58. Plaintiff has suffered no actual damages.

## AS FOR A THIRD AFFIRMATIVE DEFENSE

59. Assuming, *arguendo*, that the Resurgent Defendants violated a statute alleged in the Complaint, which presupposition the Resurgent Defendants deny, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## AS FOR A FOURTH AFFIRMATIVE DEFENSE

60. Any damages sustained by Plaintiff were a result of the acts or omissions of third persons or entities over whom the Resurgent Defendants exercised no control.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

61. The claims in the Complaint are barred, in whole or in part, by the applicable statute(s) of limitations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

62. Any alleged false statements made by the Resurgent Defendants (such falsity being expressly denied) were, nonetheless, not material and, as such, not actionable.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

63. Plaintiff lacks standing to maintain this action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

64. The claims for relief alleged in the Complaint are barred, in whole or in part, by the *Rooker-Feldman* and/or abstention doctrines.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

65. This action may not be maintained as a class action pursuant to Fed. R. Civ. P. 23.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

66. The Resurgent Defendants are not vicariously liable for any alleged violation of the FDCPA.

## DEFENSES RESERVED

67. The foregoing affirmative defenses are raised by the Resurgent Defendants without waiver of any other defenses that may develop during the course of discovery and the Resurgent Defendants reserve their right to amend and/or supplement their Answer to assert such additional defenses as they become available.

WHEREFORE, the Resurgent Defendants demand judgment dismissing the Complaint and each and every cause of action alleged therein and for such other, further and different relief as to this Court may seem just and proper, including costs and attorney's fees.

Dated: Woodbury, New York
       November 14, 2011

> Very truly yours,
> KAUFMAN DOLOWICH VOLUCK & GONZO LLP
>
> By: Brett A. Scher
>     Yale Pollack
> Attorneys for Defendants
> RESURGENT CAPITAL SERVICES, LP,
> LVNV FUNDING, LLC, and ALEGIS GROUP, LLC
> 135 Crossways Park Drive, Suite 201
> Woodbury, NY 11797
> (516) 681-1100

ND: 4821-7960-3981, v. 1