

KAUFMAN DOLOWICH VOLUCK & GONZO LLP

ATTORNEYS AT LAW

135 CROSSWAYS PARK DRIVE, SUITE 201
WOODBURY, NEW YORK 11797
PHONE: 516.681.1100
FAX: 516.681.1101
WWW.KDVGLAW.COM

May 14, 2012

**VIA ECF**

Hon. Viktor V. Pohorelsky
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Fritz v. Resurgent Capital Services, LP, et. al.
              Case No. CV 11-CV-3300 (FB) (VVP)

Dear Magistrate Judge Pohorelsky:

     We represent the defendants with respect to this putative class action under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq. ("FDCPA"). We write in response to Plaintiffs' untimely request to amend the complaint, yet again. As this Court is aware, Judge Block has already granted Defendants permission to move for dismissal of the Amended Complaint in its entirety based upon a "materiality" defense – more specifically, that the Amended Complaint sought to exploit the FDCPA by relying upon a technical violation which was neither materially false or misleading. Plaintiff opposed that application and also opposed Defendants' request for a stay of discovery pending the resolution of the motion. Over Plaintiff's objection and after a pre-motion conference on February 15, 2012, Judge Block granted Defendants' application allowing them to proceed with a motion to dismiss and limiting Plaintiff's discovery to "class certification" issues. See ECF Minute Entry for February 15, 2012. Thereafter Plaintiff served her "class certification" discovery and Defendants responded in accordance with Your Honor's directives set forth during a conference held on February 15th as well. See ECF Docket No. 20.

     Now, approximately three months after the conference before Judge Block granting Defendants permission to move to dismiss and limiting discovery, Plaintiff seeks to amend her complaint, yet again. Pursuant to a scheduling order entered into by the parties (at Judge Block's direction), Plaintiff was authorized to file a pre-motion conference request on a motion to amend no later than April 17, 2012. See ECF Docket No. 21. Plaintiff, however, did not file his current pre-motion letter until May 7, 2012 (after two prior failed attempts to file a pre-motion letter).

     Plaintiff apparently seeks to file a Second Amended Complaint to: (a) add additional plaintiffs; (b) add Resurgent Capital Services, LLC as a defendant; and (c) add a state law claim under General Business Law §349 for "deceptive business practices" apparently in an effort to expand the size the putative class. The changes to the Second Amended Complaint, despite the addition of "new" claims and parties, still fail to resolve the fatal flaw in the first two complaints – the inability to plead or prove materiality. The claims are also subject to dismissal on grounds of collateral estoppel – as the issues that are the subject of Plaintiff's FDCPA and NY GBL were decided against her in underlying state court proceedings, as well as raising possible abstention issues.

Hon. Viktor V. Pohorelsky
May 14, 2012
Page 2

    Despite the futility of the proposed amendments, Defendants do not oppose Plaintiffs' request to amend,[1] subject to the following: (1) Defendants are provided thirty days to file a motion to dismiss the Second Amended Complaint (or a request for a pre-motion conference if Judge Block believes that it is necessary); (2) the limitations on discovery imposed by Your Honor and Judge Block (ECF Docket Minute Entry 2/15/12 and No. 20) remain in effect until the Court rules on Defendants' motion to dismiss;[2] and (3) no further amendments to the complaint are allowed until after the Court rules on the motion to dismiss.

                                                    Very truly yours,
                                                  Kaufman Dolowich Voluck & Gonzo LLP

                                                  By: _____
                                                        Brett A. Scher

Encl.

cc:    Ahmad Keshavarz, Esq. (*via ECF*)

ND: 4832-6662-1199, v. 1

---

[1] It should be noted that Defendants have repeatedly advised Plaintiff that it would consider its request to amend (and the possibility of not opposing such a request if Plaintiff provided us with the proposed pleading). See Exhibit A annexed hereto – email to Plaintiff's counsel dated April 11, 2012, confirming that "[a]s we have discussed in the past, if you have proposed pleading, provide it to us so we can determine whether we will consent to the amendment."

[2] As noted in our prior motions, Plaintiff has repeatedly attempted to pursue discovery beyond the scope of permissible "class certification" issues to drive up litigation costs and "harass" Defendants into settling the case. The current motion to amend months into the briefing process on a motion to dismiss further confirms that Plaintiff appears intent on forcing the defendants to incur additional litigation costs.