## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Giselle Fritz f/k/a Giselle Carter | § | |
| Evan Davis | § | Case No.:  **1:11-cv-03300-FB-VVP** |
| Jason Spiegel-Grote | § | |
| Patricia Casertano | § | |
| On behalf of themselves and all others | § | |
| similarly situated | § | |
| Plaintiffs | § | |
| v. | § | |
| Resurgent Capital Services, LP | § | |
| LVNV Funding, LLC | § | |
| Alegis Group, LLC | § | |
| Mel S. Harris And Associates, LLC | § | |
| David Waldman | § | |
| Resurgent Capital Services, LLC | | |
| Defendants | | |

## PLAINTIFFS' SECOND-AMENDED COMPLAINT AND JURY DEMAND

Plaintiffs, Giselle Fritz f/k/a Giselle Carter, Evan Davis, Jason Spiegel-Grote, and Patricia Casertano on behalf of themselves and all others similarly situated, bring suit against Defendants for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (the "FDCPA"), and N.Y. Gen. Bus. Law § 349 *et seq.* for systematically filing and prosecuting thousands of collection lawsuits without having a license or standing to do so, for making deceptive and misleading representations in dunning letters and other written communications with alleged debtors, and for making misrepresentations in submissions to Credit Reporting Agencies .

## A.   JURISDICTION AND VENUE

1.   The Court has federal question jurisdiction over the lawsuit because the action arises under

1

the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.*, (FDCPA).  Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.   The court has supplemental jurisdiction under 28 U.S.C. §1367 over plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue in this District is proper because all or a substantial part of the events or omissions giving rise to their claims occurred in Kings County, New York for Plaintiffs Giselle Fritz , Jason Spiegel-Grote, Patricia Casertano; and Queens County, New York for Plaintiff Evan Davis.

3.      Plaintiffs Giselle Fritz f/k/a Giselle Carter, Jason Spiegel-Grote,  Evan Davis,  and Patricia Casertano are individuals who reside in Kings County, New York. Plaintiff Evan Davis is an individual who resides in Queens County, New York.

4.      Defendant LVNV FUNDING LLC, is a limited liability corporation, organized under the laws of the State of Delaware. Said Defendant engages in business in New York but does not maintain a designated agent for service of process in New York. This suit arose out of said Defendant's business in  New York.  Therefore, LVNV FUNDING LLC, may be served by and through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

5.      Defendant RESURGENT CAPITAL SERVICES, *LP* is a limited partnership organized under the laws of the State of Delaware. Said Defendant engages in business in New York but does not maintain a designated agent for service of process in New York. This suit arose out of

2

said Defendant's business in New York.  Therefore, RESURGENT CAPITAL SERVICES, LP, may be served by and through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231. The New York Secretary of State may then forward a copy of the summons and complaint to the address it has on file for said Defendant, Resurgent Capital Services L.P., P.O. Box 770549, Houston, TX, 77215 (Harris County).

6.     Defendant RESURGENT CAPITAL SERVICES *LLC*, is a limited liability corporation, organized under the laws of the State of Delaware. Said Defendant engages in business in New York but does not maintain a designated agent for service of process in  New York. This suit arose out of said Defendant's business in New York.  Therefore, RESURGENT CAPITAL SERVICES LLC, may be served by and through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231. The New York Secretary of State may then forward a copy of the summons and complaint to the address the Delaware Secretary of State has on file as the registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., New Castle, DE 19801 (Wilmington County).

7.     Alegis Group, LLC  is the general partner of Resurgent Capital Services, LP and thus is liable for the debt collection violations and other actions of Resurgent Capital Services, LP. Defendant Alegis is a limited a limited liability corporation, organized under the laws of the State of Delaware. Said Defendant engages in business in New York but does not maintain a designated agent for service of process in New York. This suit arose out of said Defendant's business in New York.  Therefore, Alegis Group, LLC, may be served by and through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231. The New York Secretary of State may then forward a copy of the summons and complaint to Defendant by and

Last printed 0/0/0000 0:00:00 AM

through its Delaware registered The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801 (New Castle County).

8.   The court has jurisdiction over LVNV FUNDING LLC, RESURGENT CAPITAL SERVICES, LP, RESURGENT CAPITAL SERVICES, LLC, and Alegis Group, LLC, nonresidents, because they, in person or through agents, transact business within the state of New York; committed a tortious act in the state of New York causing injury to person; committed a tortious act in the state of New York and 1) regularly do or solicit business, or engage in other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered, in the state; 2) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; and/or 3) expect or should reasonably expect their acts to have consequences in the state and derive substantial revenue from interstate or international commerce.

9.   Defendant MEL S. HARRIS AND ASSOCIATES, LLC is a limited liability corporation organized under the laws of the State of New York, with its principle place of business at 5 Hanover Square, 8th Floor, New York, NY 10004. It may be served by and through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

10.   Defendant David Waldman is an individual who, on information and belief, resides in the State of New York. He may be served at his place of employment, MEL S. HARRIS AND ASSOCIATES, LLC, 5 Hanover Square, 8th Floor, New York, NY 10004, or wherever he may be found.

11.   All conditions precedent necessary to maintain this action have been performed or have

Last printed 0/0/0000 0:00:00 AM

occurred.

## B.   NATURE OF THE CLAIMS

### a.  *Overview*

12.   This lawsuit primarily involves Defendants' false representations that debt owned by LVNV is in fact owned by Resurgent Capital Services, LLC.  These misrepresentations include the filing, maintaining, and prosecuting of hundreds of illegal collection lawsuits in the name of Resurgent Capital Services, LLC; and the sending of thousands of written communications falsely stating that Resurgent Capital Services, LLC was the purchaser, assignee and/or owner of consumer debts. These communications include initial written communications that failed to identify LVNV as the creditor to whom the alleged debt was owed. Resurgent and LVNV also communicated credit information to Credit Reporting Agencies which they knew or should have known to be false.

13.   By filing illegal debt collection litigation under the name of Resurgent Capital Services, LLC, all Defendants inflicted damage on thousands of unsuspecting consumers in New York State. Without limitation, this damage to the class and subclass includes taking money from consumers under threat of litigation and judgment when the debt collector did not have the legal right to institute suit on its behalf. The damage also includes the time spent and costs incurred by consumers to defend against meritless collection lawsuits that should never have been filed and should never have been prosecuted.

14.   Of course, to the degree the Harris Defendants contend that their signing of false statements

5

of fact in their written communications was inadvertent, they would be defending this FDCPA action by asserting they did not perform a meaningful review of the written communications they sent, which itself is a violation of the FDCPA.

### b. Relationship of Defendants

15.    The relationship between Resurgent Capital Services, LP, LVNV Funding, LLC, and Alegis Group, LLC is well explained in the attached Cease and Desist Order issued by the Maryland State Collection Agency Licensing Board dated October 25, 2011. *Exhibit A*. The Order is incorporated by reference in its entirety.

16.    Resurgent Capital Services, LP acts as the master servicer for charged off consumer debt owned by LVNV, servicing, administering, and collecting LVNV's charged-off receivables. Alegis Group, LLC is the general partner for Resurgent Capital Services, LP.   Alegis is responsible for the management of Resurgent Capital Services, LP.

17.    There is an elaborate interlocking relationship of various corporations and partnerships managed and controlled by a handful of individuals.[1] Sherman Financial Group, the corporate owner and operator of these interlocking entities reported in 2006 total assets of $1.204 billion and a net income of $347 million.

---

[1] Specifically, on page 7 the Order made the following finding. "Benjamin W. Navarro, Leslie G. Gutierrez, Scott E. Silver, Kevin P. Branigan, and Robert A. Roderick (collectively, the "individual Respondents") own, manage, direct, operate, supervise, and oversee the business activities of all of the Respondent business entities, which are all interrelated in a complex business structure focusing primarily on the collection of consumer debt… LVNV's business and affairs are managed under the direction and control of a Board of Managers. Benjamin W. Navarro is the General Manager of LVNV; this position is responsible for supervising the day-to-day operations of LVNV. Other managers and officers of LVNV include Kevin P. Branigan, President; Scott E. Silver, Secretary; and Leslie G. Gutierrez, Chief Financial Officer."

18.     By having LVNV hold the assets while its master servicer and agent Resurgent takes the active steps in collection, LVNV has sought to minimize its exposure to class action statutory damages. The FDCPA limits class action statutory damages to the lesser of $500,000 or 1 percent of net worth of the debt collector. 15 U.S.C. 1692k(a)(2)(B)(ii).  When sued for FDCPA violations, LVNV seeks to use Resurgent as a shield. LVNV argues Resurgent took the affirmative actions and LVNV should not be held responsible for those actions.  Indeed, LVNV makes this argument in this very case in its pre-motion letter seeking to file a motion for judgment on the pleadings. DE 17 p. 3 ¶ 3 (Plaintiff "does not allege it [LVNV] did anything in violation of the FDCPA.").

19.     Resurgent also acts as the intermediary between LVNV and the credit reporting agencies,[2] reporting debts allegedly owed to LVNV by consumers to those agencies. A consumer viewing his credit report will see a debt listed as being owed to LVNV, with no indication of Resurgent's involvement in the credit reporting process nor its efforts to collect on the underlying debt through written communications in which it claims to own the same debt listed for LVNV.

20.     Defendant Alegis Group, LLC is a general partner of Resurgent and is jointly and severally liable for the debt collection violations of Resurgent.

21.     LVNV Funding, LLC purchases hundreds of thousands of charged of consumer accounts for pennies on the dollar. LVNV Funding, LLC owns title to the debts.

22.     Resurgent Capital Services, LP is the master servicer for LVNV.  Resurgent is assigned rights to seek to collect the charged off consumer debts, but is not assigned title or ownership to

_____

2  This is based on testimony by LVNV and Resurgent in other FDCPA lawsuits.

the debt, which remains with LVNV. At all times Resurgent Capital Services, LP was acting as the agent and purported master servicer of LVNV in seeking to collect alleged debts.

23.    In addition to collecting directly, Resurgent Capital Services, LP in turn retains sub-servicers and, on information, exercises control or has a right to exercise control over the sub-servicers, including the law firms it retains.

24.    Resurgent Capital Services, LLC (the "LLC") is an entity related to Resurgent Capital Services, LP (the "LP").  Although the LP is the master servicer, nearly all of the collection suits at issue in this case were filed in the name of the LLC.[3]  The LLC, the LP and LVNV are engaged in a joint venture to collect debts owned by LVNV.

25.    The LLC, the LP, LVNV, and Harris are debt collectors that are required to be licensed by the New York City Department of Consumer Affairs, pursuant to NYCAC § 20-490.

26.    Having a license is a condition precedent to being able to legally collect a debt in New York City for a debt collector governed by NYCAC § 20-490.

27.    However, the LLC has never had a debt collection license. The debt collection lawsuits filed in the name of Resurgent LLC affirmatively misrepresented that Resurgent LLC had a debt collection license. The license number listed on the complaints of named plaintiffs, however, are that of LVNV.

28.    The licensing requirement forces debt collectors to disclose whether any of the individual shareholders or officers have been convicted of a crime; and to disclose whether they are

---

3 At least some of the suits – particularly those filed 2008 or earlier – appear to be filed under the name of Resurgent LP. All of the physical files reviewed by the undersigned for cases filed in 2010 list Resurgent LLC.

currently subject to a lawsuit, have had judgments rendered against them or have outstanding unpaid judgments. The licensing process helps to flag rogue, abusive debt collectors.

29.    Plaintiffs filed the Original Complaint in this action on July 8, 2011. Defendants became aware of the lawsuit a few days later and called counsels for Plaintiffs. Therefore, Defendants were indisputably on notice of the claims brought by way of this suit no later than July, 2011. Despite that, Defendants have continued to willfully violate the rights of putative class members.

      c.   **What Defendants admit about class size so far**.

30.    The Harris Defendants have stated in response to interrogatories that the size of the class for one year prior to the filing of this action is as follows.

- 483 individuals in NY were served a summons and complaint which falsely asserted that Resurgent LLC was the purchaser and assignee of the putative debt;

- 757 individuals in NY were named as defendants in collection suit that falsely asserted that Resurgent LLC was the purchaser and assignee of the putative debt;

- 400  suits had  a motion to amend the caption to replace Resurgent with LVNV filed;

- 8,978 individuals in NY were sent written communications falsely stating Resurgent LLC was the purchaser and assignee of the putative debt;

31.    This amended complaint expands the class from one to three years prior to the filing of this action for violations of NY General Business Law § 349.

      d.   **Resurgent has filed collection lawsuits that it had no right to file using Mel Harris**

9

**and other firms. No later than 2006, the Defendants had notice of the illegality of
this practice, but continued to instruct their collection attorneys to file suit in
Resurgent's name.**

32.     Attached as *Exhibit B* are docket sheets from civil court cases as reflected on e-Courts (www.
http://iapps.courts.state.ny.us.com).  These dockets demonstrate that at least since 2006, Resurgent
has been illegally filing debt-collection lawsuits  in its own name when in fact it does not own the
debts.

33.     Defendants imply [DE 17] that their actions were incidental mistakes made by Harris. In
addition to the FDCPA being a strict liability statute, two things should be noted. First, as
demonstrated by the attached *Exhibit B*, Resurgent LLC has many times over the years and with
different collection law firms filed collections lawsuits in its own name. This is not an isolated
incident limited to Harris. Resurgent's long running practice across many firms goes as far back at
least as far as 2006.

34.     Second, as long ago as September 21, 2006, Hon. Mary M. Werner of the Supreme Court of
the State of New York, Suffolk County, denied a motion by Resurgent Capital Services, LP for
summary judgment on a consumer credit action based on the submissions that showed Resurgent to
be only the "servicer" of the account and not the present owner of the debt at issue.  *Resurgent
Capital Services, LP v. Karen M. Severs*, [N.Y. Dist. Ct., Suffolk Co., Index No. 5827-06]. This
decision is attached as *Exhibit C*.

35.     Within one year of the filing of this action, Harris, Waldman, and Resurgent have filed
hundreds of collections lawsuits in New York with the false representation that the consumer is
indebted to Resurgent and that Resurgent is the "purchaser and assignee" of alleged consumer
debts when the very records of Harris and Resurgent demonstrated that the accounts were owned

solely by a different debt collector, LVNV Funding, LLC ("LVNV").

## C.   THE CLASS MEMBERS

36.   In describing the debt collection litigation brought against the named plaintiffs, it is assumed, arguendo, that the sales and assignment documents are accurate. This is not to suggest that there are not defects in evidence in these collection lawsuits, such as incomplete assignments, or failure to tie a general assignment to a specific consumer, or to provide evidence of the putative credit agreement.

### e.   *Named Plaintiff Giselle Fritz f/k/a Giselle Carter*

37.   Defendant Mel S. Harris and Associates, LLC ("Harris") is a debt collection law firm that files thousands of lawsuits each year seeking to collect alleged debts incurred primarily for personal, family, or household purposes.

38.   On October 7, 2010 Harris filed a collections lawsuit against now-plaintiff Giselle Fritz f/k/a Giselle Carter in <u>Resurgent Capital Services, LLC v. Giselle Carter</u>, Index No. <u>092790-10/KI</u>.

39.   The summons and complaint were signed by attorney David Waldman ("Waldman") on behalf of the firm.

40.   The Waldman signatures on the summons and complaint were dated September 16, 2010.

41.    The summons and complaint were filed on October 7, 2010.

42.   The lawsuit sought to collect an alleged Levitz Furniture Store credit card account used for

11

the purchase of furniture for personal, family or household use.

43.    Many years ago, plaintiff in fact did have a Levitz Furniture Store card that she used to purchase household furniture. Payments for the furniture were to be divided between plaintiff and the father of plaintiff's child. Plaintiff made her share of the payments. She and the father separated, and apparently he did not make the payments to which he agreed. While this was several years ago, plaintiff's recollection is that the account was paid down to approximately $300, and it was that amount that the father was supposed to pay. Plaintiff was contacted by a debt collector for the account. She offered to pay them the $300 balance she recalled being on the account, but the debt collector stated she needed to pay approximately $1,400. This was money plaintiff did not have. Plaintiff is low income. Plaintiff's daughter was born with disabilities that became progressively more debilitating. This required plaintiff's constant attention, making it difficult for plaintiff to obtain and sustain employment.

44.    Remarkably, the collections lawsuit filed by Harris on behalf of Resurgent stated that the amount due was $2,034.00, plus interest beginning from 12/31/2008. This is nearly 600 percent greater than the amount plaintiff recalls owing on the putative debt.

45.    Ms. Fritz was confused by the lawsuit. The amount of the debt was entirely different from her recollection of the Levitz account. Ms. Fritz had no idea if the account number related to her account. Most importantly, Ms. Fritz did not know who Resurgent was, as she never had any prior dealings or communications with that company. The collections lawsuit stated, "Plaintiff, as purchaser and assignee of the account herein, owns and retains all beneficial rights and interests therein."

46.    This statement is false. The only plaintiff in the collections lawsuit, Resurgent Capital

Services, LLC ("Resurgent") was *not* the "purchaser and assignee" of the alleged account, nor

did it "own and retain all beneficial rights in interests therein." As such, Resurgent and Harris's

statements in the complaint were false.  Moreover, Resurgent did not have standing to legally

file, continue, or prosecute suit in its own name seeking to collect the alleged debts.

47.    Further, Resurgent demanded judgment in its name plus court costs. Specifically, the

complaint states, "Plaintiff [Resurgent] demands judgment against the defendant(s) for the sum

of $2,181,86 plus interest from 10/31/2008, plus costs of this action." Resurgent had no right to

judgment nor to costs of action as they has no standing to file suit in the first instance.

48.    The summons made similar demands, stating, "upon your failure to answer, judgment will

be taken against you [in the name of Resurgent] for the sum of $2,181,86 plus interest from

10/31/2008, plus costs of this action."

49.    A true and correct copy of the summons and complaint is attached to this complaint as

*Exhibit D* and incorporated by reference in its entirety.

50.    At the same time that Resurgent was prosecuting suit in its own name, falsely claiming that

it owned the putative debt, Resurgent was also reporting to Ms. Fritz's credit reporting agencies

that she in fact owed that debt to LVNV.

51.    The collections lawsuit against Ms. Fritz affirmatively misrepresented that Resurgent LLC

had a debt collection license. The license number listed on the complaint, however, was that of

LVNV.

52.    The Defendants also illegally inflated by at least $160 the putative debts of Ms. Fritz and

Last printed 0/0/0000 0:00:00 AM

all class members Resurgent sued in their reports to Credit Reporting Agencies. This communication of credit information was false and also a misrepresentation which would confuse the least sophisticated consumers regarding whether the debts were legitimately claimed against them.

53.   Resurgent contended in its complaint that the amount due was "$2,181.86 plus interest from 10/31/2008." Post breach interest is 9% by operation of law.

54.   However, LVNV, through its master servicer Resurgent, LP reported on Ms. Fritz's Equifax and TransUnion credit reports that Ms. Fritz owed LVNV $2,838 as of May, 2011. With a principal amount of $2,181,86 with a 9 percent interest rate beginning 10/31/2008, the amount due in May, 2011 is just $2,678, a difference of approximately $160.[4] That $160 number is the same amount that *Resurgent* (or Harris) would have incurred in the suit against Ms. Fritz for the index number fee ($45) and the consumer credit fee ($95), and the service fee ($20) that Resurgent was claiming in the judgments it was obtaining in similar suits.[5]

55.   Apparently LVNV is rolling into the amount allegedly due some of the court costs, disbursements, or other expenses related to the collections lawsuits that *Resurgent* filed against Ms. Fritz and all other class members sued by Resurgent, and reporting this total to the Credit Reporting Agencies as owed to LVNV even if 1) suit was illegally filed in the name of Resurgent, not LVNV; and 2) the judgment was not rendered against the consumer, for example if the case was discontinued.

---

4 The TransUnion and Experian credit reports do not specify which day in May, 2011 LVNV is reporting the amount due. The calculation in this complaint assumes a date of May 11, 2011.
5 For example, when Resurgent moved to enter judgment on May 31, 2011 and the clerk entered judgment on July 6, 2011 against class member Ricardo White (Index No. CV-102490-10), Resurgent claimed and obtained a $20 fee for service of the summons.

56.   On or about March 9, 2011, Harris and Resurgent LLC filed in state court what it styled as "Motion to Amend Caption." This motion effectively acknowledged that Harris and Resurgent LLC had falsely commenced suit in Resurgent's  name. A true and correct copy of the motion, affirmation, and exhibits to the motion are attached as *Exhibit E* to this complaint, and are incorporated by reference in their entirety.

57.   Harris and Resurgent LLC sought to "amend" the caption of the suit to substitute LVNV as the plaintiff for Resurgent, rather than dismissing the improper suit and having LVNV file suit in its own name.

58.   Harris and Resurgent LLC stated in their motion that they sought to amend the caption of the collections lawsuit "to reflect that LVNV Funding, LLC [is the] purchaser and assignee of the account herein, and owns and retains all beneficial rights and interests therein." The affirmation in support of the motion further states "LVNV Funding LLC… is the owner of the account and is entitled to have the caption of the case amended to reflect its sole ownership of all right, title and interest therein."

59.   The certificate of service on the motion to amend asserts it was mailed to Fritz on April 21, 2011.

60.   The motion to amend that was mailed to Plaintiff included as an exhibit a copy of the complaint.

61.   Plaintiff received a copy of the motion to amend and the complaint that was attached thereto.

62.   Resurgent LLC's motion to amend was granted, but on default. As the order was not a

15

judgment, it has no res judicata or collateral estoppel effect. Moreover, an order granted on default is not an adjudication on the merits of the motion.

63.     Fritz filed a motion to dismiss in the collections lawsuit for failure to serve the complaint in the manner required by the CPLR.

64.     Harris and Resurgent LLC opposed the motion.  In their Response they attached certain exhibits, which in turn are attached to this complaint as *Exhibit F* and are incorporated by reference in their entirety.

65.     Harris and Resurgent LLC claimed that the collection letters included in Exhibit F were mailed to Fritz. The initial communication, dated 5/27/2010, does not identify LVNV as the current creditor, and indeed, does not refer to LVNV in any way.

66.     On June 23, 2011 the civil court judge set the case for a Traverse hearing.

67.     On or about July 6, 2011 the parties in the collections lawsuit signed and filed a stipulation of discontinuance without prejudice.

   **f.   *Named Plaintiff Evan Davis***

68.     On or about August 27, 2010 Resurgent LLC sued Evan Davis in Queens Civil Court (Index no. CV-100450-10/QU). The signatures of Harris on the summons and complaint are dated July 26, 2010. *Exhibit G.*

69.     As with other class members, in the complaint Resurgent LLC demanded judgment in its name plus court costs. The summons stated if Mr. Davis did not answer, Resurgent LLC would take judgment in its own name, plus costs of action. Resurgent had no legal right to judgment or

costs of action.

70.    Resurgent was not the purchaser, assignee or owner of the alleged account, nor did it own or retain beneficial rights in interests therein.  As such, Resurgent and Harris's statements in the complaint were false.  Moreover, Resurgent did not have standing to legally file, continue, or prosecute suit in its own name seeking to collect the alleged debts.

71.    A judgment is a powerful collection tool. With a judgment, Resurgent LLC could garnish the consumer's bank account, garnish the consumer's wages, and assert a lien the consumer's property for 20 years. A judgment also gives Resurgent LLC much more leverage in driving down a consumer's credit score (in relation to merely showing a delinquent account). Resurgent LLC's threatening or seeking a judgment in its name is, therefore, a powerful tool in extracting money from New York consumers.

72.    On October 26, 2010, Mr. Davis, through his counsel, filed an answer. The answer specifically denied the collection lawsuit's allegation that Resurgent LLC was the purchaser and assignee of the account, and owns all beneficial rights and interests therein.

73.    Even to this day, Defendants have continued maintaining the collection lawsuit in the name of Resurgent against Mr. Davis, despite being sued 9 months ago in this class action for this conduct.

74.    The collections lawsuit against Evan Davis affirmatively misrepresented that Resurgent LLC had a debt collection license. The license number listed on the complaint, however, was that of LVNV.

   g.  *Named Plaintiff Jason Spiegel-Grote*

75.     On October 7, 2010, Resurgent LLC, through Defendant Harris, filed a collections lawsuit against Named Plaintiff Jason Spiegel-Grote (Index no. CV-092782-10/KI). Defendant Waldman signed the summons and complaint, dated September 23, 2010. *Exhibit O*.

76.     As with other class members, in the complaint Resurgent LLC demanded judgment in its name plus court costs. The summons stated if Mr. Spiegel-Grote did not answer, Resurgent LLC would take judgment in its own name, plus costs of action. Resurgent LLC had no legal right to judgment or costs of action.

77.     Resurgent was not the purchaser, assignee or owner of the alleged account, nor did it own or retain beneficial rights in interests therein.  As such, Resurgent and Harris's statements in the complaint were false.  Moreover, Resurgent did not have standing to legally file, continue, or prosecute suit in its own name seeking to collect the alleged debts.

78.     Resurgent LLC's threats forced Mr. Spiegel-Grote to retain counsel to negotiate the claim, to serve information demands, and then to file a formal answer in court.

79.     The collections lawsuit against Mr. Spiegel-Grote affirmatively misrepresented that Resurgent LLC had a debt collection license. The license number listed on the complaint, however, was that of LVNV.

### h.  Patricia Casertano

80.     On September 9, 2010 Resurgent LLC through Harris filed a collections lawsuit against Named Plaintiff Patricia Casertano (Index no.  CV-083434-10/KI).  Defendant Waldman signed the summons complaint dated August 26, 2010. *Exhibit P*.

81.     As with other class members, in the complaint Resurgent demanded judgment in its name

18

plus court costs. The summons stated if Ms. Casertano did not answer, Resurgent LLC would take judgment in its own name, plus costs of action. Resurgent LLC had no legal right to judgment or costs of action.

82.   Resurgent was not the purchaser, assignee or owner of the alleged account, nor did it own or retain beneficial rights in interests therein.  As such, Resurgent and Harris's statements in the complaint were false.  Moreover, Resurgent did not have standing to legally file, continue, or prosecute suit in its own name seeking to collect the alleged debts.

83.   Ms. Casertano did not appear in the Resurgent LLC action and Resurgent did not move to amend the caption.  As of today, Ms. Casertano is in default in this action and Resurgent LLC can apply for a judgment in their name at any time.

84.   In spite of having already commenced an action in the name of Resurgent LLC, on April 12, 2012, LVNV Funding, LLC sued Ms. Casertano claiming ownership of the same HSBC Best Buy account on which Resurgent LLC had sued. *Exhibit P.* This matter is currently open and active, Index Number CV-012353-12/KI. Harris is the attorney on both the Resurgent LLC case and the LVNV case.

85.   Suing Ms. Casertano in the name of both Resurgent and LVNV for the same debt is not just illegal; it would also confuse the least sophisticated consumer about to whom the debt was owed, and it put Ms. Casertano at risk of paying twice for a single debt.

86.   The Resurgent LLC lawsuit against Ms. Casertano affirmatively misrepresented that Resurgent LLC had a debt collection license. The license number listed on the Resurgent LLC complaint, however, was that of LVNV.

#### i.        Other class and subclass members

87.    The acts of Defendants towards other class and subclass members demonstrate how and why their acts against the named plaintiffs demonstrate a common scheme and plan to systematically take money from consumers through litigation or threats of litigation while concealing from consumers the lack of a legal basis for Resurgent to threaten or file suit. This also demonstrates that the acts of Defendants are not "innocent mistakes," but part of a plan to attempt to minimize the exposure for their violations of the FDCPA. In any case, the FDCPA is a strict liability statute.

####    h.  **Even on default, many courts denied Defendants' motion to amend caption as a method not allowed under NY state law to substitute plaintiffs, demonstrating that defendants were intentionally taking actions they knew were not allowed by law.**

88.    An extensive but incomplete review of the orders on motions to amend caption demonstrate that the orders were all rendered on default. Despite the motions being on default, civil court judges still repeatedly denied the motions to amend, noting that due process requires suit by the proper party and that this was a method of substituting parties not allowed by law.

89.    As far as can be determined through a partial review of the court files, and without any discovery against Defendants conducted on the matter, Defendants filed motions to amend caption *at least* as early as November 2, 2010. Resurgent Capital Services LLC v. Kenneth Taylor (Index # CV-63537-10/KI).  Motion to amend is attached as *Exhibit H*.

90.    Despite the repeated orders denying the motions, Defendants' pattern and practice is to seek to amend the caption knowing this is an act not allowed by law. Defendants knew and specifically intended that the vast majority of these motions would be ruled upon on default against *pro se* consumers. Each time the motion was granted on default, Defendants had hoped to save the $160 it

20

would cost to re-file suit in the name of the proper plaintiff.

91.    Even when Resurgent LLC lost its motion to amend suit, many times it simply continued the
case in the wrong name. For example, on January 1, 25, 2011 Judge Maureen A. Healy, denied,
even on default, a motion to amend caption against Juan Alvarez, (Index no. CV-92106-10/QU).
Judge Healy ruled, "There is no indication that plaintiff has standing to bring this suit or to amend
the caption…"  Incredibly, after losing the motion to amend, Resurgent LLC then moved for default
judgment in its own name!  The judgment clerk rejected the request for judgment noting the motion
to amend suit caption was denied. *Exhibit I*. With the Resurgent LLC case still open, LVNV,
through Harris, then filed suit in the name of LVNV for the same debt.[6]

92.    Similarly, on December 8, 2010, Civil Judge Robin S. Garson denied a motion to amend
against *pro se* class member Lorena Melendez (Index no. CV-69176-10/KI). Judge Garson ruled,
"The named plaintiff [Resurgent LLC] and the proposed plaintiff [LVNV] do not appear to have a
relationship; the proposed plaintiff is not the successor in interest, does not appear in a
representative capacity in any way that permits this relief." *Exhibit I*. Despite the denial, Resurgent
LLC and Harris have kept this case open, perhaps to seek default in the future as it attempted
against class member Juan Alvarez or to otherwise pressure him to pay the alleged debt.

93.    Even the text of the form orders submitted by Harris on its motion to amend caption were
deceptive. The proposed orders intentionally left out the important fact that they were granted on
default. Harris did this with the specific intent of attempting to conceal from the face of the court

---

6 As if this were not absurd enough, Resurgent LLC itself filed two separate collection lawsuits against Juan
Alvarez seeking to collect the same account. Index no. CV-100449-10/QU and CV-092106-10/QU. A subsequent
suit by LVNV for the same debt was is third suit for the same debt in Index no. CV-077894-11/QU. Both of the
Resurgent LLC cases remain open. Harris represents Resurgent and LVNV in all three cases.

file that the motion was granted on default. A ruling on default is not a ruling on the merits. By attempting to conceal that the order was on default, Defendants were attempting to make it more difficult for consumers to challenge the order by future motion.

> i. **The Defendants moved to "amend" the complaint (as opposed to properly discontinuing and refiling) to avoid paying out of pocket case expenses.**

94.  Defendants' attempt to "amend the caption" were not attempts to minimize the harm they inflicted by filing illegal collection suits. Rather, the filing of the motions to amend was an attempt to avoid having to incur the out of pocket expenses for the purchase of the index number ($45), pay the consumer credit fee ($95), the service fee ($20), or the enforcement fee ($40). For civil court cases of less than $6,000, the out of pocket costs and disbursements would be $200.[7] According to Defendants' answer to class size discovery, Defendants improperly filed 757 lawsuits under the name of Resurgent within one year of the filing of this action. Defendants wanted to avoid spending the costs and expenses of refilling those cases, which total approximately $154,000.

95.  Civil Judge Anna Culley readily realized that Defendants' attempting to save on court costs was the impetus to move to amend as opposed to discontinuing and re-filing with the proper party plaintiff:

> Plaintiff's counsel's motion to amend the caption to reflect the proper plaintiff in this matter is denied. Plaintiff's counsel is seeking to change the name of plaintiff from Resurgent Capital Services, LLC to LVNV Funding, LLC based on counsel's mistake as to which entity was the correct assignee of the account in question. This change in the name is not just to correct a misnomer but changes the entity at issue. It appears that plaintiff's counsel is seeking to institute a new lawsuit with the proper parties ***without having to purchase a new index number and serve the defendant***.
>
> Based on the foregoing, the motion is denied and plaintiff may recommence the

---

7 For example, in obtaining default judgment on July 6, 2011 against class member Ricardo White (Index No. CV-102490-10), Resurgent had $200 in out of pocket costs and expenses for the index fee ($45), consumer credit fee ($95), service fee ($20), enforcement fee ($40). Resurgent was also awarded cost by statute of $20.

Last printed 0/0/0000 0:00:00 AM

action with the proper plaintiff, if so desired.

(Emphasis added).

96.     Judge Culley's order was issued in at least the following cases of class members: Lenin Bernald, June 15, 2011 (Index no. 115532-10/QU); Carl Hall, April 26, 2011 (Index no. CV-114587-10/QU) (case is still active); Rainier Rodriguez, June 7, 2011 (Index no. 114580-10/QU); Goitri Paray, June 15, 2011 (Index no. 103682-10/QU);  Julian Morales, June 20, 2011 (Index no. CV-108796-10/QU). *Exhibit J.*

97.     The motion to amend was yet another attempt to take an act prohibited by law in connection with the collection of a debt. As Judge Culley suggests, Defendants were more interested in attempting to save on index and service costs than in complying with their legal obligations.

98.     In a well-reasoned opinion, Nassau County Supreme Court Judge Michael A. Ciaffa explained why Resurgent LLC's actions were prohibited by law. Judge Ciaffa held the only proper response to the request to amend suit was to dismiss the case with prejudice. In a well reasoned opinion, Judge Ciaffa stated:

> The request to "amend" the caption involves neither a party's "transfer of interest" to another (*see CPLR §1018*), nor the correction of a mere misnomer.... Rather, it presents facts involving a fundamental and fatal defect - - namely, counsel's failure to properly identify the plaintiff in this action. Proper identification of  the plaintiff "is a basic requirement of due process." See 82 NY Jur 2d, Parties, §19. If Resurgent Capital Services, LLC is not, in fact, the lawful assignee of the underlying debt allegedly owed to Capital One, the only appropriate response is for the Court to dismiss plaintiff's action. Accordingly, plaintiff's motion to "amend the caption" is DENIED, and the action is DISMISSED. Since Resurgent Capital concededly has no legitimate interest in the subject claim, the dismissal is being made with prejudice as to Resurgent Capital, and any related entities united in interest with it.
>
> *Resurgent Capital Servs., LLC v Mackey*, 32 Misc. 3d 265, 266, 267 (N.Y. Dist. Ct. May 2, 2011).  *Exhibit K.*

99.    Judge Ciaffa's reasoning has been adopted by other courts:

> Plaintiff's counsel admits in his affirmation that the plaintiff, Resurgent Capital Services, LLC., is not the lawful assignee of the debt which is the basis for the complaint. Since proper identification of the plaintiff is a basic requirement of due process, the substitution of parties sought by plaintiffs counsel may not be accomplished through the amendment of the captions of the pleadings. Rather, since the named plaintiff concededly has no interest at all in the subject claim, the appropriate action for the Court to take is to dismiss the matter.

> *Resurgent Capital Services, LLC v. Anthony Devitt*, [N.Y. Dist. Ct., Wyoming Co., Index No. 43059, decided June 8, 2011.

> *Exhibit L*

> **j.  Even though Defendants  knew Resurgent had no standing, they continued to enter into stipulations of settlement in the name of Resurgent under threat of judgment.**

100.  ***Without filing a motion to amend***, Defendants deceived and coerced *pro se* consumers into entering into "stipulations" in collection lawsuits. Defendants use the threat to "enter judgment without further notice" ***in the name of Resurgent LLC*** if the pro se consumers defaulted on the payment agreement. The amount of the judgment to be entered is for the full amount sought in the complaint, "together with costs and disbursements in this action," crediting payments made. The threat of judgment and the threat of obtaining "costs and disbursements" are threats to take an action prohibited by law as Resurgent LLC had no standing to file suit.

101.  Attached at *Exhibit M*, are stipulations of 11 class members, each threatening judgment in the name of Resurgent LLC, plus "costs and disbursements," should the consumer default on payments.[8] The stipulations are organized chronologically.

---

8 Pauline Brown, August 30, 2010 (Index no. CV-97653-10/QU); Arlene Murray, September 10, 2010 (Index no. CV-92102-10/QU); Joanne Sarnicola, September 22, 2010 (Index no. CV-87408-10/QU); Ricardo White, December 1, 2010 (Index no. CV-102490-10/QU);  Antonio Santiago, December 2, 2010 (Index no. CV-74266-10/KI); Dale Dietrich, December 9, 2010 (Index no. 104644-10/QU); Kevin Mann, December 14, 2010 (Index no. CV-93006-10/KI);  Pedro Frias, December 15, 2010 (Index no. CV-92783-10/KI); Angela Carr, February 28, 2011 (Index no. CV-79595-10/KI); Tracey Gadson, March 17, 2011 (Index no. CV-79593-10/KI); Julia Morales,  August 1, 2011, (Index no. CV-83188-10/BX); Vidalina Arce, October 6, 2011, Index No. CV-029934-11/BX.

102.  As previously mentioned, Defendants knew that suits were being illegally filed in the name of Resurgent LLC at least as early as November 2, 2010, the date they moved to amend caption in the collection lawsuit against class member Kenneth Taylor. (Index # CV-63537-10/KI).

103.  However, it was *after* November 2, 2010 that 8 of the 12 stipulations[9] were filed that threatened judgment and costs and disbursements in the name of Resurgent LLC should the consumer default in the settlement payments. Deceiving consumers into entering into these stipulations was clearly an intentionally deceptive act after November 2, 2010.

104.  Even while Defendants were filing motions to amend caption in some collection cases in 2011, Resurgent LLC, through Harris, continued to file collection suits in its own name.

105.  Another indication that Defendants' actions were intentional is the change in the language of the stipulations. The stipulations are form documents drafted by Harris for Resurgent LLC. All of the stipulations included the language that, "If a counterclaim has been set forth in the answer, same is hereby discontinued with prejudice." Beginning December 2, 2010, Harris for Resurgent LLC began placing this additional language in the stipulations of payment plans with *pro se* consumers: "Further, any and all potential defenses defendant [the consumer] may have regarding this matter and any other claims defendant may have to date against plaintiff [Resurgent LLC] or its counsel [Harris] related to this matter are hereby waived." The fact that Harris, on behalf of Resurgent LLC, began inserting this language into the stipulations after they began moving to amend the caption as

---

9 Joanne Sarnicola, September 22, 2010 (Index no. CV-87408-10/QU); Ricardo White, December 1, 2010 (Index no. CV-102490-10/QU);  Antonio Santiago, December 2, 2010 (Index no. CV-74266-10/KI); Dale Dietrich, December 9, 2010 (Index no. 104644-10/QU); Kevin Mann, December 14, 2010 (Index no. CV-93006-10/KI); Pedro Frias, December 15, 2010 (Index no. CV-92783-10/KI); Angela Carr, February 28, 2011 (Index no. CV-79595-10/KI); Tracey Gadson, March 17, 2011 (Index no. CV-79593-10/KI); Julia Morales,  August 1, 2011, (Index no. CV-83188-10/BX); Vidalina Arce, October 6, 2011, Index No. CV-029934-11/BX.

Last printed 0/0/0000 0:00:00 AM

to other class members is evidence of a common scheme or plan to simultaneously deceive consumers into entering into stipulations with Resurgent LLC and at the same time attempting to shield themselves from liability for that very deceptive act.

106.   As previously indicated, the original complaint in this class action suit was filed July 8, 2011. Counsel for Plaintiff specifically spoke with Mel Harris in July 2011 to discuss the claims brought by way of this class action.

107.   Despite knowing of the FDCPA class action, on August 1, 2011, Resurgent LLC, through its attorney Harris, deceived yet another class member into signing a stipulation of settlement that allows judgment to be entered in the name of Resurgent LLC, plus costs and disbursements, if the consumer defaults on the settlement terms. Julia Morales (Index no. CV-83188-10/BX).   *Exhibit N.*

108.   Similarly, on April 19, 2011, more than 6 months after it began filing motions to amend suit in some collection cases, Resurgent LLC, through Harris, filed suit in the name of Resurgent LLC against class member Vidalina Arce, Index No. CV-029934-11/BX. On September 14, 2011, more than a month after knowing of the FDCPA class action, Resurgent LLC, through Harris, moved for an inquest clerk, a step towards entry of default judgment in the name of Resurgent LLC. On September 19, 2011 class member Arce filed an order to show cause. At the hearing on the motion to show cause, Resurgent, through Harris, deceived Ms. Arce into signing a "consent" judgment in the name of Resurgent, LLC, despite knowing that Resurgent LLC did not have standing to bring suit.   *Exhibit N.*[10]

### k.   Unilateral attempts by Resurgent to discontinue cases by notice in fact leave those cases open.

10 Ms. Arce is an example of the vulnerable consumers that the FDCPA was designed to protect. She lives on social security disability, has multiple sclerosis, and has impaired vision.

109.  Without filing a motion to amend, Defendants filed purported notices of discontinuance in many state court cases. Defendants filed these notices absent a motion to amend with the specific intent of concealing from consumers and from the court that they had illegally been filing, maintaining, and prosecuting hundreds of debt collection lawsuits.

110.  Moreover, these purported unilateral notices were ineffective as a matter of law and therefore deceptive to the least sophisticated consumer. CPLR 3217 requires a party that is filing a voluntary discontinuance without a court order to serve a notice of discontinuance upon all parties before a responsive pleading is served, or within twenty days of the service of the pleading asserting the claim, whichever is earlier. All of the notices were filed more than 20 days from the date of purported service making them ineffective as a matter of law. The eCourts website reflects that many of these cases are still open and active.

l. **Resurgent and LVNV sometimes maintain two suits against the same consumer regarding the same putative debt.**

111.  A partial review of court files demonstrates that Resurgent and LVNV have filed and are maintaining two collection suits against the same consumer regarding the same debt. The same law firm, the Harris Defendants, are filing and prosecuting the vast majority if not all of these duplicate lawsuits. This is objectively very confusing for any consumer, least sophisticated or otherwise. The Resurgent suits contain the certification by Harris that Resurgent "as purchaser and assignee of the account herein, owns and retains all beneficial rights and interests therein."  The LVNV suits contain the same certification, but as to LVNV.

112.  For example, in addition to Plaintiff Casertano and class member Juan Alvarez (discussed above at ¶¶ 84 & 90), class member Adina Williams was sued by both Resurgent  (Index No. CV-

093012-10/KI) and LVNV (Index No. CV-083949-11/KI) for the same putative debt. Ms. Williams appeared pro se in each action. Each complaint identified the same debt, and each complaint alleged the respective plaintiffs "as purchaser and assignee of the account herein, owns and retains all beneficial rights and interests therein."  What is particularly troubling about the Adina Williams' cases is that **both** Resurgent and LVNV requested an inquest when Ms. Williams did not appear on her court date. In other words, Resurgent and LVNV each sought and received permission to apply for a judgment in their own name for the same debt. Resurgent requested an inquest on June 24, 2011. LVNV requested an inquest on March 7, 2012. Resurgent did not amend caption prior to seeking and obtaining an inquest. *Exhibit Q.*

## D.    HARM TO THE CLASS AND SUBCLASS

113.  Defendants' dunning and suing improperly in the name of Resurgent generated a number of harms that adversely affected class members, as did defendants' credit reporting practices.

114.  Through the coercion of illegal debt collection activities under the name of Resurgent and by failing to identify LVNV as the creditor to whom the alleged debts were owed, all Defendants inflicted damage on thousands of unsuspecting consumers in New York State. This damage to the class and subclass includes causing confusion as to whether the claims and suits are legitimate, which may impact consumers' responses to the communication and lawsuits, and taking money from consumers under threat of litigation and judgment when the debt collector never owned the debt or had the legal right to file suit in the first instance. The damage also includes the time spent and costs incurred by consumers to defend against meritless collection lawsuits that should never have been filed and should never have been prosecuted.

115.  As a result of the actions of defendants, plaintiff and the class members suffered actual harm and damages. Actual damages include, without limitation, amounts paid as a result of the lawsuits in which Resurgent never had standing, and fees and costs accrued in defending these suits.

116.  While these lawsuits were brought under the name of Resurgent the underlying debts are all being reported to the credit reporting agencies as being owed to LVNV Funding.  This discrepancy is confusing to the least sophisticated consumer.  Class members may not able to recognize the debts they were sued upon on their credit report, harming them in a variety of ways.  For example, class members in Resurgent cases that settled their cases and satisfied the debt may not be able to have this reflected on their credit report.  Even more troubling, class members who discovered the Resurgent action was for a debt they never had, or a debt that should not be reported, may not be able to figure out how to have their credit report corrected because there is no Resurgent tradeline.

117.  The misrepresentations cause confusion for all class members about what debts they owe to what entity. The least sophisticated consumer seeing LVNV listed on his credit report will be confused when sued for the same purported debt by Resurgent. Such a consumer seeking to clean up his credit may suffer longer with the LVNV reporting out of fear of not being duped into twice paying, or not being properly credited payments made. A consumer sued by both Resurgent and LVNV on the same debt would understandably be hesitant to pay either.

118. If Resurgent and LVNV are each seeking to enter a separate judgment on the same account, against the same consumer, when their suits are being brought by the same firm, there is good reason to be concerned that payments made by consumers under threat of judgment would

not be properly credited.

## E.   Class Action Allegations

119.  Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

> **a.**  The class and subclass are so numerous that joinder of all members is impractical. There are hundreds, if not thousands, of false communications (including pleadings) that contain the same misrepresentations.

> **b.** There are questions of law and fact common to the class and subclass that predominate over any questions affecting only individual class members. These common questions include but are not limited to whether the written communications including Exhibits D – H and M – Q falsely represent ownership of the debts sought to be collected, whether the initial written communications were required to identify LVNV as the current creditor, whether Resurgent's lack of a license renders its collection activities as to New York City residents a threat to take action or an action which cannot legally be taken, whether defendants' communicate false or confusing information to the CRAs, and whether these practices violate the FDCPA. The only individual issue is the identification of the consumers who received the written communications, (i.e., the class members), which is a matter capable of ministerial determination from the Defendants' records.

> **c.** The claims of Plaintiffs are typical of the class and subclass members' claims.  All are based on the same facts and legal theories.

Last printed 0/0/0000 0:00:00 AM

**d.**  Plaintiffs will fairly and adequately represent the class members' interests.  All claims are based on the same facts and legal theories and Plaintiffs' interests are consistent with the interests of the class.

**e.**  Plaintiffs  have retained counsel experienced in bringing class actions and collection abuse claims.

120.   A class action is superior for the fair and efficient adjudication of the class members' claims.

121.   Congress specifically envisions class actions as a principal means of enforcing the FDCPA. See 15 U.S.C. § 1692k.

122.   The class and subclass members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

123.   Prosecution of separate actions by individual members of the class and subclass would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

124.   This action is brought by Plaintiffs, individually, and on behalf of a class consisting of all persons who, according to Defendants' records:

**a.**  have addresses within New York State; and

**b.**  within one year before the filing of this action (for FDCPA claims) or within three years before the filing of this action (for GBL 349 claims);

(1) had a lawsuit pending against them in a New York Court in which Resurgent was

the plaintiff and falsely alleged that Resurgent was the purchaser, owner or assignee of or owned or retained all beneficial rights and interests in the alleged account; or

(2) were sent a written communication (including a pleading) or had a pleading filed in connection with a collection lawsuit against them in a New York Court that:

(a) threatened to file or continue prosecution of a lawsuit filed by Resurgent; or

(b) demanded judgment in the name of Resurgent; or

(c) demanded attorneys fees, costs or disbursements for Resurgent; or

(d) that represented falsely that Resurgent was the purchaser, owner or assignee of an alleged account, or that Resurgent owned or retained all beneficial rights and interests in the alleged account; and

(e) (for GBL claims) was not returned by the postal service as undelivered or was allegedly served on the consumer according to affidavits of service filed by Resurgent; and

**c.** The lawsuit or communication was in connection to a debt incurred primarily for personal, family or household purposes.

125.  All class members assert all available claims against Defendants Resurgent Capital Services, LP; LVNV Funding, LLC; Alegis Group, LLC; and Resurgent Capital Services, LLC.

126.  A subclass, including all the Named Plaintiffs, also asserts claims against Defendant Mel S. Harris and Associates, LLC, where communications were sent or cases filed by Harris.

127.  A second subclass, including Plaintiffs Giselle Fritz, Jason Spiegel Grote, and Patricia

Last printed 0/0/0000 0:00:00 AM

Casertano, also asserts claims against Defendant Harris *and* Defendant David Waldman, where written communications or pleadings were signed by Defendant David Waldman.

128.   A third subclass, including all the Named Plaintiffs, consists of those class members who are residents of New York City.  As to this subclass, Resurgent's actions violated the FDCPA for the additional reason that it was required to be licensed by the New York City Department of Consumer Affairs, pursuant to NYCAC § 20-490, and was not so licensed.


**COUNT # 1: Class Claim for Violations of the federal Fair Debt Collection Practices Act.**

129.   Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

130.   The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). See also Hamilton v. United Healthcare of La., Inc., 310 F.3d 385, 392 (5th Cir.2002) ("Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope"). Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance").

131.  Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) because they were alleged to owe a debt.

132.  The obligation alleged by defendants to be owed by plaintiffs are "debts" as defined by 15 U.S.C. § 1692a(5) because incurred primarily for family, personal or household purposes.

133.  Defendants are each a "debt collector" as defined in 15 U.S.C. § 1692a(6). LVNV is a "debt collector" because it purchases millions of alleged consumer debts after they are in default with the putative original creditor. LVNV attempts to collect these debts indirectly through servicers and debt collection law firms who send hundreds of thousands of collection letters, report monthly hundreds of thousands offed accounts on the credit reports of consumer, make hundreds of thousands of collection telephone calls, and pursue at least tens of thousands of collection lawsuits.

134.  Resurgent LP is a debt collector because it attempts to collect alleged debts owned by others – including LVNV –by reporting hundreds of thousands of alleged accounts to the credit reporting agencies each month, by sending out hundreds of thousands of collection letters, by making hundreds of thousands of telephone calls. Resurgent LP is the master servicer for LVNV responsible for collecting debts owned by LVNV. Resurgent LP collects these debt directly or through sub-servicers, including collection law firms. On information and belief, Resurgent LP exercises control or has the right to exercise control over the accounts it sends to sub-servicers.

135.  Resurgent LLC is a debt collector related to Resurgent LP. In this case, Resurgent LLC has sent or caused to be sent thousands of written communications, including dunning letters and pleadings, to alleged debtors and filed hundreds if not thousands of lawsuits in its own name in

New York seeking to collect alleged defaulted debts. Resurgent LLC is not the purchaser, owner or assignee of these debts, and does not does not own and retain all beneficial rights in interests therein.

136.  Harris is a debt collector because it is attempts to collect alleged debts owned by others – including LVNV –by sending collection letters or initiating lawsuits in an effort to collect consumer debts.   In this case, Harris has filed hundreds if not thousands of lawsuits in New York seeking to collect alleged defaulted debts in the name of Resurgent, even though Resurgent is not the purchaser, owner or assignee of these debts, and does not does not own and retain all beneficial rights in interests therein.


137.  Alegis Group, LLC is a general partner of Resurgent. Alegis is also a debt collector because it attempts to collect debts indirectly, through Resurgent and through the sub-servicers and collection law firms retained by Resurgent. Alegis is responsible for the management of Resurgent Capital Services, LP.

138.  David Waldman is a debt collector because he attempts to collect alleged debts owned by others – including LVNV –by, among other things, signing complaints in lawsuits in an effort to collect consumer debts.   In this case, David Waldman has signed the complaints or motions hundreds of lawsuits in New York seeking to collect alleged defaulted debts in the name of Resurgent, even though Resurgent is not the purchaser, owner or assignee of these debts, and does not does not own and retain all beneficial rights in interests therein.

139.  The actions of Defendants enumerated herein constitute an attempt to collect a debt or were taken in connection with an attempt to collect a debt within the meaning of the FDCPA.

140.   Defendants violated the following sections of the FDCPA: 15 U.S.C. 1692b, 1692c, 1692d, 1692e, and 1692f. By way of example and not limitation defendant violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: engaging in conduct the natural consequence of which is to harass, oppress or abuse any person; using false, deceptive or misleading representations or means; misrepresenting the character, amount or legal status of the debt; misrepresenting the services rendered or compensation which may be lawfully received; threatening to take and actually taking an action prohibited by law, or which is not intended to be taken; communicating or threatening to communicate to any person credit information known to be false or which should be known to be false; using false, deceptive or misleading representations or means; using unfair or unconscionable means; collecting or seeking to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law; and failing to provide the proper disclosures to the consumer pursuant to 1692g(a).

## Count # 2: Class Claim Under New York General Business Law Section 349 *et seq.*

141.   Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

142.   New York General Business Law Section 349(a) prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in this state…"

143.   An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such action." N.Y. Gen. Bus. Law § 349(h).

144.   As enumerated above, Defendants violated N.Y. Gen. Bus. Law § 349 *et seq.* by using deceptive acts and practices in the conduct of their businesses. This includes threatening, filing, prosecuting, and maintaining hundreds of lawsuits where Resurgent has no standing to bring suit, or stating that Resurgent was the purchaser, owner, or assignee of the putative debt when this was not true; collecting without a license, and false and confusing reports to CRAs.

145.   Defendants' conduct has a broad impact on consumers at large. Defendants' conduct impacts the hundreds of consumers in the state of New York who have had collection lawsuits threatened, filed, prosecuted, or maintained against them on behalf of Resurgent.

146.   Defendants committed the above described acts willfully and/or knowingly.

147.   Defendants' wrongful and deceptive acts have caused injury and damages to Plaintiffs and class members and unless enjoined will cause further irreparable injury. Actual damages include, without limitation, amounts paid as a result of misleading communications, threats of suit and actual suits filed on behalf of Resurgent, the fees, costs, and lost time accrued in defending or responding to these actual or threatened lawsuits on behalf of Resurgent, and lost time attempting to correct credit reports and/or impaired credit.

148.   As a direct and proximate result of those violations of N.Y. Gen. Bus. Law § 349 *et seq*, Plaintiffs and class members have suffered compensable harm and are entitled to preliminary and

permanent injunctive relief, as to recover actual and treble damages, costs and attorney's fees.

## F.    JURY DEMAND.

149.    Plaintiffs demand a trial by jury.

## G.    PRAYER

150.    WHEREFORE, Plaintiffs and members of the class request the following relief jointly and severally against Defendants:

**d.**    An order certifying this case as a class action under FRCP 23;

**e.**    A declaration that Defendants have committed the violations of law alleged in this action;

**f.**    An order enjoining and directing Defendants to cease violating N.Y. Gen. Bus. Law § 349 *et seq.*;

**g.**    Statutory damages pursuant to 15 U.S.C. § 1692k and N.Y. Gen. Bus. Law § 349(h);

**h.**    An order awarding disbursements, costs, and attorney's fees pursuant to 15 U.S.C. § 1692k and N.Y. Gen. Bus. Law § 349 *et seq.*

**i.**    A judgment for actual, statutory, and treble damages;

**j.**    Prejudgment and post judgment interest as allowed by law;

**k.**    General relief;

**l.**    All other relief, in law and in equity, both special and general, to which Plaintiff and the class may be justly entitled.

Last printed 0/0/0000 0:00:00 AM

Dated:  Brooklyn, New York
        June 11, 2012

Respectfully submitted,

/s/
Ahmad Keshavarz
One of Plaintiffs' Attorneys
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:     (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com
Co-counsel for Plaintiff
Dan Blinn
Consumer Law Group
35 Cold Spring Rd, Suite 512
Rocky Hill, CT  06067
Phone: (860) 571-0408, x101

Co-counsel for Plaintiff
Matthew Schedler, Of Counsel (MS-3774)
Kathleen A. Masters, Executive Director
CAMBA Legal Services, Inc.
885 Flatbush Ave.  2nd Fl.
Brooklyn, NY  11226
Phone: (718) 940-6311

NATIONAL CONSUMER LAW CENTER, INC.

Charles M. Delbaum, Esq. (to be admitted pro hac vice)
Arielle Cohen, Esq. (to be admitted pro hac vice)
7 Winthrop Square, 4th floor
Boston, MA 02110
617-542-8010
617-542-8028 Fax
cdelbaum@nclc.org
ariellecohen@nclc.org

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Last printed 0/0/0000 0:00:00 AM

Defendants by and through their attorneys of record
Brett A. Scher, Esq.
Yale Pollack, Esq.
Kaufman Dolowich Voluck & Gonzo LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
Phone:  (516) 283-8705

Co-counsel for Plaintiff
Dan Blinn
Consumer Law Group
35 Cold Spring Rd, Suite 512
Rocky Hill, CT  06067
Phone: (860) 571-0408, x101

Co-counsel for Plaintiff
Matthew Schedler, Of Counsel (MS-3774)
Kathleen A. Masters, Executive Director
CAMBA Legal Services, Inc.
885 Flatbush Ave.  2nd Fl.
Brooklyn, NY  11226
Phone: (718) 940-6311

NATIONAL CONSUMER LAW CENTER, INC.

Charles M. Delbaum, Esq. (to be admitted pro hac vice)
Arielle Cohen, Esq. (to be admitted pro hac vice)
7 Winthrop Square, 4th floor
Boston, MA 02110
617-542-8010
617-542-8028 Fax
cdelbaum@nclc.org
ariellecohen@nclc.org


Dated:  Brooklyn, NY
        June 11, 2012
        /s/
        Ahmad Keshavarz
        The Law Office of Ahmad Keshavarz
        Attorney for Plaintiff

Last printed 0/0/0000 0:00:00 AM