UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
GISELLE FRITZ f/k/a GISELLE CARTER, EVAN DAVIS,        Civil Action No.: 11-CV-3300
JASON SPIEGEL-GROTE, and PATRICIA CASERTANO,          (FB) (VVP)
On behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

RESURGENT CAPITAL SERVICES, LP, LVNV FUNDING,
LLC, ALEGIS GROUP, LLC, MEL S. HARRIS AND
ASSOCIATES, LLC, DAVID WALDMAN and RESURGENT
CAPITAL SERVICES, LLC,

Defendants.

-------------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS


KAUFMAN DOLOWICH VOLUCK & GONZO LLP
Attorneys for Defendants
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100

On the brief:
Brett A. Scher, Esq.
Yale Pollack, Esq.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ iii

PRELIMINARY STATEMENT ..................................................................................................... 1

PLAINTIFFS' ALLEGATIONS ..................................................................................................... 4

    A. Giselle Fritz f/k/a Giselle Carter ........................................................................................ 5

    B. Evan Davis ........................................................................................................................... 6

    C. Jason Spiegel-Grote............................................................................................................. 7

    D. Patricia Casertano ............................................................................................................... 7

ARGUMENT.................................................................................................................................... 8

POINT I
PLAINTIFFS' FDCPA CLAIMS FAIL TO STATE A
CAUSE OF ACTION AGAINST DEFENDANTS ........................................................................ 9

    A. The Complaint Fails To State A Claim Under §1692(b) Or §1692(c) ............................... 9

    B. The Remaining FDCPA Claims Against Defendants Fail Because
       There Were No Materially False Or Misleading Representations ...................................... 9

    C. The Claims Are Barred By Collateral Estoppel................................................................. 13

    D. The Court Should Abstain From Hearing The Claims ..................................................... 14

    E. The Claims Are Barred By The *Noerr-Pennington* Doctrine ............................................... 16

    F. Plaintiffs' Claims Are Barred By The Statute Of Limitations .......................................... 18

    G. Claims Regarding "Meaningful Review" Lack Merit Or, Alternatively,
       Would Only Apply To The Mel Harris Defendants ......................................................... 18

    H. Failing To Hold A Debt Collection License Does Not State An
       FDCPA Claim Against Defendants ................................................................................... 19

    I. Plaintiffs' Allegations Regarding Communications With Credit Reporting
       Agencies Do Not State A Claim Under the FDCPA ........................................................ 20

J. The Complaint Does Not Satisfy The Pleading Requirements To State A Claim Against Alegis Or LVNV .................................................................................................. 21

POINT II
PLAINTIFFS' GBL §349 CLAIMS FAIL TO STATE A
CAUSE OF ACTION AGAINST DEFENDANTS ...................................................... 22

A. The Complaint Fails To Plead That Defendants Engaged In Consumer-Oriented Conduct........................................................................ 22

B. The Complaint Fails To Allege That Defendants Engaged In Conduct That Was Deceptive Or Misleading In A Material Way..............................................24

C. The Complaint Fails To Plead That Plaintiffs Have Suffered Actual Proximately Caused Damages.............................................................................. 25

CONCLUSION............................................................................................................... 26

# TABLE OF AUTHORITIES

## Cases

*Alfred Weissman Real Estate v. Big V Supermarkets*
268 A.D.2d 101, 707 N.Y.S.2d 647 (2d Dep't 2000) .................................................... 17

*Ashcroft v. Iqbal*
129 S. Ct. 1937 (2009) ...................................................................................... 3, 8, 21

*Atsi Comm, Inc. v. Shaar Fund, Inc.*
493 F.3d 87 (2d Cir. 2007) ...................................................................................... 8

*Avila v. Rubin*
95 F.3d 222 (7th Cir. 1996) .................................................................................... 19

*Baxter v. Fulton Ice & Cube Co., Inc.*
106 A.D.2d 82, 484 N.Y.S.2d 835 (2d Dep't 1985) .................................................. 14

*Beharry v. M.T.A.  New York City Transit Auth.*
1999 U.S. Dist. LEXIS 3157 (E.D.N.Y. Mar. 17, 1999) ............................................ 14

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) ........................................................................................ 3, 8, 21-22

*Bildstein v. Mastercard Int'l Inc.*
329 F. Supp.2d 410 (S.D.N.Y. 2004) ...................................................................... 24

*Burford v. Sun Oil Co.*
319 U.S. 315 (1943) .............................................................................................. 15

*Castillo v. Kenneth K. Frenkel, P.C.*
30 Misc.3d 85, 918 N.Y.S.2d 818 (App. Term 2d Dep't 2010) .................................. 20

*Central States Southeast & Southwest Areas Health & Welfare Fund
v. Merck-Medco Managed Care, L.L.C.*
433 F.3d 181 (2d Cir. 2005) .................................................................................... 4

*Clomon v. Jackson*
988 F.2d 1314 (2d Cir. 1993) .................................................................................. 19

*Colorado River Water Conservation Dist. v. United States*
424 U.S. 800 (1976) .......................................................................................... 15, 16

*Corazzini v. Litton Loan Servicing LLP*
2011 U.S. Dist. LEXIS 63565 (N.D.N.Y. June 15, 2010) ............................................................. 11

*Coveal v. Consumer Home Mortzae, Inc.*
2005 U.S. Dist. LEXIS 25346 (E.D.N.Y. Oct. 21, 2005) ............................................................. 14

*Davidson v. Garry*
956 F. Supp. 265 (E.D.N.Y. 1996) ............................................................................................. 14

*DirecTV, Inc. v. Rowland*
2005 U.S. Dist. LEXIS 2454 (W.D.N.Y. Jan. 22, 2005) ......................................................... 17, 23

*DiFolco v. MSNBC Cable L.L.C.*
622 F.3d 104 (2d Cir. 2010) .......................................................................................................... 6

*Dolan v. Fairbanks Capital Corp.*
2005 U.S. Dist. LEXIS 45308 (E.D.N.Y. Aug. 16, 2005) ............................................................ 21

*Donohue v. Quick Collect, Inc.*
592 F.3d 1027 (9th Cir. 2010) ............................................................................................... 10, 11

*Drew v. Chase Manhattan Bank. N.A.*
1998 U.S. Dist. LEXIS 11616 (S.D.N.Y. July 30, 1998) .............................................................. 14

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*
544 U.S. 280 (2005) ..................................................................................................................... 15

*Feinberg v. Federated Dep't Stores, Inc.*
15 Misc.3d 299, 832 N.Y.S.2d 760 (Sup. Ct. N.Y. Cty. 2007) ..................................................... 23

*Flax v. Lincoln Nat'l Life Ins. Co.*
54 A.D.3d 992, 864 N.Y.S.2d 559 (2d Dep't 2008) ..................................................................... 22

*Gabrielle v. Law Office of Martha Croog*
2012 U.S. Dist. LEXIS 17549 (D. Conn. Feb. 9, 2012) ................................................................. 9

*Hahn v. Triumph Partnerships LLC*
557 F.3d 755 (7th Cir. 2009) ................................................................................................. 10, 11

*Hasbrouck v. Arrow Fin. Servs. LLC*
2011 U.S. Dist. LEXIS 53928 (N.D.N.Y. May 19, 2011) ......................................................... 9, 11

*Hayrioglu v. Granite Capital Funding, LLC*
794 F. Supp.2d 405 (E.D.N.Y. 2011) .......................................................................................... 23

*I.G. Second Generation Partners, L.P. v. Duane Reade*
17 A.D.3d 206, 793 N.Y.S.2d 379 (1st Dep't 2005) ................................................................. 17

*Icahn v. Raynor*
32 Misc.3d 1224(A), 936 N.Y.5.2d 59 (Sup. Ct. N.Y. Cty. June 16, 2011)................................. 17

*James v. Merchs. & Prof'ls, Inc.*
2010 U.S. Dist. LEXIS 20950 (E.D.N.Y. Mar. 8, 2010)............................................................. 20

*Jenkins v. McCalla Raymer, LLC*
2011 U.S. Dist. LEXIS 95652 (N.D. Ga. July 28, 2011).............................................................. 4

*Johnston v. Arbitrium (Cayman Islands) Handels AG*
198 F.3d 342 (2d Cir. 1999)....................................................................................................... 14

*Klein v. Solomon and Solomon, P.C.*
2011 U.S. Dist. LEXIS 127606 (D. Conn. 2011) ................................................................. 10, 11

*Ladino v. Bank of Am.*
52 A.D.3d 571, 861 N.Y.S.2d 683 (2d Dep't 2008)............................................................. 22, 23

*Lane v. Fein, Such and Crane, LLP*
767 F. Supp.2d 382 (E.D.N.Y. 2011) ...................................................................................... 9, 11

*Matson v. Bd. of Educ.*
631 F.3d 57 (2d Cir. 2011)........................................................................................................... 6

*McAfee v. Law Firm of Forster & Garbus*
2008 U.S. Dist. LEXIS 63794 (E.D.N.Y. Aug. 18, 2008)........................................................... 12

*McDowell v. Vengroff, Williams, & Assocs., Inc.*
2006 U.S. Dist. LEXIS 41493 (E.D.N.Y. June 21, 2006) .......................................................... 20

*Miller v. Javitch, Block & Rathbone*
561 F.3d 588 (6th Cir. 2009) ..................................................................................................... 11

*NAR Apartments LLC v. Ippolito*
2011 N.Y. Misc. LEXIS 5575 (Sup. Ct. N.Y. Cty. Nov. 21, 2011) ...........................................17

*Nero v. Law Office of Sam Streeter, P.L.L.C.*
655 F. Supp.2d 200 (E.D.N.Y. 2009) ........................................................................................ 19

*New York Univ. v. Cont'l Ins. Co.*
87 N.Y.2d 308, 639 N.Y.S.2d 283 (1995) ................................................................................. 23

*Novartis Corp. v. F.T.C.*
223 F.3d 783 (D.C. Cir. 2000) ................................................................................................... 24

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*
85 N.Y.2d 20, 623 N.Y.S.2d 529 (1995) ...................................................................... 22, 23, 24

*People v Nationwide Asset Servs., Inc.*
26 Misc.3d 258, 888 N.Y.S.2d 850 (N.Y. Sup. Ct. 2009). ...................................................... 25

*Railroad Comm'n of Tex. v. Pullman*
312 U.S. 496 (1941) .................................................................................................................. 15

*Rapuzzi Palumbo & Rosenberger, P.C. v Government Empls. Ins. Co.*
2011 N.Y. Misc. LEXIS 3193 (N.Y. Sup. Ct. June 23, 2011) ............................................ 17, 18

*Richardson v. City of New York*
2004 U.S. Dist. LEXIS 2562 (S.D.N.Y. Feb. 20, 2004) ........................................................... 14

*Rolo v. City Investing Co. Liquidating Trust*
155 F.3d 644 (3d Cir. 1998) ....................................................................................................... 4

*Samiento v. World Yacht Inc.*
10 N.Y.3d 70, 854 N.Y.S.2d 83 (2008) .................................................................................... 25

*Schwartz v. Public Administrator of Bronx*
24 N.Y.2d 65, 298 N.Y.S.2d 955 (1969) .................................................................................. 14

*Sheehy v. New Century Mortg. Corp.*
690 F. Supp.2d 51 (E.D.N.Y. 2010) ......................................................................................... 23

*Sheppard v. Beerman*
18 F.3d 147 (2d Cir. 1994) .......................................................................................................... 8

*Simmons v. Roundup Funding, LLC*
622 F.3d 93 (2d Cir. 2010) ....................................................................................................... 12

*Singh v. Sukhram*
56 A.D.3d 187, 866 N.Y.S.2d 267 (2d Dep't 2008) ................................................................. 17

*Small v Lorillard Tobacco Co.*
94 N.Y.2d 43, 698 N.Y.S.2d 615 (1999) ............................................................................ 23, 25

*Smith v. Berg*
1999 U.S. Dist. LEXIS 18298 (E.D. Pa. Dec. 1, 1999) ................................................................... 4

*Smyth v. Merchants Credit Corp.*
2012 U.S. Dist. LEXIS 85524 (W.D. Wash. June 19, 2012) ......................................................... 11

*Spagnola v. The Chubb Corp.*
574 F.3d 64 (2d Cir. 2009) ............................................................................................................ 22

*Spitzer v. Applied Card Sys. Inc.*
27 A.D.3d 104, 805 N.Y.S.2d 175 (3d Dep't 2005) ...................................................................... 24

*Stewart v. Berman*
2012 U.S. Dist. LEXIS 64355 (D. Md. May 8, 2012) .................................................................... 11

*Sullivan v. Gapier*
225 F.3d 161 (2d Cir. 2000) ........................................................................................................... 13

*Swiatkowski v. Citibank*
745 F. Supp.2d 150, 166 (E.D.N.Y. 2010) ................................................................................... 15

*Wade v. Regional Credit Ass'n*
87 F.3d 1098 (9th Cir. 1996) ......................................................................................................... 19

*Wahl v. Midland Credit Mgmt., Inc.*
556 F.3d 643 (7th Cir. 2009) .................................................................................................. 10, 11

*Wallace v. Washington Mut. Bank, F.A.*
683 F.3d 323 (6th Cir. 2012) ......................................................................................................... 10

*Walsh v. Law Offices of Howard Lee Schiff, P.C.*
2012 U.S. Dist. LEXIS 136408 (D. Conn. Sept. 24, 2012) ........................................................... 10

*Warren v. Sessoms & Rogers, P.A.*
676 F.3d 365 (4th Cir. 2012) ......................................................................................................... 10

*Webster v. Wells Fargo Bank, N.A.*
2009 U.S. Dist. LEXIS 120952 (S.D.N.Y. Dec. 23, 2009) ........................................................... 15

*Williams v. Deutsche Bank Nat'l Trust Co.*
2011 U.S. Dist. LEXIS 132084 (E.D.N.Y. Mar. 28, 2012) ........................................................... 20

*Woodford v. Cmty. Action Agency of Greene County*
239 F.3d 517 (2d Cir. 2001)..........................................................................................................16

*Younger v. Harris*
401 U.S. 37 (1971).........................................................................................................................15

## Statutes

New York General Business Law §349................................................................................ passim

15 U.S.C. §1692................................................................................................................. 1, 2, 9

15 U.S.C. 1681s-2(b)(1)........................................................................................................... 21

## PRELIMINARY STATEMENT

Defendants, Resurgent Capital Services, LP ("Resurgent LP"), LVNV Funding, LLC ("LVNV"), Alegis Group, LLC ("Alegis"), Mel S. Harris and Associates, LLC ("Mel Harris"), David Waldman ("Waldman") and Resurgent Capital Services, LLC ("Resurgent LLC") (collectively "Defendants"), respectfully submit this Memorandum of Law, along with the accompanying Declaration of Brett A. Scher ("Scher Dec."), in support of their Motion to Dismiss Plaintiffs' (Giselle Fritz f/k/a Giselle Carter ("Fritz"), Evan Davis, Jason Spiegel-Grote, and Patricia Casertano), Second Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

This is a putative class action purportedly seeking to recover under (1) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; and (2) New York General Business Law ("GBL") §349. Plaintiffs allege that the "lawsuit primarily involves Defendants' false representations that debt owned by LVNV is in fact owned by Resurgent Capital Services, LLC." *SAC,*[1] *¶12*. The crux of the Complaint is that debt collection lawsuits were incorrectly commenced with the name of Resurgent LLC listed as the plaintiff in those cases when, in fact, the owner of the debt (and proper plaintiff) was actually a related entity, LVNV. Plaintiffs claim that as a result of the "filing illegal debt collection litigation under the name of Resurgent Capital Services, LLC, all Defendants inflicted damages on thousands of unsuspecting consumers in New York State," which damages include "the time spent and costs incurred by consumers to defend against meritless collection lawsuits that should never have been filed and should never have been prosecuted." *SAC, ¶13*. Incredibly, Plaintiffs do not allege that they were, in any way, confused as to what debt they were being sued on in those cases (because the plaintiff in those underlying cases was merely an entity that had purchased Plaintiffs' debt from the original creditor – who was readily identified in the complaints as being the original creditor).

---

[1]The Second Amended Complaint (hereinafter the "SAC" or "Complaint") is annexed as Exhibit "A" to the Scher Dec.

The FDCPA claims in the Complaint are subject to dismissal on numerous grounds. While the FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt" (15 U.S.C. § 1692e), to be actionable, the statement upon which a plaintiff relies must be "material" – meaning it would impact a plaintiff's decision or ability to pay or challenge the debt. In this action, Plaintiffs base their entire claim on the asserion that because the name of the debt buyer was incorrectly stated in the underlying actions against them, there is an automatic violation of the FDCPA. The problem is that Plaintiffs have failed to plead materiality as they have not shown that the error in any way influenced their decision or ability to pay their debts. Since the name of the plaintiff in the underlying debt collection actions was not materially false or misleading, there was no violation of the FDCPA.

Additionally, Plaintiffs' claims are also barred by doctrines of collateral estoppel, abstention, and *Noerr-Pennington*, and/or are barred by the applicable statute of limitations. Fritz admits in the Complaint that in the underlying action against her, Resurgent LLC made a motion to amend the complaint to substitute LVNV as the correct plaintiff in the action, which was granted by the court. Therefore, any issues regarding whether it was improper for Defendants to amend the underlying actions to name the correct plaintiff rather than, as Plaintiffs suggest, start new actions, were already decided in the underlying state court actions and cannot be relitigated in this action. Further, the Court should abstain from hearing the claims in this action because there are parallel, ongoing state actions pending against the remaining named Plaintiffs. Since an adjudication in this action would necessarily affect the rights of the parties in the state court actions, this Court should dismiss the instant claims. To the extent Plaintiffs are complaining of Defendants' conduct in filing lawsuits against debtors, the claims are further barred by the *Noerr-Pennington* doctrine since, in the underlying lawsuits, Defendants were merely seeking redress from the courts, and the filing of litigation falls within the protection of the doctrine. In addressing Plaintiffs' allegations of conduct

2

that occurred more than one year prior to the filing of the Complaint (e.g., Plaintiffs appear to challenge letters sent to them more than one year prior to the commencement of this action), such claims would be barred by the one year statute of limitations for FDCPA cases. Finally, with regard to any claim regarding Defendants not performing a "meaningful review" of the communications sent to Plaintiffs, such a claim is not plead with any specificity, lacks merit and, even if accepted, would only be applicable to Mel Harris and Waldman – a law firm and its partner (hereinafter referred to collectively as the "Mel Harris Defendants") – and not to Resurgent LP, LVNV, Alegis and Resurgent LLC (hereinafter referred to collectively as the "Resurgent Defendants").

Plaintiffs' claims that the Defendants collectively failed to include the correct New York City debt collection on the complaints in the underlying actions also fail. The representation was not material and several courts have already held that no FDCPA claim exists based upon an entity's failure to have a NYC debt collection license. As for the claims concerning Resurgent LP's alleged reporting of Plaintiffs' information to credit reporting agencies, such a claim also has no merit. Plaintiffs' contention that it was somehow improper for Resurgent LP to report to credit reporting agencies that the debt was owed to LVNV – rather than Resurgent LLC – cannot be sustained because the debt was (as Plaintiffs allege), in fact, owned by LVNV. Therefore, Plaintiffs cannot prove that any misleading information was reported on their credit reports or that they were damaged by such information. In addition to the issues raised above, Alegis and LVNV seek dismissal of the Complaint based on Plaintiffs' failure to satisfy the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), as the Complaint fails to allege any wrongdoing by either party.

Finally, Plaintiffs' NY GBL §349 claim is also subject to dismissal on the same grounds as the FDCPA claims, and on the further basis that Plaintiffs cannot demonstrate that Defendants (in prosecuting debt collection actions): (a) engaged in conduct that was consumer-oriented; (b)

affirmatively and publicly sought transactions with consumers; (c) performed any acts that were materially misleading; or (d) caused Plaintiffs any actual damages.

## PLAINTIFFS' ALLEGATIONS

In the Complaint, the four named Plaintiffs set forth the same theme to support their claims. They allege that lawsuits were improperly filed against them in the name of Resurgent LLC when Resurgent LLC had no standing to commence such lawsuits because it was not the purchaser, assignee or owner of the alleged account, which belonged to LVNV. *See SAC, ¶¶45, 46, 69, 70, 77, and 82*. None of Plaintiffs dispute owing the debts at issue, nor do they state that there was any confusion about how they incurred the debt. Plaintiffs, however, complain that Resurgent LLC incorrectly sought judgment against them in the pleadings in the underlying lawsuits (instead of LVNV) when it had no right to such a judgment since it did not own Plaintiffs' accounts. *See SAC, ¶¶47, 48, 69, 76, and 81*. Notably, in none of Plaintiffs' cases was a judgment actually obtained against them. Rather, they rely on hypothetical scenarios as to what *may* have happened had a judgment been entered against them in the name of Resurgent LLC as opposed to LVNV, or what Resurgent LLC *may* do in an action to obtain a judgment. *See, e.g., SAC, ¶¶71 and 83*. Critically, not one named Plaintiff alleges that he or she would have taken any other course of action with respect to the underlying lawsuits had LVNV been listed as the plaintiff in the documents from the underlying lawsuit or sought judgment against them.[2]

---

[2] To the extent Plaintiffs attempt to rely on facts concerning putative class members to support their claims (*SAC ¶¶32-35 and 88-112*), such reliance is improper because Plaintiffs cannot rely on acts concerning individuals other than them to support their claims. *See Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 659 (3d Cir. 1998) (prior to class certification, the claims of putative class members who were not named plaintiffs were not properly before the court until the class was certified); *Smith v. Berg*, 1999 U.S. Dist. LEXIS 18298, at *8-9 (E.D. Pa. Dec. 1, 1999); *Jenkins v. McCalla Raymer, LLC*, 2011 U.S. Dist. LEXIS 95652, at *84 (N.D. Ga. July 28, 2011). Plaintiffs lack standing to assert claims based upon alleged acts concerning putative class members. In a proposed class action, "the named class plaintiffs must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Central States Southeast & Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 199 (2d Cir. 2005). Accordingly, the Court should ignore the allegations contained in Paragraphs 32 through 35 and 88 through 112 of the Complaint, which pertain to allegations concerning putative class members.

## A.    Giselle Fritz f/k/a Giselle Carter

Plaintiff Fritz alleges that "[m]any years ago, [she] in fact did have a Levitz Furniture Store card that she used to purchase household furniture." *SAC, ¶43.* Fritz claims that on October 7, 2010, Mel Harris filed a collections lawsuit against her, entitled *Resurgent Capital Services, LLC v. Giselle Carter*, Index No. 092790-10/KI (the "Fritz Action"), which lawsuit "sought to collect an alleged Levitz Furniture Store credit card account used for the purchase of furniture for personal, family or household use." *SAC, ¶¶38, 42; SAC, Ex. "D."* The complaint in the Fritz Action identified "HSBC BANK NEVADA NATIONAL ASSOCIATION/LEVITZ FURNITURE" as the original creditor, and also included the account number. *SAC, Ex. "D."* Nonetheless, Fritz alleges that she was confused by the lawsuit because she "did not know who Resurgent was, as she never had any prior dealings or communications with that company." *SAC, ¶45.* In the Fritz Action complaint, Resurgent LLC was identified as the "purchaser and assignee of the account herein, and owns and retains all beneficial rights and interests herein." *SAC, ¶45; SAC, Ex. "D."* Fritz claims that this statement was false because Resurgent LLC was not the purchaser and assignee of the Levitz account. *SAC, ¶46.* Moreover, Fritz claims that it was improper for Resurgent LLC to demand judgment in the summons and complaint because it was not right to judgment or costs since it had no standing to commence the lawsuit. *SAC, ¶¶47-48.*

Fritz further alleges that while the underlying lawsuit was being prosecuted against her, "Resurgent was also reporting to Ms. Fritz's credit reporting agencies that she in fact owed that debt to LVNV." *SAC, ¶50.* Fritz claims that the complaint in the Fritz Action "misrepresented that Resurgent LLC has a debt collection license," but that the "number listed on the complaint ... was that of LVNV." *SAC, ¶51.* As well, Fritz claims LVNV, through Resurgent LP, reported on Fritz's credit reports that the amount owed to LVNV was $2,838 as of May 2011. *SAC, ¶54.* Fritz states

5

that this was $160 less than the amount demanded in the underlying complaint with interest through May 2011, which amounted to $2,678. *SAC, ¶54.*

Next, Fritz alleges that during the Fritz Action, on or about March 9, 2011, Mel Harris and Resurgent LLC filed a "Motion to Amend Caption" to substitute LVNV as the plaintiff for Resurgent LLC. *SAC, ¶¶56-57; see also SAC, Ex. "E."* The court granted the motion. *SAC, ¶62; see also Scher Dec., Ex. "B."[3]* Fritz then alleges that she filed a motion to dismiss the lawsuit for improper service. *SAC, ¶¶63-64.* On June 23, 2011, the matter was set down for a traverse hearing. *SAC, ¶66.* On or about July 6, 2011, the parties signed a stipulation of discontinuance without prejudice. *SAC, ¶67.*

**B.    Evan Davis**

Davis alleges that he was sued on or about August 27, 2010 by Resurgent LLC in Queens Civil Court, Index No. CV-100450-10/QU (the "Davis Action"). *SAC, ¶68; SAC, Ex. "G."* The complaint in the Davis Action listed "American Express Bank, FSB" as the original creditor and also listed Davis' account number. *SAC, Ex. "G."* In the Complaint, Davis claims that Resurgent LLC did not have the right to commence the Davis Action against him based on lack of standing and that it made false statements in the complaint regarding it being the purchaser, assignee or owner of Davis's account. *SAC, ¶¶69-70.* Davis does not dispute owing the debt. Davis also confirmed that he was in no way confused about Resurgent LLC being listed as the plaintiff in the Davis Action as he filed an answer to the complaint on October 26, 2012, which "specifically denied the collection lawsuit's allegation that Resurgent LLC was the purchaser and assignee of the account, and owns all beneficial rights and interests therein." *SAC, ¶72.* Davis states that the

---

[3] Although the order granting the motion to amend was not annexed to Plaintiffs' Complaint, it is incorporated by reference therein *(SAC, ¶62)*. Therefore, it is appropriate for the Court to consider the underlying order and other documents incorporated by reference in the Complaint on this motion. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."); *Matson v. Bd. of Educ.*, 631 F.3d 57, 62 (2d Cir. 2011).

lawsuit is still ongoing. *SAC, ¶73.* In the Complaint, Davis claims that the Davis Action "affirmatively misrepresented that Resurgent LLC had a debt collection license" but that the "license number listed on the complaint ... was that of LVNV." *SAC, ¶74.*

**C.      Jason Spiegel-Grote**

Spiegel-Grote alleges that on October 7, 2010, Resurgent LLC, through Mel Harris, filed a collections lawsuit against him, Index No. CV-092782-10/KI (the "Spiegel-Grote Action"). *SAC, ¶75; SAC, Ex. "O."* The complaint in the Spiegel-Grote Action listed "GE Capital/JC Penney Dual Card" as the original creditor and also listed the account number. *SAC, Ex. "O."* Spiegel-Grote claims that Resurgent LLC did not have the right to commence the lawsuit based on lack of standing and that it made false statements in the complaint regarding it being the purchaser, assignee or owner of Spiegel-Grote's account. *SAC, ¶¶76-77.* Spiegel-Grote does not dispute owing the debt. Spiegel-Grote alleges that he retained counsel to negotiate the claim, to serve information demands and to file an answer in court. *SAC, ¶78.* In his November 11, 2010 answer to the complaint in the Spiegel-Grote Action, Spiegel-Grote confirmed that he was in no way confused about Resurgent LLC being listed as the plaintiff as he specifically stated "that he has absolutely no relationship with [Resurgent LLC], and has not been advised whether or not said Plaintiff has the right to commence this action." *Scher Dec., Ex. "C," ¶6.*[4] In the Complaint, Spiegel-Grote claims that the Spiegel-Grote Action "affirmatively misrepresented that Resurgent LLC had a debt collection license" but that the "license number listed on the complaint ... was that of LVNV." *SAC, ¶79.*

**D.      Patricia Casertano**

Casertano alleges that on September 9, 2010, Resurgent LLC, through Mel Harris, filed a collections lawsuit against her, Index No. CV-083434-10/KI (the "Casertano Action"). *SAC, ¶80;*

---

[4] Spiegel-Grote filed subsequent answers in the Spiegel-Grote Action, which further confirmed that he was in no way confused about Resurgent LLC being listed as the plaintiff in the action. *See Scher Dec., Exs. "D" and "E," ¶¶3 and 6.*

*SAC, Ex. "P."* The complaint in the Casertano Action listed "HSBC Bank Nevada National Association/Best Buy" as the original creditor and also listed the account number. *SAC, Ex. "P."* Casertano claims that Resurgent LLC did not have standing to commence the lawsuit and that it made false statements in the complaint regarding it being the purchaser, assignee or owner of Casertano's account. *SAC, ¶82.* Casertano states that she "is in default of this action and Resurgent LLC can apply for a judgment in their name at any time." *SAC, ¶83.* Casertano further claims that on April 12, 2012, LVNV sued her "claiming ownership of the same HSBC Best Buy account on which Resurgent LLC had sued." *SAC, ¶84.* Casertano alleges that suing in the name of both Resurgent LLC and LVNV would "confuse the least sophisticated consumer about to whom the debt was owed, and it put Ms. Casertano at risk of paying twice for a single debt." *SAC, ¶85.* In the Complaint, Casertano claims that the Casertano Action "affirmatively misrepresented that Resurgent LLC had a debt collection license" but that the "license number listed on the complaint … was that of LVNV." *SAC, ¶86.*

## ARGUMENT

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all of the factual allegations in the complaint as true. *See Atsi Comm, Inc. v. Shaar Fund, Inc.*, 493 F.3d 87, 98 (2d Cir. 2007). However, a plaintiff can only survive a motion to dismiss if he provides the grounds upon which his claim rests through factual allegations beyond the level of speculation. *Id.* at 98. A motion to dismiss pursuant to 12(b)(6) should be granted if it appears that the plaintiff cannot prove facts in support of his claim that would entitle him to relief. *See Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555 . A plaintiff in any case must allege enough facts to state a claim that is plausible as opposed to merely conceivable. *Iqbal*, 129 S.Ct. at 1949. In this action, Plaintiffs' claims are under: (a) the

8

FDCPA for violation of Sections 1692(b), (c), (d), (e) and (f) (*SAC, ¶140*); and (b) NY GBL §349 (*SAC, ¶148*). All of the claims are subject to dismissal.

## POINT I

### PLAINTIFFS' FDCPA CLAIMS FAIL TO STATE A
### CAUSE OF ACTION AGAINST DEFENDANTS

**A.    The Complaint Fails To State A Claim Under §1692(b) Or §1692(c)**

Initially, with regard to Plaintiffs' claims under 15 U.S.C. §1692b and §1692c, such claims are subject to dismissal because nowhere in the Complaint do Plaintiffs allege that Defendants: (a) sought to acquire location information concerning Plaintiffs (§1692b); or (b) engaged in improper communications with Plaintiffs (§1692c). Therefore, Plaintiffs' claims under those statutes must be dismissed.

**B.    The Remaining FDCPA Claims Against Defendants Fail Because
There Were No Materially False Or Misleading Representations**

The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. However, even if a statement is false in some technical sense, it does not violate the statute unless it would mislead the unsophisticated consumer. *Hasbrouck v. Arrow Fin. Servs. LLC*, 2011 U.S. Dist. LEXIS 53928, *at 11-12 (N.D.N.Y. May 19, 2011). Courts considering an FDCPA violation have looked to whether a statement is materially false or misleading. *Lane v. Fein, Such and Crane, LLP*, 767 F. Supp.2d 382, 389 (E.D.N.Y. 2011); *Gabrielle v. Law Office of Martha Croog*, 2012 U.S. Dist. LEXIS 17549, at *7 (D. Conn. Feb. 9, 2012) ("Courts considering a FDCPA violation have looked to whether a statement is materially false or misleading."). Statements are materially false and misleading if they influence a consumer's decision or ability to pay or challenge a debt. *Hasbrouck*, 2011 U.S. Dist. LEXIS 53928, at *11. Complaints that allege "procedural defects in connection with state court litigation" without "allegations of false representations that could be construed as

material so as to mislead plaintiff in his repayment of or challenge to the debt" are insufficient as a matter of law. *Klein v. Solomon and Solomon, P.C.,* 2011 U.S. Dist. LEXIS 127606, at \*4-5 (D. Conn. 2011). In other words, "[i]n assessing FDCPA liability, [courts] are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010); *see also Walsh v. Law Offices of Howard Lee Schiff, P.C.,* 2012 U.S. Dist. LEXIS 136408, at \*14 (D. Conn. Sept. 24, 2012) ("Imposing liability for technical falsehoods that have no bearing on the debt or the ability to dispute it furthers no conceivable consumer interest under the FDCPA and only increases the cost of credit by subjecting debt collectors to frivolous claims."); *Warren v. Sessoms & Rogers, P.A.,* 676 F.3d 365, 374 (4th Cir. 2012) ("Although Congress did not expressly require that any violation of § 1692e be material, courts have generally held that violations grounded in 'false representations' must rest on material misrepresentations."); *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012) ("[A] statement must be materially false or misleading to violate Section 1692e."); *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009); *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009) ("If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA – even if it is false in some technical sense.").

Courts in this Circuit have dismissed FDCPA claims based on a plaintiff's failure to establish the materiality element, such as the improper naming of a party in an underlying lawsuit. In *Klein, supra,* the plaintiff argued that the "defendants' failure to name the Citibank, N.A. as the proper plaintiff caused him harm because he was forced to defend against an improper party." *Klein*, 2011 U.S. Dist. LEXIS 127606, at \*5. The court dismissed the FDCPA claim because the "plaintiff d[id] not allege that defendants made a representation or statement that impeded his ability to pay or challenge the debt that he incurred." *Id.* In *Lane, supra,* the plaintiffs claimed the

10

defendant violated the FDCPA because, *inter alia*, the defendant (which was the plaintiff in the underlying lawsuit) was not the plaintiffs' actual creditor and it had no standing to bring the underlying actions against them. The Court dismissed the claim because, even if true, the statement upon which the plaintiffs relied to support their claim was not materially false or misleading. *Lane*, 767 F. Supp.2d at 389. In *Hasbrouck, supra*, the plaintiff claimed that the defendants violated the FDCPA by filing an affidavit in support of a motion for a default judgment when the affiant had no personal knowledge of the plaintiff's account. The court dismissed the claim finding that "[e]ven assuming plaintiff could establish that the affidavit contained statements that were false and/or deceptive, plaintiff has not proven that the statements are material to the issues at hand." *Hasbrouck*, 2011 U.S. Dist. LEXIS 53928, at \*17; *see also Corazzini v. Litton Loan Servicing LLP*, 2011 U.S. Dist. LEXIS 63565, at \*21 (N.D.N.Y. June 15, 2010) ("[E]ven if defendant did provide a false statement in one or more of its communications with plaintiff, plaintiff has failed to establish that the alleged false statement was material to her decision to pay her debt or that it impaired her ability to challenge the debt."). Courts in other circuits have similarly dismissed cases where the plaintiffs could not establish the materiality element of their FDCPA claims. *See Donohue*, 592 F.3d at 1033-34; *Hahn*, 557 F.3d at 757-58; *Wahl* 556 F.3d at 646 (7th Cir. 2009); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009); *Smyth v. Merchants Credit Corp.*, 2012 U.S. Dist. LEXIS 85524, at \*9 (W.D. Wash. June 19, 2012) (finding that a request for an estimated ex parte fee in a prayer for relief in an underlying complaint "is immaterial and not actionable under §§ 1692e and 1692f" since "[t]he ex parte fee request does not frustrate the Plaintiff's ability to intelligently choose actions concerning her debt."); *Stewart v. Berman*, 2012 U.S. Dist. LEXIS 64355 (D. Md. May 8, 2012).

Furthermore, to the extent Plaintiffs complain of activities that took place in court proceedings – rather than in collection efforts that preceded those proceedings – such claims are not

11

actionable under the FDCPA. *McAfee v. Law Firm of Forster & Garbus*, 2008 U.S. Dist. LEXIS 63794, at \*14 (E.D.N.Y. Aug. 18, 2008) (rejecting FDCPA claim when "all of Plaintiff's claims relate solely to Defendants' alleged improprieties in prosecuting a court action against him in state court"); *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d Cir. 2010) ("While the FDCPA's purpose is to protect unsophisticated consumers from unscrupulous debt collectors, that purpose is not implicated when a debtor is instead protected by the court system and its officers.").

In this action, Plaintiffs cannot establish anything more than a procedural defect in connection with the underlying debt collection actions filed against them. The entire basis for Plaintiffs' FDCPA claim is that Resurgent LLC was named as the plaintiff in the underlying lawsuit when the correct plaintiff was LVNV. However, not one Plaintiff alleges that they would have taken any other course of action in the underlying lawsuits had LVNV been the named plaintiff. The underlying lawsuits mistakenly alleged that Resurgent LLC was a debt buyer in that it was identified as being the party that purchased and/or was assigned the debts owed by Plaintiffs. *See SAC, Exs. "D," "G," "O" and "P."* What Plaintiffs fail to acknowledge is that it did not matter whose name the cases were brought in – when it comes to materiality. If the complaints were in the name of Resurgent LLC, LVNV, or "John Smith's Debt Buying Service," it would not have mattered (i.e. the name of the plaintiff was not "material") because the name of the debt buyer was not relevant to Plaintiffs and in no way bore on Plaintiffs' ability to dispute the debt, since each of the original creditors were expressly identified in the underlying complaints.

Plaintiff Fritz's FDCPA claims fail because she admits she understood that the debt she was being sued on was from Levitz Furniture Store and that she owed the debt. *See SAC ¶43.* Levitz Furniture Store was expressly identified as the debt sought to be collected in the underlying complaint against her. *See SAC, Ex. "D."* Therefore, Fritz could never plead nor prove that the Mel Harris Defendants' error in naming Resurgent LLC as the company that had purchased the

Levitz debt as the plaintiff in the debt collection action, instead of LVNV, misled plaintiff in her repayment of or challenge to the debt. Notably, while Plaintiff Fritz states that "[m]ost importantly, Ms. Fritz did not know who Resurgent was, as she never had any prior dealings or communications with that company" (*SAC ¶45*), she does not state that she knew who LVNV was or that would have changed the course of her dealings in the underlying suit.

The three newly added Plaintiffs do not add any factual allegations to overcome the materiality defense. Indeed, not one named plaintiff alleges that they would have taken any other course of action with regard to the debts at issue had the underlying lawsuits commenced against them been in the name of LVNV rather than in the name of Resurgent LLC. On the contrary, all of the Plaintiffs readily understood who Resurgent LLC was and actually challenged whether it was the proper plaintiff in the pleadings they submitted in the underlying lawsuits against them. *See e.g. SAC ¶72; Scher Dec., Ex. "C."* The critical fact in each of Plaintiffs' cases is that they each knew where the debt originated from since the original creditor, as well as each Plaintiffs' account number, were expressly identified in each of the underlying lawsuits. *See SAC, Exs. "D," "G," "O" and "P."* Plaintiffs' failure to set forth any statements by Defendants that impinged on their ability to pay the underlying debts is fatal to their claims. Because the incorrect listing of Resurgent LLC as the plaintiff in the underlying debt collection actions was not materially false or misleading (in that they did not influence Plaintiffs' decision or ability to pay or challenge a debt), there was no violation of the FDCPA.

## C.     The Claims Are Barred By Collateral Estoppel

"[A] federal court must apply the rules of collateral estoppel of the state in which the prior judgment was rendered." *Sullivan v. Gapier*, 225 F.3d 161, 166 (2d Cir. 2000). Under New York law, for an issue to be subject to collateral estoppel, (1) there must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and (2) there must

have been a full and fair opportunity to contest the decision now said to be controlling. *See Schwartz v. Public Administrator of Bronx*, 24 N.Y.2d 65, 71, 298 N.Y.S.2d 955 (1969); *Baxter v. Fulton Ice & Cube Co., Inc.*, 106 A.D.2d 82, 86, 484 N.Y.S.2d 835 (2d Dep't 1985). Thus, "collateral estoppel, or issue preclusion, bars the relitigation of issues actually litigated and decided in the prior proceeding, as long as that determination was essential to that judgment." *Johnston v. Arbitrium (Cayman Islands) Handels AG*, 198 F.3d 342, 346 (2d Cir. 1999).

As to the first element — whether the issue in the first litigation was necessarily decided – "it is not necessary that the issue have been 'actually litigated' in the sense that evidence have been offered on the point." *Richardson v. City of New York*, 2004 U.S. Dist. LEXIS 2562, at *2 (S.D.N.Y. Feb. 20, 2004). "New York requires only that the issue have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding." *Id.* In making this determination, the focus is on the rights, questions or facts that underlie a judicial decision, and not on the legal theories underlying the complaint or decision. *See Beharry v. M.T.A. New York City Transit Auth.*, 1999 U.S. Dist. LEXIS 3157, at *6 (E.D.N.Y. Mar. 17, 1999). Therefore, once a certain set of facts has been determined in a proceeding, those facts cannot be challenged even when a subsequent proceeding attempts to apply a new legal theory to those facts. Plaintiffs cannot circumvent application of the doctrine of collateral estoppel simply by recasting their claims. *See Davidson v. Garry*, 956 F. Supp. 265, 268-69 (E.D.N.Y. 1996); *Drew v. Chase Manhattan Bank. N.A.*, 1998 U.S. Dist. LEXIS 11616, at *6 (S.D.N.Y. July 30, 1998). In addition, "even if the state court was wrong, the judgment is an effective and conclusive adjudication until modified or reversed in the appropriate appellate proceeding." *Coveal v. Consumer Home Mortzae, Inc.*, 2005 U.S. Dist. LEXIS 25346 (E.D.N.Y. Oct. 21, 2005).

Plaintiff Fritz admits in the Complaint that in the Fritz Action, Resurgent filed a motion to amend the complaint to substitute LVNV as the correct plaintiff in the action. *SAC ¶45.* In the

14

Fritz Action, the court held that "[a]fter due deliberation" on the motion to amend, the motion was granted in all respects and LVNV was substituted as the plaintiff for Resurgent LLC. *See Scher Dec., Ex. "B."* Accordingly, the New York State court has already determined that, contrary to Plaintiffs' assertion, Defendants did nothing improper by moving to amend the captions in the underlying actions (as opposed to Plaintiffs' contention that Defendants engaged in deceptive conduct by failing to file new complaints against each plaintiff). Therefore, to the extent the state courts rendered decisions concerning any issues now being raised by Plaintiffs – such as whether it was improper for Defendants to amend the underlying actions instead of filing new actions – such issues cannot be relitigated in this action.[5]

**D.      The Court Should Abstain From Hearing The Claims**

"Comity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005) (*citing Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *Younger v. Harris*, 401 U.S. 37 (1971); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *Railroad Comm'n of Tex. v. Pullman*, 312 U.S. 496 (1941)).[6]   Here, the Court should abstain from hearing the claims in this action to the extent there are parallel, ongoing state actions pending against Plaintiffs (i.e. the collections actions). *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). In determining whether *Colorado River* abstention is appropriate, the courts are to consider the following factors: "(1) whether the

---

[5] As discussed in Note 2, *supra*, any attempt by Plaintiffs to use the facts concerning putative class members and/or individuals not named as parties to this action should be rejected by the Court and Plaintiffs lack standing to assert claims based upon purported damages suffered by the putative class.

[6] Defendants also note that Plaintiffs' proposed class would include individuals who have been subjected to final judgments in the underlying state court actions. Such individuals' claims would be barred by the *Rooker-Feldman* doctrine. *See Swiatkowski v. Citibank*, 745 F. Supp.2d 150, 166 (E.D.N.Y. 2010) (employing *Rooker-Feldman* doctrine to bar claims made in district court pertaining to fraudulent practices by defendant in a prior proceeding); *Webster v. Wells Fargo Bank, N.A.*, 2009 U.S. Dist. LEXIS 120952, at *21-22 (S.D.N.Y. Dec. 23, 2009) (barring a plaintiff's due process claims to the defendant's allegedly fraudulent actions during the prior state court proceedings on *Rooker-Feldman* grounds).

controversy involves a res over which one of the courts has assumed jurisdiction, ...; (2) whether the federal forum is less inconvenient than the other for the parties, ...; (3) whether staying or dismissing the federal action will avoid piecemeal litigation, ...; (4) the order in which the actions were filed, ..., and whether proceedings have advanced more in one forum than in the other, ...; (5) whether federal law provides the rule of decision, ...; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights." *Woodford v. Cmty. Action Agency of Greene County*, 239 F.3d 517, 522 (2d Cir. 2001) (internal citations omitted).

In this case, it is apparent that *Colorado River* abstention applies. First, the controversy involves a res over which the state courts have assumed jurisdiction, being the debts at issue in the collection actions. Second, the state court is the more convenient forum for the parties as the actions are based on the residency of the plaintiffs. Third, dismissing this federal action will avoid piecemeal litigation since the state court actions may necessarily be resolved during the pendency of this action. Fourth, the proceedings have been further advanced in the state court actions and are currently being litigated in the state courts in some instances (e.g. Davis, Spiegel-Grote, Casertano). Fifth, state law controls whether Plaintiffs are required to pay the debts at issue and the procedures by which Defendants must follow in order to continue litigating those debts. Finally, the state court procedures provide adequate relief to protect Plaintiffs' rights. Since an adjudication in this action would necessarily affect the rights of the parties in the state court actions, this Court should dismiss the instant claims.

**E.    The Claims Are Barred By The *Noerr-Pennington* Doctrine**

Plaintiffs' claims concerning Defendants' conduct in collection lawsuits are further barred by the *Noerr-Pennington* doctrine. The *Noerr-Pennington* doctrine derives from the First Amendment's guarantee of "the right of the people. . . to petition the Government for redress of grievances." U.S. Const. Amend. I. The *Noerr-Pennington* doctrine "holds, essentially, that parties

16

may not be subjected to liability for petitioning the government." *I.G. Second Generation Partners, L.P. v. Duane Reade*, 17 A.D.3d 206, 208, 793 N.Y.S.2d 379 (1st Dep't 2005). "In other words, the *Noerr-Pennington* doctrine grants a party immunity for seeking governmental redress or otherwise engaging a governmental agency." *Icahn v. Raynor*, 32 Misc. 3d 1224(A), 936 N.Y.5.2d 59 (Sup. Ct. N.Y. Cty. June 16, 2011). "The filing of litigation falls within the protection of the *Noerr-Pennington* doctrine." *I.G. Second Generation*, 17 A.D.3d at 208.[7] "The motives of the persons petitioning the government for relief are irrelevant." *Singh v. Sukhram*, 56 A.D.3d 187, 192 866 N.Y.S.2d 267 (2d Dep't 2008). "In fact, courts have upheld the application of the doctrine even when the petitioning activity included the use of questionable or underhanded activity." *Alfred Weissman Real Estate v. Big V Supermarkets*, 268 A.D.2d 101, 107, 707 N.Y.S.2d 647 (2d Dep't 2000).

The *Noerr-Pennington* doctrine has been applied to bar various state common law and statutory claims arising from protected "litigation activities," including claims such as Plaintiffs alleging fraudulent and deceptive trade practices. *Rapuzzi Palumbo & Rosenberger, P.C. v Government Empls. Ins. Co.*, 2011 N.Y. Misc. LEXIS 3193, *13, 25 (N.Y. Sup. Ct. June 23, 2011) ("Where, as here, the conduct underlying the claims arises from [defendants] petitioning the government through civil actions filed in the courts, and is effectively a fraud claim to which the *Noerr-Pennington* doctrine applies, this cause of action is also barred by the doctrine."); *DirecTV, Inc. v. Rowland*, 2005 U.S. Dist. LEXIS 2454, at *10-11 (W.D.N.Y. Jan. 22, 2005) (Gen. Bus. Law §349 claim barred by *Noerr-Pennington* doctrine) .

The filing and prosecution of the collections actions of which Plaintiffs complain is litigation activity protected by the Defendants' First Amendment right to petition the courts for

---

[7] *Accord NAR Apartments LLC v. Ippolito*, 2011 N.Y. Misc. LEXIS 5575, at *6 (Sup. Ct. N.Y. Cty. Nov. 21, 2011) ("The commencement of litigation is a protected activity under the *Noerr-Pennington* doctrine."); *Icahn*, 936 N.Y.S.2d at 59.

redress of grievances. Insofar as Plaintiffs seek to challenge this conduct, they are barred from doing so by the *Noerr-Pennington* doctrine. *See e.g. Rapuzzi,* 2011 N.Y. Misc. LEXIS 3193, *19-20 ("Given that [plaintiff] bases its [claims] entirely on the allegations made by [defendants] in the two Federal Actions, and the Court's conclusion that these allegations are constitutionally protected under *Noerr-Pennington*, the Court concludes that dismissal of [plaintiff's claims] is mandated.").

**F.      Plaintiffs' Claims Are Barred By The Statute Of Limitations**

Pursuant to §1692k(d), FDCPA claims must be commenced within one year of the violation. Since the original Complaint in this action was filed on July 8, 2011, claims seeking redress for any FDCPA violation prior to July 8, 2010 are barred. Accordingly, to the extent Plaintiffs' complaint can be construed as claiming violations of the FDCPA in letters that were sent to them before the underlying lawsuits were filed, which were sent more than one year prior to the commencement of this action, such claims must be dismissed.

**G.      Claims Regarding "Meaningful Review" Lack Merit Or, Alternatively, Would Only Apply To The Mel Harris Defendants**

Plaintiffs also contend that Defendants violated the FDCPA because they did not conduct a "meaningful review" of communications sent to Plaintiffs. The sole paragraph in the Complaint addressing meaningful review states that "to the degree the Harris Defendants contend their signing of false statements of fact in their written communications was inadvertent, they would be defending this FDCPA action by asserting they did not perform a meaningful review of the written communications they sent, which itself is a violation of the FDCPA." *SAC ¶14.* The "meaningful involvement" cases arose from the principal that an attorney cannot simply "lend" his name, letterhead, or form letters to a collection agency without being meaningfully involved in the collection process. *See Avila v. Rubin,* 95 F.3d 222, 228 (7th Cir. 1996). Courts recognize that sometimes collection agencies make reference to an attorney in its collection demands so as to put

18

additional pressure on debtors to pay by threatening further attorney involvement if payment is not made. *Id.* at 229. As noted by the *Avila* court: "An unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up. And that clearly is the reason why the dunning campaign escalates from the collection agency, which might not strike fear in the heart of the consumer, to the attorney, who is better positioned to get the debtor's knees knocking." *Id.* Courts have held that a communication which appears to be from an attorney is not false, deceptive, or misleading if the attorney has "meaningful professional involvement" in the collection process. "Meaningful professional involvement" is the subject of varying interpretations. These interpretations are often raised in relation to mass-mailed collection demands on attorney letterhead. *See e.g. Clomon v. Jackson*, 988 F.2d 1314, 1320-21 (2d Cir. 1993).

Plaintiffs' conclusory assertion that the Mel Harris Defendants' incorrect naming of Resurgent LLC instead of LVNV as the plaintiff in the cases at issue, with nothing more, is insufficient to sustain a claim for "meaningful involvement" claim. Further, even assuming, *arguendo*, that Plaintiffs have pled a "meaningful review" claim, such a claim would only be applicable to the Mel Harris Defendants (attorneys), and not to any of the Resurgent Defendants.

## H. Failing To Hold A Debt Collection License Does Not State An FDCPA Claim Against Defendants

Plaintiffs contend that when the Mel Harris Defendants erred by putting Resurgent LLC's name on the underlying complaints instead of LVNV, it was a violation of the FDCPA because the complaints contained LVNV's debt collector license number (from the New York City Department of Consumer Affairs). The allegation that Resurgent LLC did not have a debt collection license does not give rise to an FDCPA claim against Defendants. *Nero v. Law Office of Sam Streeter, P.L.L.C.,* 655 F. Supp.2d 200, 209 (E.D.N.Y. 2009) (*citing Wade v. Regional Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996)). Indeed, this Court has repeatedly held "that the failure to possess a license in violation of § 20-490 does not constitute a *per se* violation of the FCDPA." *Williams v. Deutsche*

19

*Bank Nat'l Trust Co.*, 2011 U.S. Dist. LEXIS 132084, at \*3 (E.D.N.Y. Mar. 28, 2012); *James v. Merchs. & Prof'ls, Inc.*, 2010 U.S. Dist. LEXIS 20950 (E.D.N.Y. Mar. 8, 2010) ("This Court agrees that a violation of a state or local law, by itself, does not amount to a per se violation of the FDCPA."); *McDowell v. Vengroff, Williams, & Assocs., Inc.*, 2006 U.S. Dist. LEXIS 41493, at \*2-3 (E.D.N.Y. June 21, 2006); *accord Castillo v. Kenneth K. Frenkel, P.C.*, 30 Misc.3d 85, 87, 918 N.Y.S.2d 818 (App. Term 2d Dep't 2010) ("The failure to possess a license in violation of New York City Administrative Code §20-490 does not constitute a violation of the FDCPA.").

Therefore, any claims concerning Defendants' failure to have a debt collection license must be dismissed.

## I.   Plaintiffs' Allegations Regarding Communications With Credit Reporting Agencies Do Not State A Claim Under the FDCPA

Plaintiff Fritz is the only one who alleges a purported violation of the FDCPA arising from information that was allegedly reported on her credit reports.   Specifically, Fritz alleges that "LVNV, through its master servicer Resurgent, LP reported on Ms. Fritz's Equifax and TransUnion credit reports that Ms. Fritz owed LVNV \$2,838 as of May, 2011." *SAC ¶54.* At the concluding paragraph of their FDCPA claim, Plaintiffs claim, in relevant part, that Defendants violated the FDCPA by "communicating or threatening to communicate to any person credit information known to be false or which should be known to be false." *SAC ¶140.* Although not specified in their Complaint, this claim would purportedly be stated under Section 1692(e)(8) of the FDCPA.[8]

However, Plaintiffs' contention that it was somehow improper for Resurgent to report to credit reporting agencies that the debt was owed to LVNV – rather than Resurgent LLC – cannot be sustained because the debt was (as Plaintiffs themselves allege), in fact, owned by LVNV. Therefore, Plaintiffs cannot prove that any misleading information was reported on their credit

---

[8] §1692(e)(8) forbids a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

20

reports or that they were damaged by such information. Indeed, this argument demonstrates the frivolous nature of this claim. On the one hand, Plaintiffs argue that Defendants violated the FDCPA by naming Resurgent LLC as the plaintiff in the underlying suits rather than LVNV, who was the true owner of the debt. Then Plaintiffs argue that it was a violation of the FDCPA to communicate to credit reporting agencies that LVNV was the true owner of the debt. In either event, there was no violation because, as discussed above, the naming of Resurgent LLC was not materially misleading, and LVNV was the true owner of the debt so no false credit information was communicated to a third-party.

To the extent Plaintiffs contend that the amount of the debt reported on their credit report was wrong because it allegedly contained court costs, such allegations do not form the basis for a claim under the FDCPA but would fall under the Fair Credit Reporting Act (the "FCRA"). Plaintiffs, however, cannot maintain a claim under the FCRA as they fail to allege that they disputed the information to the credit reporting agency, a condition precedent to stating such a claim. *15 U.S.C. 1681s-2(b)(1)*; *Dolan v. Fairbanks Capital Corp.*, 2005 U.S. Dist. LEXIS 45308, at *13 (E.D.N.Y. Aug. 16, 2005).

## J.     The Complaint Does Not Satisfy The Pleading Requirements To State A Claim Against Alegis Or LVNV

In addition to the issues raised above, defendants Alegis and LVNV seek dismissal of the Complaint based on Plaintiffs' failure to satisfy the pleading requirements of *Twombly* and *Iqbal*. The Complaint wholly fails to allege any wrongdoing by either party. As to LVNV, the Complaint only states that LVNV should have been named as the plaintiff in the underlying actions against Plaintiffs. However, nowhere are there allegations concerning what actions were taken by LVNV that violated the FDCPA or caused Plaintiffs any damages. Indeed, no such allegations could be made because there is no dispute by Plaintiffs that LVNV owned the debts at issue and was the correct plaintiff to sue on the debts at issue.

As for Alegis, the Complaint simply states that it is the "general partner" of Resurgent LP and, therefore, it is liable to Plaintiffs. *SAC, ¶¶7, 137.* Nowhere in the Complaint do Plaintiffs identify any specific acts taken by Alegis to support a claim against it. It is respectfully submitted that simply alleging that a party is a "general partner" of another party, without more, is insufficient to state even a plausible action against that party. *See e.g. Twombly,* 550 U.S. at 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). For these further reasons, the claims in the Complaint should be dismissed against LVNV and Alegis.

**POINT II**

**PLAINTIFFS' GBL §349 CLAIMS FAIL TO STATE A
CAUSE OF ACTION AGAINST DEFENDANTS**

To bring a claim under GBL §349, the plaintiff must allege facts that demonstrate: (1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured a result. *Spagnola v. The Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009); *see also Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.,* 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529 (1995); *accord Ladino v. Bank of Am.*, 52 A.D.3d 571, 574, 861 N.Y.S.2d 683 (2d Dep't 2008).

**A.      The Complaint Fails To Plead That Defendants
         Engaged In Consumer-Oriented Conduct**

"[I]n order to satisfy General Business Law § 349 plaintiffs' claims must be predicated on a deceptive act or practice that is *consumer oriented.*" *Oswego,* 85 N.Y.2d at 24-25 (emphasis supplied); *accord Flax v. Lincoln Nat'l Life Ins. Co.*, 54 A.D.3d 992, 994, 864 N.Y.S.2d 559 (2d Dep't 2008). General Business Law § 349 is "directed at wrongs against the consuming public," (*Oswego,* 85 N.Y.2d at 24-25), and "was designed to protect 'the little guy' from false advertising, pyramid schemes, bait-and-switch sales tactics, and other mischievous machinations

22

by swindlers and scallywags." *Feinberg v. Federated Dep't Stores, Inc.*, 15 Misc.3d 299, 307, 832 N.Y.S.2d 760 (Sup. Ct. N.Y. Cty. 2007).

Here, Plaintiffs have failed to plead that Defendants – debt collectors and their attorneys – were engaged in a "consumer-orientated" act or affirmatively sought transactions with consumers. *See, e.g., Hayrioglu v. Granite Capital Funding, LLC*, 794 F. Supp.2d 405, 410 (E.D.N.Y. 2011); *Sheehy v. New Century Mortg. Corp.*, 690 F. Supp.2d 51 (E.D.N.Y. 2010); *Small v Lorillard Tobacco Co.*, 94 N.Y.2d 43, 55, 698 N.Y.S.2d 615 (1999). Indeed, the Complaint fails to allege Defendants transacted business with *any* consumers. Defendants do not direct their actions to the general public. Further, the Complaint does not allege that Defendants sell, promote, or advertise goods or services to consumers. Plaintiffs attack Defendants' conduct in the collections actions. But conduct by a party in the course of litigation (or any other legal proceeding) as a matter of law is not consumer-oriented activity within the ambit of GBL §349. *See DirecTV, Inc.*, 2005 U.S. Dist. LEXIS 2454, at \*8 (holding that defendants' alleged mailing of letters threatening litigations fell outside the scope of § 349 because such conduct was not consumer-oriented). As the Federal Trade Commission has stated, in the context of the Fair Credit Reporting Act, "*litigation is not a 'business transaction' involving the consumer.*" 16 C.F.R. Part 600, 1990 WL 342991, at 26 (May 4, 1990) (emphasis supplied). A defendant in a collections lawsuit is a party to a private contract – here being the retail charge account agreements with the original account holders – and New York law is clear that "private contract disputes which are unique to the parties do not fall within the ambit of [GBL §349(b)]." *Flax*, 54 A.D.3d at 995 (*quoting Oswego*, 85 N.Y.2d at 25); *see also New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 321, 639 N.Y.S.2d 283 (1995) (striking §349 claim over policy coverage and processing of an insurance claim); *Ladino*, 52 A.D.3d at 574 (finding that issuing a loan to a third party without knowledge of the Plaintiff did not constitute a violation of § 349).

23

Because Plaintiffs fail to plead facts sufficient to show Defendants engaged in wrongs "against the consuming public," as a result of alleged misconduct by Defendants in the course of filing and prosecuting collections actions, the §349 claim must be dismissed.

**B.    The Complaint Fails To Allege That Defendants Engaged In Conduct That Was Deceptive Or Misleading In A Material Way**

In addition to pleading facts sufficient to establish "consumer oriented" conduct, a plaintiff alleging violations of GBL §349(b) must also plead facts sufficient to show the defendant dealt with consumers in a manner that was "deceptive or misleading in a material way." *Oswego*, 85 N.Y.2d at 25. The Legislature modeled Section 349 after the antifraud provision (Section 5) of the Federal Trade Commission Act ("FTCA"). *Id.*[9] New York courts assess materiality under §349 by reference to Section 5 of the FTCA. "Material" statements or omissions are limited to those "that involve *information that is important to consumers* and, hence, likely to affect their choice of, or conduct regarding, *a product*." *Bildstein v. Mastercard Int'l Inc.*, 329 F. Supp.2d 410, 414 (S.D.N.Y. 2004) (*quoting Novartis Corp. v. F.T.C.*, 223 F.3d 783, 787 (D.C. Cir. 2000)).[10]

As discussed at length above (*Point I(B), supra*), here, Plaintiffs simply complain about Defendants' failure to name the proper debt buyer in the collections actions filed against them. Again, the misnaming of the plaintiff in the underlying actions is not material in any way because nowhere do Plaintiffs claim that they would have taken any other course of action had the right party been named (and the original creditor was always identified in those actions). Since the naming of

---

[9] Section 5 of the FTCA, 15 U.S.C. 45(a) provides: "the term 'unfair or deceptive acts or practices' includes such acts or practices involving foreign commerce that (i) cause or are likely to cause reasonably foreseeable injury within the United States; or (ii) involve material conduct occurring within the United States."

[10] *See also Spitzer v. Applied Card Sys. Inc.*, 27 A.D.3d 104, 107, 805 N.Y.S.2d 175 (3d Dep't 2005) (recognizing that "interpretations of the Federal Trade Commissions Act are useful in determining [] violations under both the Executive Law [§ 63(12)] and General Business Law [§ 349]").

the debt buyer was not material to Plaintiffs, they cannot satisfy the materiality element of their GBL claim.

**C.     The Complaint Fails To Plead That Plaintiffs Have Suffered
         Actual Proximately Caused Damages**

As part of a claim under GBL §349, a plaintiff must establish actual harm to impose compensatory damages. *Samiento v. World Yacht Inc.,* 10 N.Y.3d 70, 81, 854 N.Y.S.2d 83 (2008) (*citing Small*, 94 N.Y.2d at 56). In this action, Plaintiffs have failed to establish proximately caused damages that they actually suffered and, thus, they cannot maintain a claim under the GBL. *See, e.g., People v Nationwide Asset Servs., Inc.*, 26 Misc.3d 258, 270, 888 N.Y.S.2d 850 (N.Y. Sup. Ct. 2009). Plaintiffs instead rely on pure conjecture stating they would be damaged if a judgment was entered in the name of Resurgent LLC rather than LVNV, but fail to state what damages they would have actually suffered had such a judgment been obtained. Such a tenuous assertion is insufficient to satisfy the pleading requirements of a GBL §349 claim.

Indeed, Plaintiffs' purported damages are wholly speculative. Plaintiffs do not deny that they owe the debt at issue in the underlying actions. Moreover, Plaintiffs essentially admit that if the underlying lawsuits were in the name of LVNV, they would have no claim in this action. Nowhere do any of Plaintiffs claim that Resurgent LLC obtained a judgment against them that caused them actual damages because Resurgent LLC was not the proper party to collect the debt. Since Plaintiffs have alleged no actual damages they sustained as a result of an improper plaintiff being named in the underlying lawsuits against them, their GBL claim fails as a matter of law.

## CONCLUSION

WHEREFORE, the Defendants respectfully request that the Court enter an Order, dismissing Plaintiffs' Second Amended Complaint in its entirety, with prejudice, and granting such other and further relief the court deems necessary and proper.

Dated:      Woodbury, New York
            October 17, 2012

                            Kaufman Dolowich Voluck & Gonzo LLP


                            By: Brett A. Scher
                            Attorneys for Defendants
                            135 Crossways Park Drive, Suite 201
                            Woodbury, New York 11797
                            (516) 681-1100
                            Email bscher@kdvglaw.com

4838-4982-8113, v. 1