UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

GISELLE FRITZ f/k/a GISELLE CARTER, EVAN DAVIS,          Civil Action No.: 11-CV-3300
JASON SPIEGEL-GROTE, and PATRICIA CASERTANO,            (FB) (VVP)
On behalf of themselves and all others similarly situated,

                                            Plaintiffs,

                -against-

RESURGENT CAPITAL SERVICES, LP, LVNV FUNDING,
LLC, ALEGIS GROUP, LLC, MEL S. HARRIS AND
ASSOCIATES, LLC, DAVID WALDMAN and RESURGENT
CAPITAL SERVICES, LLC,

                                            Defendants.

------------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN FURTHER
## SUPPORT OF DEFENDANTS' MOTION TO DISMISS

KAUFMAN DOLOWICH VOLUCK & GONZO LLP
Attorneys for Defendants
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100

On the brief:
     Brett A. Scher, Esq.
     Yale Pollack, Esq.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................iii

PRELIMINARY STATEMENT .............................................................................................1

POINT I
PLAINTIFFS' FDCPA CLAIMS FAIL TO STATE A CAUSE
OF ACTION AGAINST DEFENDANTS ..............................................................................3

    A.   The Complaint Fails To State A Claim Under §1692(B) Or §1692(c)...................3

    B.   The Remaining FDCPA Claims Against Defendants Fail
        Because There Were No Materially False Or Misleading Representations ...........3

        1.   The Misnaming Of Resurgent Instead Of LVNV Is Not Material ................3

        2.   Plaintiffs' Cases Are Distinguishable ............................................................12

    C.   Plaintiffs' Claims Are Barred by the Statute Of Limitations...................................16

    D.   Claims Regarding "Meaningful Review" Lack Merit ...........................................18

    E.   Plaintiffs' Allegations Regarding Communications With Credit
        Reporting Agencies Do Not State A Claim Under the FDCPA .............................19

    F.   The Complaint Does Not Satisfy The Pleading Requirements To
        State A Claim Against Alegis Or LVNV...............................................................20

    G.   The Claims Are Barred By Collateral Estoppel.......................................................21

    H.   The Court Should Abstain From Hearing The Claims ...........................................21

    I.    The Claims Are Barred By The *Noerr-Pennington* Doctrine.................................22

POINT II
PLAINTIFFS' GBL §349 CLAIMS FAIL TO STATE A CAUSE OF
ACTION AGAINST DEFENDANTS....................................................................................22

CONCLUSION.......................................................................................................................24

# TABLE OF AUTHORITIES

## Cases

*Bourff v. Rubin Lublin, LLC*
674 F.3d 1238 (11th Cir. 2012) ........................................................................... 14, 15

*Braatz v. Leading Edge Recovery Solutions LLC*
2011 U.S. Dist. LEXIS 123118 (N.D. Ill. Oct. 21, 2011).............................................. 14

*Castillo v. Kenneth K. Frenkel, P.C.*
30 Misc.3d 85, 918 N.Y.S.2d 818 (App. Term 2d Dep't 2010) ...................................... 8

*Central States Southeast & Southwest Areas Health & Welfare Fund*
*v. Merck-Medco Managed Care, L.L.C.*
433 F.3d 181 (2d Cir. 2005)........................................................................................ 11

*Clomon v. Jackson*
988 F.2d 1314 (2d Cir. 1993).......................................................................................... 4

*DirecTV, Inc. v. Rowland*
2005 U.S. Dist. LEXIS 2454 (W.D.N.Y. Jan. 22, 2005) ..................................... 23, 24

*Donohue v. Quick Collect, Inc.*
592 F.3d 1027 (9th Cir. 2010) .................................................................................. 4, 5

*Ellis v. Solomon & Solomon, P.C.*
591 F.3d 130 (2d Cir. 2010)........................................................................................... 4

*Flax v. Lincoln Nat'l Life Ins. Co.*
54 A.D.3d 992, 864 N.Y.S.2d 559 (2d Dep't 2008) ................................................... 24

*Gabriele v. American Home Mortgage Servicing, Inc.*
2012 U.S. App. LEXIS 24478 (2d Cir. Nov. 27, 2012)............................................. 4, 5

*Greco v. Trauner, Cohen & Thomas, L.L.P.*
412 F.3d 360 (2d Cir. 2005).......................................................................................... 18

*Hahn v. Triumph P'ships LLC*
557 F.3d 755 (7th Cir. 2009) .......................................................................................... 4

*Hayrioglu v. Granite Capital Funding, LLC*
794 F. Supp.2d 405 (E.D.N.Y. 2011) .......................................................................... 23

*Hepsen v. J.C. Christensen & Associates, Inc.*
2009 U.S. Dist. LEXIS 92717 (M.D. Fla. Sept. 22, 2009),............................................................ 13

*Jacobson v. Healthcare Fin. Servs.*
434 F. Supp.2d 133 (E.D.N.Y 2006) .................................................................................... 10, 11

*James v. Merchs. & Prof'ls, Inc.*
2010 U.S. Dist. LEXIS 20950 (E.D.N.Y. Mar. 8, 2010) ................................................................. 8

*Jenkins v. McCalla Raymer, LLC*
2011 U.S. Dist. LEXIS 95652 (N.D. Ga. July 28, 2011) ................................................................ 11

*Ladino v. Bank of Am.*
52 A.D.3d 571, 861 N.Y.S.2d 683 (2d Dep't 2008) ...................................................................... 24

*Lane v. Fein, Such & Crane LLP*
767 F. Supp.2d 382 (E.D.N.Y. 2011) ............................................................................................. 4

*Mangum v. Action Collection Serv., Inc.*
575 F.3d 935 (9th Cir. 2009) ................................................................................................. 17, 18

*Mclain v. Daniel N. Gordon, P.C.*
2010 U.S. Dist. LEXIS 86794 (W.D. Wa. Aug. 24, 2010) ........................................................... 7, 8

*McDowell v. Vengroff, Williams, & Assocs., Inc.*
2006 U.S. Dist. LEXIS 41493 (E.D.N.Y. June 21, 2006) ............................................................... 8

*Miller v. Javitch, Block & Rathbone*
561 F.3d 588 (6th Cir. 2009) ....................................................................................................... 5

*Nero v. Law Office of Sam Streeter, P.L.L.C.*
655 F. Supp.2d 200 (E.D.N.Y. 2009) ........................................................................................... 8

*New York Univ. v. Cont'l Ins. Co.*
87 N.Y.2d 308, 639 N.Y.S.2d 283 (1995) .................................................................................. 24

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*
85 N.Y.2d 20, 623 N.Y.S.2d 529 (1995) .................................................................................... 22

*People v Nationwide Asset Servs., Inc.*
26 Misc.3d 258, 888 N.Y.S.2d 850 (N.Y. Sup. Ct. 2009) ............................................................ 23

*Pipiles v. Credit Bureau of Lockport, Inc.*
886 F.2d 22 (2d Cir. 1989).......................................................................................................... 4

*Richardson v. AllianceOne Receivables Mgmt.*
2004 U.S. Dist. LEXIS 6943 (S.D.N.Y Apr. 23, 2004)....................................................... 8

*Rolo v. City Investing Co. Liquidating Trust*
155 F.3d 644 (3d Cir. 1998)............................................................................................. 11

*Samiento v. World Yacht Inc.*
10 N.Y.3d 70, 854 N.Y.S.2d 83 (2008)........................................................................... 23

*Sheehy v. New Century Mortg. Corp.*
690 F. Supp.2d 51 (E.D.N.Y. 2010) ................................................................................ 23

*Small v Lorillard Tobacco Co.*
94 N.Y.2d 43, 698 N.Y.S.2d 615 (1999) ......................................................................... 23

*Smith v. Berg*
1999 U.S. Dist. LEXIS 18298 (E.D. Pa. Dec. 1, 1999)................................................... 11

*Somin v. Total Cmty. Mgmt. Corp.*
494 F. Supp.2d 153 (E.D.N.Y. 2007) .............................................................................. 18

*Spagnola v. The Chubb Corp.*
574 F.3d 64 (2d Cir. 2009)............................................................................................... 22

*Suquilanda v. Cohen & Slamowitz, LLP*
2011 U.S. Dist. LEXIS 102727 (S.D.N.Y. Sept. 8, 2011)............................................... 15

*Sykes v. Mel Harris & Associates, LLC*
757 F. Supp.2d 413 (S.D.N.Y. 2010)............................................................................... 17

*Wade v. Regional Credit Ass'n*
87 F.3d 1098 (9th Cir. 1996) ............................................................................................. 8

*Wade v. Rosenthal*
2012 U.S. Dist. LEXIS 123182 (E.D.N.Y. Aug. 29, 2012).............................................. 16

*Wallace v. Washington Mutual Bank, F.A.*
683 F.3d 323 (6th Cir. 2012) ........................................................................................... 15

*Walls v. United Collection Bureau, Inc.*
2012 U.S. Dist. LEXIS 68079 (N.D. Ill. May 16, 2012) ............................................ 12, 14

*Walsh v. Law Offices of Howard Lee Schiff, P.C.*
2012 WL 4372251 (D. Conn. Sept. 24, 2012)........................................................................... 4, 5

*Warren v. Sessoms & Rogers, P.A.*
676 F.3d 365 (4th Cir. 2012) ............................................................................................ 4, 13, 14

*Williams v. Deutsche Bank Nat'l Trust Co.*
2011 U.S. Dist. LEXIS 132084 (E.D.N.Y. Mar. 28, 2012)............................................................ 8

*Woodford v. Cmty. Action Agency of Greene County*
239 F.3d 517 (2d Cir. 2001)........................................................................................................ 21

## Statutes

15 U.S.C. §1692......................................................................................................... passim

New York General Business Law §349............................................................................... 22, 23

## PRELIMINARY STATEMENT

Defendants, Resurgent Capital Services, LP ("Resurgent LP"), LVNV Funding, LLC ("LVNV"), Alegis Group, LLC ("Alegis"), Mel S. Harris and Associates, LLC ("Mel Harris"), David Waldman ("Waldman") and Resurgent Capital Services, LLC ("Resurgent LLC") (collectively "Defendants"), respectfully submit this Reply Memorandum of Law in further support of their Motion to Dismiss Plaintiffs' (Giselle Fritz f/k/a Giselle Carter ("Fritz"), Evan Davis, Jason Spiegel-Grote, and Patricia Casertano), Second Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

As established in Defendants' initial moving papers, Plaintiffs' claims are subject to dismissal because they cannot demonstrate that the inadvertent naming of Resurgent LLC, instead of a related company, LVNV, as the current owner of a debt in communications with Plaintiffs was materially misleading. By Plaintiffs' own admissions in the Complaint (and not disputed in the opposition to Defendants' motion), the error did not impact, in any way, Plaintiffs' decision or ability to pay or challenge the debt. None of the Plaintiffs dispute that they knew exactly where their debts originated from – because every communication expressly disclosed the original creditor (i.e., Levitz, Best Buy, JC Penney, or American Express) as well as Plaintiffs' underlying account numbers. In fact, in their opposition, Plaintiffs admit that to this date, they "**are not challenging the validity of the underlying debts in this action.**" *Plaintiffs' Brief, p. 42 (emphasis supplied).* Plaintiffs' opposition does not contend that the naming of Resurgent (instead of LVNV) confused Plaintiffs or impacted their ability to pay the debt. The reason for this is obvious, as each Plaintiff always knew that they were liable for the underlying debt and how the debt arose, and they are now trying to exploit the FDCPA by claiming, solely through counsel, hypothetical confusion that might have been caused by the immaterial misnaming of Resurgent in the communications.

1

Speaking out of both sides of their proverbial mouths, Plaintiffs first allege in their opposition that there is no real distinction between Resurgent LLC and LVNV as they are all part of the same corporate business structure. Plaintiffs then turn around and claim that the error in listing Resurgent LLC (rather than the related entity LVNV) is akin to naming an entirely unrelated company with no right to collect on Plaintiffs' debt. Plaintiffs then perpetuate this mischaracterization to make it appear that Defendants "illegally" attempted to collect a debt in Resurgent LLC's name (as if Resurgent LLC was some third party that had nothing to do with the collection process), collected judgments against Plaintiffs, and left Plaintiffs subject to further collection attempts on the same debt. Plaintiffs' hypothetical parade of horribles is not pled in the Complaint because it never happened. No Plaintiff claims, nor ever could, that they paid twice on the same underlying debt. The misnaming of the current debt holder in communications with Plaintiffs was immaterial because the debt was ultimately attributable to one underlying obligation – which did not change regardless of whether Resurgent LLC or LVNV was listed on the communication. Since Plaintiffs do not allege that they were unable to respond to the communications and lawsuits because they did not know who Resurgent LLC was, and do not allege that it would have made any difference to them if LVNV was listed instead of Resurgent LLC, they cannot maintain their FDCPA claims.

Finally, in the ultimate misapplication of the true intent of the FDCPA and its protections for the "least sophisticated consumer," Plaintiffs argue that the Defendants should be liable because Plaintiffs were highly sophisticated debtors who theoretically "might" have reacted differently to the communications and complaints listing Resurgent LLC instead of LVNV in the underlying debt collection actions, as well as Defendants' inadvertent listing of LVNV's NYC debt collection

2

license number[1] on the pleadings. Incredibly, Plaintiffs claim in their opposition that a hypothetical consumer seeing Resurgent's name on a document would be so sophisticated to know that Resurgent (rather than LVNV) lacked standing to sue on the underlying debt and, thus, might have been lulled into simply ignoring the communications. This bizarre and idiosyncratic interpretation of the FDCPA – that Defendants violated the FDCPA because a consumer would know that Resurgent LLC "lacked standing" to sue and would be lulled into not acting on the communication – cannot withstand judicial review. As discussed herein, Plaintiffs' FDCPA claims fail on several other grounds and Plaintiffs' GBL claim fails on the same basis as the FDCPA claim (as well as on several independent grounds).

## POINT I

### PLAINTIFFS' FDCPA CLAIMS FAIL TO STATE A CAUSE OF ACTION AGAINST DEFENDANTS

**A.    The Complaint Fails To State A Claim Under §1692(b) Or §1692(c)**

In their opposition, Plaintiffs do not contest that they failed to state a claim under either 1692(b) or 1692(c) and, therefore, such claims must be dismissed.

**B.    The Remaining FDCPA Claims Against Defendants Fail Because There Were No Materially False Or Misleading Representations**

As discussed in Defendants' initial moving papers, Plaintiffs' FDCPA claims are subject to dismissal because they cannot establish that Defendants made any materially false representations (a) regarding the nature or status of the debt, or (b) influencing Plaintiffs' decision or ability to pay or challenge their debts. In an attempt to create an FDCPA violation, Plaintiffs' opposition is based upon hypothetical what-if scenarios that are not supported by Plaintiffs' own Complaint and one glaring omission by Plaintiffs – their failure to address the simple fact that they cannot plead nor prove confusion about the debts at issue or that they were in any way influenced in their decision to

---

[1] Although not determinative on the issue, the underlying debt collection complaints bore LVNV's license number because Resurgent LLC was listed on documents that were supposed to list LVNV.

3

pay or challenge the debts at issue because every communication expressly identified the original

creditor to whom Plaintiffs incurred their debts.

### 1.   The Misnaming Of Resurgent Instead Of LVNV Is Not Material

After Defendants' initial brief was served, the Second Circuit discussed the "materiality"

standard in *Gabriele v. American Home Mortgage Servicing, Inc.*, 2012 U.S. App. LEXIS 24478

(2d Cir. Nov. 27, 2012), in which it stated the following:

> Although "[i]t is clear that Congress painted with a broad brush in the
> FDCPA[,]" *Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27 (2d
> Cir. 1989)*, not every technically false representation by a debt collector
> amounts to a violation of the FDCPA. Courts in this Circuit evaluate
> claims under the FDCPA according to how the "least sophisticated
> consumer" would understand the communication. *See Ellis v. Solomon &
> Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010)*. As a result, "FDCPA
> protection 'does not extend to every bizarre or idiosyncratic interpretation
> of a collection notice' and courts should apply the standard 'in a manner
> that protects debt collectors against liability for unreasonable
> misinterpretations . . . .'" *Easterling, 692 F.3d at 233-34 (quoting Clomon
> v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993))*. Additionally, several
> other circuit courts, as well as a number of district courts in this Circuit,
> read a materiality requirement into the FDCPA's prohibition of false,
> deceptive, or misleading practices in the collection of a debt. *See, e.g.,
> Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 374 (4th Cir. 2012)*
> (recognizing that "courts have generally held that violations grounded in
> 'false representations' must rest on material misrepresentations"); 
> *Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1034 (9th Cir. 2010)*
> (finding that mislabeling in state complaint of interest owed on debt was
> not a material misrepresentation under the FDCPA); *Miller v. Javitch,
> Block & Rathbone, 561 F.3d 588, 596 (6th Cir. 2009)* (finding that state
> court complaint which mischaracterized debtor's credit-card debt as a loan
> was not a materially false or misleading statement under the FDCPA);
> *Hahn v. Triumph P'ships LLC, 557 F.3d 755, 758 (7th Cir. 2009)*
> (Easterbrook, C.J.) (holding that "a false but nonmaterial statement is not
> actionable" under the FDCPA because "[a] statement cannot mislead
> unless it is material"); *Lane v. Fein, Such & Crane LLP, 767 F. Supp. 2d
> 382, 389-90 (E.D.N.Y. 2011)* (finding that misstatement in state complaint
> was not materially false or misleading under FDCPA); *Walsh v. Law
> Offices of Howard Lee Schiff, P.C., No. 11 Civ. 1111, 2012 WL 4372251,
> at *3-6 (D. Conn. Sept. 24, 2012)* (adopting materiality requirement and
> dismissing § 1692e claims based on discovery disputes and alleged
> procedural misconduct in state court action).

*     *     *

> [T]he FDCPA does not guarantee consumers an efficient or thrifty resolution of their putative debt, nor would the filing of three untimely motions interfere with a consumer's ability to answer and defend himself. *See Walsh, 2012 WL 4372251, at \*5* ("[T]he fact that Walsh was compelled to retain counsel to defend against the debt does not transform defendants' procedural misconduct into material misrepresentations within the ambit of section 1692e.").

Id. at \*10-13.

In *Gabriele*, the Second Circuit found that the plaintiff's allegations – which concerned the failure to send an exhibit to the debtor's counsel, filing a motion for a default judgment, premature filing of a motion for strict foreclosure, and filing false affidavits – were "more akin to those in cases such as *Donohue, 592 F.3d 1027, Miller, 561 F.3d 588, and Walsh, 2012 WL 4372251*, in which the courts determined that the alleged misstatements in court filings amounted to 'mere technical falsehoods that misle[d] no one.' *Donohue, 592 F.3d at 1034.*" *Gabriele, 2012 U.S. App. LEXIS 24478 at \*14.* The documents "were not misleading or deceptive as to the nature or legal status of [the plaintiff's] debt, nor would they have prevented the least sophisticated consumer from responding to or disputing the action." *Id.* Accordingly, the Second Circuit concluded that "these allegations simply do not state plausible claims under the FDCPA." *Id.* Here, the same analysis applies because the documents upon which Plaintiffs' claims are based (i.e., court filings) simply concern the wrong name of the debt buyer, which was not misleading as to the nature or legal status of Plaintiffs' debts, nor, as admitted by Plaintiffs, did such misnaming prevent Plaintiffs from responding to or disputing the debts (because those same documents did, in fact, identify where the debt came from, including stating the name of the original creditor as well as each Plaintiffs' respective account number with that creditor).

Initially, there can be not dispute that there was no misrepresentation as to the nature or legal status of Plaintiffs' debts. The "nature" of each of the debts was expressly identified in the initial communications with Plaintiffs as the original creditor was identified in all of the documents so that

Plaintiffs knew where from where the debts arose. Each of the complaints filed against Plaintiffs expressly identified the original creditor, being Levitz in the case of Fritz (*SAC, Ex. "D"*), American Express in the case of Davis (*SAC, Ex. "G"*), JC Penney in the case of Spiegel-Grote (*SAC, Ex. "O"*), and Best Buy in the case of Casertano (*SAC, Ex. "P"*). Plaintiffs readily acknowledge the validity of each of these debts in their opposition brief. *Plaintiffs' Brief, p. 42.*

Plaintiffs also readily admit that the misnaming of Resurgent LLC instead of LVNV did absolutely nothing to prevent them from responding to or disputing the actions. Plaintiff Fritz admits in the Complaint that she understood that the debt she was being sued on was from Levitz Furniture Store and that she owed the debt. *See SAC ¶43.* The debt sought to be collected in the underlying complaint against her was openly identified as being from Levitz. *See SAC, Ex. "D."* Therefore, Fritz can never plead nor prove that the error in naming Resurgent LLC as the company that had purchased the Levitz debt as the plaintiff in the debt collection action, instead of LVNV, misled plaintiff in her repayment of or challenge to the debt. Likewise, the three remaining named Plaintiffs do not set forth any factual allegations in the Complaint (or their opposition) to dispute the lack of materiality to the misstatement. Nowhere do Davis, Spiegel-Grote or Casertano dispute confusion regarding the underlying debts, which, again, they now acknowledge were valid. *Plaintiffs' Brief, p. 42.*

Nowhere in their opposition do Plaintiffs state that they would have taken any other course of action with regard to the debts at issue had the underlying lawsuits commenced against them been in the name of LVNV rather than in the name of Resurgent LLC. Indeed, no such statement could be made because Plaintiffs know they cannot contend that the naming of Resurgent LLC as opposed to LVNV would have altered their handling of the communications. Because each Plaintiff knew where the debt originated from, the incorrect listing of Resurgent LLC as the plaintiff in the

6

underlying debt collection actions was not materially false or misleading. Therefore, there was no violation of the FDCPA.

The Court should be guided by the holding in *Mclain v. Daniel N. Gordon, P.C.*, 2010 U.S. Dist. LEXIS 86794 (W.D. Wa. Aug. 24, 2010), an FDCPA case where the plaintiff claimed that the defendants misrepresented the identity of its client to the plaintiff in a summons, which stated that the owner of the debt was MRC Receivables Corp. The plaintiff later discovered in a subsequent letter from the defendant that the current owner of the debt was actually Midland Credit Management, Inc. The court discussed the "materiality" element of an FDCPA claim under §§1692e and 1692f, noting that both sections of the statute "require an objective analysis that considers whether the least sophisticated consumer would likely be misled by a communication." *Id.* at *19. The plaintiff contended that it was a material misrepresentation for the defendants to represent that MRC Receivables Corp. was the owner of the debt in the initial communications, only to later identify the true owner of the debt as Midland Credit Management Inc. in the settlement agreement between the parties. *Id.* at *20. However, the plaintiff in *Mclain* admitted that she was not confused by anything in the letter or agreement, similar to the admission made by Plaintiffs in the Complaint in the case at bar. The *Mclain* Court dismissed the plaintiff's FDCPA claims holding that "**the naming of Midland as the creditor, while false, was not material and, therefore, not actionable ... [and] that such an error would not likely confuse the least sophisticated consumer.**" *Id.* at *21 (emphasis supplied). The same conclusion applies to the facts alleged in the Complaint.

To the extent Plaintiffs argue that Defendants threatened to and took action that they were not legally required to take because Resurgent did not have standing or a debt collection license, these arguments also have no merit because they are not material. In fact, this argument was expressly rejected in *Mclain,* where the defendant sent a summons and complaint in the name of one

entity when the debt was, in fact, owned by another. *Mclain*, 2010 U.S. Dist. LEXIS 86794 at *21. Furthermore, as discussed in Defendants' moving papers, the allegation that Resurgent LLC did not have a debt collection license does not give rise to an FDCPA claim against Defendants. *Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F. Supp.2d 200, 209 (E.D.N.Y. 2009); *Wade v. Regional Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996)); *Williams v. Deutsche Bank Nat'l Trust Co.*, 2011 U.S. Dist. LEXIS 132084, at *3 (E.D.N.Y. Mar. 28, 2012); *James v. Merchs. & Prof'ls, Inc.*, 2010 U.S. Dist. LEXIS 20950 (E.D.N.Y. Mar. 8, 2010); *McDowell v. Vengroff, Williams, & Assocs., Inc.*, 2006 U.S. Dist. LEXIS 41493, at *2-3 (E.D.N.Y. June 21, 2006); *Richardson v. AllianceOne Receivables Mgmt.*, 2004 U.S. Dist. LEXIS 6943 (S.D.N.Y Apr. 23, 2004) (the violation of a technical City ordinance not specific to debt collection activities resulting in no identifiable harm to Richardson is insufficient to state a claim under the FDCPA); *accord Castillo v. Kenneth K. Frenkel, P.C.*, 30 Misc.3d 85, 87, 918 N.Y.S.2d 818 (App. Term 2d Dep't 2010). With this aspect of their claim, it is evident that Plaintiffs are attempting to exploit the mere misnaming of Resurgent LLC as a party plaintiff to create an FDCPA violation where none exists. Plaintiffs first argue that Resurgent LLC and LVNV are one and the same and, under their theory, it should be of no moment whether Resurgent or LVNV was suing on the debt since that made no difference to Plaintiffs as to their ability to challenge the debt. Plaintiffs' far-fetched theory that Resurgent filed suit in its name and used LVNV's debt collector license number to shield LVNV from FDCPA liability (*Plaintiff's Brief, p. 5*), as opposed to the reality that Resurgent was inadvertently listed on the documents by the Mel Harris Defendants, is contradicted by Plaintiffs' own allegations – that LVNV filed motions to amend the captions in underlying debt collection suits to properly name it as the plaintiff in those actions and submitted affidavits of merit of an authorized representative of LVNV so that it could collect the debt. *See SAC ¶¶56-62, Exs. "E" and "F."* Thus, the long line of cases noting that an FDCPA violation does not arise from violations of state/city regulations are directly on point.

8

In essence, it is the materiality argument that prevails here. Acknowledging that Plaintiffs at bar have no viable FDCPA claim arising from the debt collector license issue, Plaintiffs again ask the Court to explore the hypothetical – arguing that "Defendants' false assertions of a right to sue and a right to judgment and costs, despite Resurgent's absence of both standing and a license to bring suit, could easily lull the least sophisticated consumer into 'inactivity to his detriment' because the consumer would have no reason to challenge these fatal deficiencies in the complaint." *Plaintiffs' Brief, p. 22.* Plaintiffs even go so far to argue that the "failure of a debt collector to be licensed may in fact affect the consumer's decision to challenge or dispute a debt." *Plaintiffs' Brief, p. 25.* In making these arguments, Plaintiffs not only ignore that they nowhere allege that they were actually "lulled into any inactivity" or that they failed to dispute the debt because of any such misrepresentations about possession of a debt collector license, but they completely ignore the "least sophisticated consumer" standard that applies to FDCPA cases.

Here, Plaintiffs (or at least their counsel) are actually very highly technical, creative and FDCPA-savvy consumers attempting to exploit the true purpose of the FDCPA. For example, the least sophisticated consumer would not know nor care about an issue of "standing," which is a legal term. The least sophisticated consumer does not receive a letter or complaint, review it, and then assess whether the debt buyer listed thereon (i.e., Resurgent vs. LVNV) is the correct debt buyer to assert "standing" to sue them on a debt and then is lulled into inactivity as a result of an analysis of legal standing (again, no Plaintiff in this case even makes such an assertion). As well, the least sophisticated consumer would not know that a debt collection license is required to be on a communication in order to collect a debt and, therefore, not respond to process because a license number listed thereon belonged to LVNV as opposed to Resurgent. Only a highly sophisticated consumer, aided by counsel, would read a complaint without a debt collection license number or an incorrect debt collection license number thereon to make an educated decision that they actually do

not have to respond to same knowing that it is insufficient to collect without a correct number listed. While these arguments might serve as technical defenses to an underlying debt collection claim by the debt buyer, they do not give rise to a claim under the FDCPA.

In any event, again, not one Plaintiff alleges that they were lulled into inaction because they knew that Resurgent LLC did not have standing or a debt collection license. To the contrary, Plaintiffs (further demonstrating their sophistication) actually challenged Resurgent's standing in the underlying lawsuits against them. *See e.g. Plaintiff's Brief, p. 19; SAC ¶72; Scher Dec., Ex. "C."* This is not, as Plaintiffs' argue, an "irrelevant" fact, and Plaintiffs ignore that LVNV at all times had the right to collect on the debt and would have done so but for the mistake in initially naming Resurgent LLC (and hence why LVNV was permitted to be substituted as the party plaintiff for Resurgent LLC in the underlying actions). *See SAC Exs. "E" and "F"; Scher Dec., Ex. "B."* Plaintiffs cannot ignore the facts of their own cases and base a purported violation of the FDCPA on what might have happened to a hypothetical consumer as they do in their brief. *Plaintiff's Brief, p. 19.*

As noted by this Court in *Jacobson v. Healthcare Fin. Servs.*, 434 F. Supp.2d 133 (E.D.N.Y 2006):

> Ironically, it appears that it is often the extremely sophisticated consumer who takes advantage of the civil liability scheme defined by this statute, not the individual who has been threatened or misled. The cottage industry that has emerged does not bring suits to remedy the "widespread and serious national problem" of abuse that the Senate observed in adopting the legislation, 1977 U.S.C.C.A. n. 1695, 1696, nor to ferret out collection abuse in the form of "obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process.
>
> *      *      *

10

> The hypothetical Mr. Least Sophisticated Consumer ("LSC") makes a $400 purchase. His debt remains unpaid and undisputed. He eventually receives a collection letter requesting payment of the debt which he rightfully owes. Mr. LSC, upon receiving a debt collection letter that contains some minute variation from the statute's requirements, immediately exclaims "This clearly runs afoul of the FDCPA!" and -- rather than simply pay what he owes -- repairs to his lawyer's office to vindicate a perceived "wrong." "[T]here comes a point where this Court should not be ignorant as judges of what we know as men."

*Id.* at 138-39 (E.D.N.Y. 2006), *aff'd in part, rev'd in part*, 516 F.3d 85, 96 (2d Cir. 2008) (internal citations omitted). The same reasoning applies to the facts of this case and common sense dictates that the claims alleged are not actionable.

To the extent Plaintiffs rely on facts of putative class members (*Plaintiffs' Brief, pp. 13-14, 19*), as discussed in Defendants' initial moving papers, such reliance is wholly improper because Plaintiffs cannot rely on acts concerning individuals other than them to support their claims. *See Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 659 (3d Cir. 1998) (prior to class certification, the claims of putative class members who were not named plaintiffs were not properly before the court until the class was certified); *Smith v. Berg*, 1999 U.S. Dist. LEXIS 18298, at *8-9 (E.D. Pa. Dec. 1, 1999); *Jenkins v. McCalla Raymer, LLC*, 2011 U.S. Dist. LEXIS 95652, at *84 (N.D. Ga. July 28, 2011). Plaintiffs lack standing to assert claims based upon alleged acts concerning putative class members. *See Central States Southeast & Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 199 (2d Cir. 2005) (in a proposed class action, "the named class plaintiffs must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."). The rationale is simple: these individuals' facts are not before the court and Plaintiffs' counsel cannot speak for them (as they have not signed an affidavit or reviewed a pleading containing their factual allegations).

11

### 2. Plaintiffs' Cases Are Distinguishable

Plaintiffs' treatise of FDCPA cases in their opposition does not save their cause. Indeed, Plaintiffs make completely contradictory arguments in their opposition papers, which further demonstrate that the claims have no merit. For example, Plaintiffs now claim in their opposition that the initial communications were per se violations of the FDCPA because they did not contain the required disclosures (a claim not even alleged in the Complaint), specifically, the name of the current creditor to whom the debt is owed. *Plaintiffs' Brief, pp. 6-8.* First, Plaintiffs are precluded by Court Order from further amending their Complaint in this action. *See ECF No. 27.* Second, while Plaintiffs then argue that LVNV is the "current creditor" of the debts and, therefore, was required to be identified in the initial communication *(Plaintiffs' Brief, pp. 8-9)* that is simply not the case. The primary case relied upon by Plaintiffs on this point actually supports Defendants' argument as it holds that debtors are not concerned about the debt in terms of who the "current owner of the debt" is but want to know the creditor to who the money is owed. *See Walls v. United Collection Bureau, Inc.*, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. May 16, 2012). In the *Walls* case, the Court denied a motion to dismiss in a case where the FDCPA claim surrounded the potential confusion a debt collection letter that identified: (1) LVNV as the "current owner" of the debt; (2) Resurgent Capital Services LP as the "client"; (3) Credit One Bank, N.A. as the "original merchant"; and (4) Credit One Bank, N.A. as the "original creditor." *Id.; see also Walls v. United Collection Bureau, Inc.*, (Case No. 11-cv-06026) (N.D. Ill.) (ECF Docket No. 1-3). Here, neither Resurgent LLC nor LVNV was identified as a "current owner" of the debt in the letter, with the letter expressly focusing on the original creditor – to avoid any confusion for the debtor. In fact, Plaintiffs do not allege any confusion as to whom the debt was owed (as they allegedly was in *Walls*) and none dispute that each of the original creditors to whom the money was owed were properly identified in the communications to them – whether it was Levitz *(SAC, Ex. "D")*,

12

American Express (*SAC, Ex. "G"*), JC Penney (*SAC, Ex. "O"*) or Best Buy (*SAC, Ex. "P"*). This is precisely why they cannot show that simply misnaming of the current owner of the debt was a material misrepresentation.

Notably, in none of the cases relied upon by Plaintiffs did the courts engage in a materiality analysis (aside from *Warren v. Sessoms & Rogers, P.A., infra*, which is clearly distinguishable as discussed herein). In *Hepsen v. J.C. Christensen & Associates, Inc.*, 2009 U.S. Dist. LEXIS 92717 (M.D. Fla. Sept. 22, 2009), the initial communication at issue named "Resurgent Capital Services" as the "Creditor" of the plaintiff's account. *See Hepsen v. J.C. Christensen & Associates, Inc.*, M.D. Fl., 07-cv-1935-T-EAG, ECF Docket No. 30-5. Nowhere did the letter at issue in *Hepsen* identify who the original creditor was so that the plaintiff could know where the debt arose from. It was not until after the plaintiff filed his FDCPA action that he discovered that the original creditor was Providian National Bank. Accordingly, the court found that when the defendant expressly "identified **Resurgent as the creditor** in its dunning letter to [the plaintiff] when, in fact, at the time of the October 27, 2006 letter to [the plaintiff], the current creditor was LVNV," there was a violation of 1692e(10). *Id.* at *14-15 (emphasis supplied). Here, there was no such misrepresentation by Defendants in the communications to Plaintiffs as Resurgent LLC was never listed as the original creditor. On the contrary, in the case at bar, the original creditor (i.e. Levitz, American Express, JC Penney, and Best Buy) was identified (and thus, known to Plaintiffs) in each of the communications.

In *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365 (4th Cir. 2012), the court did not, as Plaintiffs argue, create a blanket rule that the failure to provide the required disclosures in §1692g automatically takes the communication out of the purview of a materiality defense. The facts in that case dealt with a debt collector's failure to identify itself as such in a voice message with the plaintiff. In analyzing whether there was a material misrepresentation, the court was sure to

13

emphasize that the facts in that case did not involve a *false representation* but, rather, dealt with the *omission* by a debt collector. *Id.* at 374. This analysis makes sense because a debt collector's failure to identify itself as such in a communication with the plaintiff impedes the plaintiff's ability to make an informed decision as to how to respond to the communication. In this action, Plaintiffs are relying on a false representation by Defendants concerning the correct name of the debt buyer, but they nonetheless concede that they still knew what the communication was about in order to respond to same. Since this false representation (not omission) is immaterial as discussed above, it is not actionable.

In *Braatz v. Leading Edge Recovery Solutions LLC*, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. Oct. 21, 2011), the letter at issue stated that LVNV was the "creditor" of the plaintiff's account, but also advised the plaintiff that her "delinquent CITIBANK account had been placed with our company for collections," thus identifying a second creditor of the account. *Id.* at *1. Since two putative creditors were identified in the letter, the court found that the debtor may be concerned about being defrauded or that she may pay one creditor and still have an outstanding debt. *Id.* at *4. No such confusion could lie here because Plaintiffs do not dispute that they knew about the underlying nature of the debt and do not allege any confusion about a second creditor. The same holds true with regard to *Walls v. United Collection Bureau, Inc.*, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. May 16, 2012), where the letter listed a "client," "current owner," "original merchant," and "original creditor," which the court found was confusing because it could cause a debtor to be concerned about being defrauded or paying one debtor while still having an outstanding debt. *Id.* at *5. Again, no such confusion is alleged here.

In *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238 (11th Cir. 2012), the letter at issue named BAC Home Loan Servicing LP as the "creditor" of the plaintiff's loan when, in fact, it was the entity to which the loan was assigned to help collect the outstanding debt. The court noted that the

14

identity of BAC as the "creditor" in the letter was a serious matter because the FDCPA definition of a "creditor" does not include "any person to the extent he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." *Id.* at 1241 (*citing* §1692a(4)). Since the letter contained the name of BAC as the "creditor" without any mention of the original creditor (being America's Wholesale Lender) (*see Bourff v. Rubin Lublin, LLC, N.D. Ga.,* 09-cv-02437-JEC, ECF Docket No. 1-1), the plaintiff did not know where the debt at issue originated from. Accordingly, the court found that that the misnaming of the creditor was actionable under §1692e. Again, here, there is no dispute that Plaintiffs knew where the debts arose from so that they could not claim that any representations in the communications to them were material.

In *Wallace v. Washington Mutual Bank, F.A.,* 683 F.3d 323 (6th Cir. 2012), the communication at issue named the assignee (Washington Mutual) as the holder of the note without identifying the bank where plaintiff gave her mortgage (Wells Fargo). The plaintiff argued that "identifying Washington Mutual as the holder of the note caused her confusion and delay in trying to contact the proper party concerning payment on her loan and resolution of the problem." *Id.* at 327. Plaintiffs in this action admit that no such confusion existed with regard to their claims.

In *Suquilanda v. Cohen & Slamowitz, LLP,* 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y. Sept. 8, 2011), the defendant sent the plaintiff two letters, which identified different entities as the creditors. The court found that the naming of two different creditors in the two letters could confuse the least sophisticated consumer. *Id.* at *22. There was no such inconsistency in the communications sent to Plaintiffs in this action as the original creditor was consistently identified and no other entity was listed as a creditor.

In sum, because each Plaintiff admittedly knew where the underlying debts arose from as a result of the fact that every communication expressly identified the original creditor and account

15

number, the mere misnaming of the debt buyer was not a material misrepresentation as it neither misstated the nature or legal status of the debt, nor did it impact Plaintiffs' ability to contest their debts. Therefore, the statements are not actionable and must be dismissed.

**C.    Plaintiffs' Claims Are Barred By The Statute Of Limitations**

Plaintiffs make a half-hearted attempt to salvage any claims based on FDCPA violations occurring prior to July 8, 2010 by arguing that equitable tolling applies wholesale to any FDCPA claim. *See Plaintiffs' Brief, p. 8.* This argument hinges on their claim that the naming of Resurgent LLC instead of LVNV was somehow a material misrepresentation. However, Plaintiffs have not alleged enough to demonstrate that equitable tolling is warranted in this action. As recently summarized by this Court in *Wade v. Rosenthal*, 2012 U.S. Dist. LEXIS 123182 (E.D.N.Y. Aug. 29, 2012):

> "Equitable tolling applies only in the rare and exceptional circumstance," ..., and the "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff," ... In the Second Circuit, the doctrine will be applied "as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights," ..., which means "a situation where a plaintiff 'could show that it would have been *impossible* for a reasonably prudent person to learn' about his or her cause of action." ...
>
> Where fraudulent concealment is offered as the basis for equitable tolling, as the plaintiff does here, the plaintiff is required to establish that (1) the defendant wrongfully concealed material facts relating to its wrongdoing; (2) the concealment prevented plaintiffs' discovery of the nature of the claim within the limitations period; and (3) the plaintiffs exercised due diligence in pursuing the discovery of the claim during the period they seek to have tolled. ...
>
> The facts that establish each of these three elements must be pleaded with particularity. ...

*Id.* at * 7-8 (internal citations omitted) (emphasis in original).

Here, Plaintiffs can never allege that it was "impossible" for them to learn about their cause of action because they admit that they were aware of the validity underlying debts against them.

16

*Plaintiffs' Brief, p. 42.* Moreover, as discussed above, Plaintiffs cannot demonstrate that any "material" fact was concealed from them since they acknowledge that the name of Resurgent LLC was readily listed on the documents sent to them and no impact on their ability to challenge the underlying debt.

Plaintiffs attempt to create a whole new standard by arguing that there was "no way to discover" the correct identity of the creditor until "Defendants took some action that revealed the true ownership of the debt." *Plaintiffs' Brief, pp. 8-9.* However, this theory wholly ignores that Plaintiffs must demonstrate that they exercised due diligence in discovering the facts concerning their claim before any tolling will come into play. As discussed above, Plaintiffs do not dispute receiving the initial collection letters containing the incorrect notation of Resurgent instead of LVNV. This letter expressly advised Plaintiffs of their rights to seek verification of the debt and gave them the right to dispute the validity of the debt, in accordance with §1692g. *See, e.g., SAC Ex. "F."* Yet, no Plaintiff alleges that they even bothered to seek verification of their debts, let alone satisfy the due diligence requirement for pleading equitable tolling.

The cases cited by Plaintiffs are clearly distinguishable. To the extent Plaintiffs rely on *Sykes v. Mel Harris & Associates, LLC*, 757 F. Supp.2d 413, 424 (S.D.N.Y. 2010), such reliance is misplaced because that case involved purported debt collection violations intertwined with claims that a process server intentionally failed to serve the debtors with the collection lawsuits against them, allegedly leading to the entry of default judgments against the debtors without their knowledge. Since the plaintiffs in *Sykes* contended that they were the subject of judgments that they did not even know existed against them until years later, the court allowed equitable tolling. No such facts have been alleged (nor could be) in this case. Likewise, the remaining cases are distinguishable as they do not involve a debt collection agency providing copies of a debtor's bad checks and information to a third-party without prior authorization as was the facts in *Mangum v.*

17

*Action Collection Serv., Inc.*, 575 F.3d 935 (9th Cir. 2009). In fact, the third case relied on by Plaintiffs, *Somin v. Total Cmty. Mgmt. Corp.*, 494 F. Supp.2d 153 (E.D.N.Y. 2007)), held that equitable tolling did not apply because the plaintiffs "own documents indicate[d] her awareness of problems concerning her loan well over one year prior to commencement of this action" and her conclusory allegations contained in her "memoranda of law as to 'discovery' 'fraud' and 'concealment' can do nothing to save this complaint -- even at the early pleading stage." *Id.* at 160. The same analysis rationale should be applied to this case.

As such, Plaintiff's FDCPA claims prior to July 8, 2010 are time-barred.

**D.   Claims Regarding "Meaningful Review" Lack Merit**

Plaintiffs' opposition completely misconstrues the "meaningful review" cases. Cases addressing "meaningful review" involve dunning letters sent to debtors on attorney letterhead and the representations therein. Under the rule of the Second Circuit, if certain disclaimers are made in the letter – advising a debtor that an attorney has not reviewed their file before sending a communication – then the debtor cannot file a claim alleging that the law firm was not "meaningfully involved" in the communication. The Second Circuit ruled that a disclaimer on a letter that "at this time, no attorney with this firm has personally reviewed the particular circumstances of your account" is sufficient. *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 365 (2d Cir. 2005). In the one letter submitted by Plaintiffs to support their meaningful review claim, the appropriate disclaimer was contained in the letter from the Mel Harris Defendants to Plaintiff Fritz. *SAC, Ex. "F."* Thus, no claim lies under the meaningful involvement standard.

Plaintiffs also claim, in the alternative, that the Mel Harris Defendants' error in inadvertently naming Resurgent as the plaintiff on the underlying debt collection complaints against Plaintiffs automatically amounts to a lack of meaningful involvement. Under Plaintiffs' theory, if a complaint in a consumer credit transaction had *any* mistake (e.g. creditor's name, account number,

18

amount of debt, etc.), it would give rise to an independent FDCPA cause of action to the defendant. Plaintiffs offer no cases to support such a contention and the only cases to address these types of claims since the Second Circuit's holding in *Greco* seven years ago have never held that the misnaming of a party is a sufficient basis to sustain a claim for a violation of the FDCPA claim.

### E.   Plaintiffs' Allegations Regarding Communications With Credit Reporting Agencies Do Not State A Claim Under the FDCPA

Plaintiffs now claim that their claim regarding reporting of credit information does not focus on the issue of who reported it or the fact that it was reported (and only applies to Plaintiff Fritz), but instead involves the alleged improper reporting of inflated debt amounts. Plaintiffs contend that the amount reported included court costs due to LVNV because the suits were illegally filed by Resurgent. *See Plaintiffs' Brief, p. 26.* Plaintiffs do not dispute that court costs would be properly awarded in the action pursuant to the underlying agreement between them and the original creditors. Plaintiffs argue that it was improper to include court costs in the communication to the credit reporting agency because the courts costs had not yet been awarded.

Importantly, the cases relied upon by Plaintiffs to support their argument all concern debts that were <u>disputed</u> by the debtors, yet were still reported to credit reporting agencies. *See Plaintiffs' Brief, p. 29.* The courts in those cases found that the reporting by a debt collector of a disputed debt to a credit reporting agency may state a claim under the FDCPA. The analysis is different, however, when a debtor is not disputing the actual debt, but contesting the contents of the information reported to the credit reporting agency, such as here. In attempting to assert a claim under the FDCPA relating solely to the alleged dollar amount reported to the credit reporting agency, Plaintiffs are attempting an end-around of the Fair Credit Reporting Act ("FCRA") and its procedures for disputing amounts reported to credit reporting agencies. Plaintiffs have cited no cases on point to establish that the reporting of an <u>undisputed</u> debt (which Fritz admits was a valid

debt but contained alleged inaccurate information concerning the amount of the debt), states a claim under the FDCPA rather than the FCRA.

As stated in the initial moving papers, it is apparent that Plaintiffs cannot establish a claim under the FCRA because they fail to allege that they disputed the information to the credit reporting agency, a condition precedent to stating such a claim. *15 U.S.C. 1681s-2(b)(1)*. Furthermore, glaringly absent from Plaintiffs' opposition was the actual credit report that Fritz claims contained the false amount, and we are only left with Plaintiffs' attorneys' hypothesis that it was increased by the amount of court costs. In any event, Plaintiff Fritz is the only one who alleges a purported violation of the FDCPA arising from information that was allegedly reported on her credit reports, and her allegations, without more, are not enough to support a class action complaint.

## F.      The Complaint Does Not Satisfy The Pleading Requirements To State A Claim Against Alegis Or LVNV

In making their claims against LVNV, Plaintiffs are using Resurgent as both a shield and sword. On the one hand, they claim that Resurgent and LVNV are one and the same and, therefore, Resurgent's actions should imputed to LVNV in order to hold LVNV liable under the FDCPA. In making this same argument, they admit that LVNV would have been the proper plaintiff in the debt collection lawsuits and, thus, LVNV did nothing wrong and clearly did not violate the FDCPA. *Plaintiff's Brief, p. 22*. The facts in the Complaint fail to state any actions were taken by LVNV that violated the FDCPA or caused Plaintiffs any damages. Again, no such allegations could be made because there is no dispute by Plaintiffs that LVNV owned the debts at issue and was the correct plaintiff to sue on the debts at issue. As discussed above, Plaintiffs' theories about LVNV using Resurgent as shield to avoid FDCPA claims makes no sense when combined with Plaintiffs' own allegations that LVNV filed motions to correct the error in bringing suit in Resurgent LLC's name. *See SAC Exs. "E" and "F"; Scher Dec., Ex. "B."* Plaintiffs' theory of vicarious liability

based solely on the fact that LVNV is in the same corporate family as Resurgent does not hold water.

The same argument is even stronger for Alegis, wherein Plaintiffs simply argue that the Complaint sufficiently states a claim against Alegis because Plaintiffs allege the legal conclusion (supported by no facts) that Alegis is responsible for management of Resurgent LP and, thus, it is liable to Plaintiffs. This is insufficient to state a plausible claim under *Twombly* and *Iqbal*.

## G.   The Claims Are Barred By Collateral Estoppel

In addressing Plaintiffs' opposition to collateral estoppel they misstate the facts, arguing that the motion to amend was granted on default by the underlying court. *See Plaintiffs' Brief, pp. 26-27*. Such is not the case because the court in the underlying Fritz Action granted the motion to amend the caption "[a]fter due deliberation," leading to an order that allowed LVNV to be substituted as the plaintiff for Resurgent LLC in that action. *See Scher Dec., Ex. "B."* This is not a case where the plaintiff did not have the opportunity to oppose the motion and have it granted on default against her. This case involves Plaintiff Fritz having the opportunity to oppose the motion, but making the conscious decision not to oppose. Accordingly, to the extent the state courts rendered decisions concerning any issues now being raised by Plaintiffs – such as whether it was improper for Defendants to amend the underlying actions instead of filing new actions – such issues cannot be relitigated in this action.

## H.   The Court Should Abstain From Hearing The Claims

Despite Plaintiffs' arguments to the contrary, the factors set forth in *Woodford v. Cmty. Action Agency of Greene County*, 239 F.3d 517, 522 (2d Cir. 2001) weigh in favor of this Court's abstention of the claims because: (a) the controversy involves a res over which the state courts have assumed jurisdiction, being the debts at issue in the collection actions; (b) the state court is the more convenient forum for the parties as the actions are based on the residency of the plaintiffs; (c)

21

dismissing this federal action will avoid piecemeal litigation since the state court actions may necessarily be resolved during the pendency of this action; (d) the proceedings have been further advanced in the state court actions and are currently being litigated in the state courts in some instances; (e) state law controls whether Plaintiffs are required to pay the debts at issue and the procedures by which Defendants must follow in order to continue litigating those debts; and (d) the state court procedures provide adequate relief to protect Plaintiffs' rights.

Accordingly, this Court should dismiss the instant claims because an adjudication in this action would necessarily affect the rights of the parties in the state court actions

**I.      The Claims Are Barred By The *Noerr-Pennington* Doctrine**

As stated in Plaintiffs' initial moving papers, the filing and prosecution of the collections actions of which Plaintiffs complain is litigation activity protected by the Defendants' First Amendment right to petition the courts for redress of grievances and, thus, Plaintiffs are barred from complaining of same under the *Noerr-Pennington* doctrine.

**POINT II**

**PLAINTIFFS' GBL §349 CLAIMS FAIL TO STATE A**
**CAUSE OF ACTION AGAINST DEFENDANTS**

Plaintiffs fail to establish any plausible claim for a violation of GBL §349. As discussed in the initial moving papers, in order to establish a GBL §349 claim, a plaintiff must allege facts that demonstrate: (1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured a result. *Spagnola v. The Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009); *.see also Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529 (1995). Here, Plaintiffs cannot satisfy any of the elements.

First and foremost, Plaintiffs' GBL §349 fails because, as discussed at length above, Plaintiffs cannot demonstrate that Defendants engaged in any "materially" misleading conduct.

22

The only alleged misconduct was that Resurgent LLC was named instead of LVNV. However, this misnaming had no impact on Plaintiffs, let alone one that was "materially misleading" to them, since the original creditors were identified in the pleadings. Plaintiffs do not allege that they took a certain course of action because Resurgent LLC was named as the plaintiff, which they would not have taken had LVNV been named as the plaintiff. The underlying pleadings made clear that the debt arose from the original retail purchase agreement they had with Levitz, American Express, JC Penney or Best Buy, and if they paid the debt, their obligation would be satisfied. Since there was no material misstatement, Plaintiffs' GBL §349 claim fails.

Second, Plaintiffs have failed to establish any actual damages proximately caused by the Defendants' action and, as such, fail to state a claim under GBL §349. *See Samiento v. World Yacht Inc.,* 10 N.Y.3d 70, 81, 854 N.Y.S.2d 83 (2008); *People v Nationwide Asset Servs., Inc.,* 26 Misc.3d 258, 270, 888 N.Y.S.2d 850 (N.Y. Sup. Ct. 2009). Plaintiffs cannot demonstrate any damages as a result of defending the underlying actions because they do not dispute that they owe the debts at issue. Nowhere do any of Plaintiffs claim that Resurgent LLC obtained a judgment against them that caused them actual damages because Resurgent LLC was not the proper party to collect the debt. Here, there is an express admission by Plaintiffs that the underlying debts Defendants sought to collect were, indeed, valid. There can be no viable claim under the GBL when there are no proximately caused damages.

Third, Plaintiffs fail to provide any analysis as to how Defendants conduct was consumer-oriented. Instead, they now argue that GBL §349 applies to "all economic activity" or, in other words, that everyone is subject to the statute. Caselaw dictates that such is not the case. *See, e.g., Hayrioglu v. Granite Capital Funding, LLC,* 794 F. Supp.2d 405, 410 (E.D.N.Y. 2011); *Sheehy v. New Century Mortg. Corp.,* 690 F. Supp.2d 51 (E.D.N.Y. 2010); *Small v Lorillard Tobacco Co.,* 94 N.Y.2d 43, 55, 698 N.Y.S.2d 615 (1999); *DirecTV, Inc. v. Rowland,* 2005 U.S.

Dist. LEXIS 2454, at *10-11 (W.D.N.Y. Jan. 22, 2005); *New York Univ. v. Cont'l Ins. Co.*, 87

N.Y.2d 308, 321, 639 N.Y.S.2d 283 (1995); *Ladino v. Bank of Am.*, 52 A.D.3d 571, 574, 861

N.Y.S.2d 683 (2d Dep't 2008); *Flax v. Lincoln Nat'l Life Ins. Co.*, 54 A.D.3d 992, 994, 864

N.Y.S.2d 559 (2d Dep't 2008).  Again, the Complaint fails to allege Defendants transacted business

with *any* consumers.  Further, Defendants do not direct their actions to the general public, nor do

they sell, promote, or advertise goods or services to consumers.  The actions at issue relate to

private contracts between parties to underlying retail charge account agreements, and these

disputes are outside the ambit of the statute.

For these reasons, the GBL §349 claim fails as a matter of law.

## CONCLUSION

WHEREFORE, the Defendants respectfully request that the Court enter an Order,

dismissing Plaintiffs' Second Amended Complaint in its entirety, with prejudice, and granting such

other and further relief the court deems necessary and proper.

Dated:  Woodbury, New York
    December 21, 2012

        Kaufman Dolowich Voluck & Gonzo LLP

        By:  Brett A. Scher
        Attorneys for Defendants
        135 Crossways Park Drive, Suite 201
        Woodbury, New York 11797
        (516) 681-1100
        Email bscher@kdvglaw.com

4843-2777-2178, v. 2