# AHMAD KESHAVARZ

*Attorney at Law*

---

16 COURT ST., 26TH FLOOR  
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

PHONE: (718) 522-7900  
FAX: (877) 496-7809

March 4, 2013

Hon. Fredrick Block  
United States District Court  
225 Cadman Plaza East  
Brooklyn, New York 11201

<u>*Via ECF*</u>

**Re:** ***Supplemental authority in support of DE 41, Plaintiff's opposition to Defendants' motion to dismiss, DE 38 – 42.***

**Case No. 1:11-cv-03300-FB-VVP,** *Giselle Fritz et al v. Resurgent Capital Services, LP, et al* **, Eastern District of New York.**

Dear Judge Block:

On March 1, 2013 Judge Dora L. Irizarry rendered a decision in *Eun Joo Lee v. Forster & Garbus LLP*, 12-CV-420(DLI)(CLP), 2013 WL 776740, -- F.Supp.2d ----  (E.D.N.Y. Mar. 1, 2013).

The decision held that misidentifying the creditor to whom a putative debt is owed is materially violates 15 U.S.C. §§ 1692e and 1692f as a matter of law, and also violates 1692g(2). Judge Irizarry rejected the same argument that Resurgent makes in the case at bar:

> Defendant asserts that listing Capital One in the Collection Letter would have alerted Plaintiff that Defendants were attempting to collect her credit card debt, but this argument misses the mark. Identifying the debt owed is different from identifying the current owner of the debt, especially when, like here, the original creditor sold the debt to a third party.
>
> *Id* at * 3.

A copy of the decision is attached and incorporated by reference.

Sincerely,  
/s/  
Ahmad Keshavarz

Enclosure (as stated)  
cc: all counsel (via ECF)

1

2013 WL 776740
Only the Westlaw citation is currently available.
United States District Court,
E.D. New York.

EUN JOO LEE, on behalf of herself and all others similarly situated, Plaintiff,
v.
FORSTER & GARBUS LLP and NCOP XI, LLC, Defendants.

No. 12–cv–420 (DLI)(CLP).  |  March 1, 2013.

**Attorneys and Law Firms**

Brian L. Bromberg, Michael Noah Litrownik, Bromberg Law Office, P .C., Moumita Rahman, Law Firm of Moumita Rahman PLLC, New York, NY, for Plaintiff.

Robert L. Arleo, Robert L. Arleo, Esq., Haines Falls, NY, for Defendants.

**Opinion**

*MEMORANDUM AND ORDER*

DORA L. HRHZARRY, District Judge:

**\*1** Plaintiff Eun Joo Lee ("Plaintiff"), individually and behalf of all others similarly situated, brought this putative class action against defendants Forster & Garbus LLP ("Forster") and NCOP XI, LLC ("NCOP" and, collectively with Forster, "Defendants") asserting claims pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Defendants moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff opposed the motion. For the reasons set forth below, Defendants' motion is denied.

**BACKGROUND**

NCOP allegedly purchased the right to collect from Plaintiff a consumer debt that Plaintiff initially owed to Capital One and was already in default,. (*See* Am. Compl., Dkt. Entry 4, ¶¶ 17, 21.) NCOP, through its representative, Forster, first attempted to collect the debt by sending Plaintiff a form letter, dated January 31, 2011 ("Collection Letter"). (*Id.* ¶ 23 & Ex. A.) The reference line at the top of the Collection Letter read "AMOUNT DUE: $2,812.15," followed by reference and account numbers for the debt and a line that read, "Re: NCOP XI, LLC A/P/O CAPITAL ONE." (*Id.* ¶ 26 & Ex. A.) Plaintiff alleges that Defendants sent similar form letters to hundreds, if not thousands, of other consumers in New York State. (*Id.* ¶ 28.)

On January 30, 2012, Plaintiff filed the instant action against NCOP and Forster on behalf of herself and all others similarly situated and, on February 15, 2012, Plaintiff filed an amended complaint. In the amended complaint, Plaintiff alleges that the Collection Letter violated Sections 1692e, f, and g of the FDCPA because it failed to set forth the name of the current creditor and was deceptive. (*See id.* ¶ 35.) More specifically, Plaintiff claims that there is no such entity as "NCOP XI, LLC A/P/O CAPITAL ONE" and the abbreviation "A/P/O" is confusing. (*Id.*)

Defendants moved to dismiss the amended complaint, asserting that: i) the Collection Letter properly identifies the creditor; ii) the allegedly misleading statement is not material; iii) the Collection Letter was sent by Forster, not NCOP; and iv) Plaintiff's claims against Forster are barred by her filing for bankruptcy. (*See* Defs.' Mem. of Law in Supp. of Mot. to Dismiss Am. Compl., Dkt. Entry 9–1 ("Defs.' Mem.").) Plaintiff opposed the motion, asserting that: i) the Collection Letter is misleading because it fails to make it clear to whom Plaintiff owed money; ii) Defendants' failure to identify the creditor is material; iii) both NCOP and Forster are responsible for the Collection Letter; and iv) the trustee of Plaintiff's bankruptcy estate abandoned her FDCPA claims and, therefore, this action is not barred. (*See* Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss, Dkt. Entry 12 ("Pl.'s Opp'n").)

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard under Rule 8 does not require "detailed

factual allegations," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly,* 550 U.S. at 557). A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nevertheless, on a Rule 12(b)(6) motion, the court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Taylor v. Vt. Dep't of Educ.,* 313 F.3d 768, 776 (2d Cir.2002).

## DISCUSSION

### I. FDCPA

**A. Failure to Identify the Creditor**

**\*2** Plaintiff claims that the Collection Letter did not comply with Sections 1692e, f, and g of the FDCPA because it did not identify the entity to which Plaintiff owed money. (Am.Compl.¶ 35.) Section 1692e broadly prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A communication is deceptive and, thus, in violation of 15 U.S.C. § 1692e, "when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Beauchamp v. Fin. Recovery Servs., Inc.,* 2011 WL 891320, at \*2 (S.D.N.Y. Mar. 14, 2011). Somewhat similarly, under Section 1692f, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1692g specifically requires debt collectors to identify, *inter alia,* "the name of the creditor to whom the debt is owed" in their initial communication, or within five days of their initial communication, with the debtor. 15 U.S.C. § 1692g(a)(2).

"In this Circuit, the question of whether a communication complies with the FDCPA is determined from the perspective of the least sophisticated consumer." *Jacobsen v. Healthcare Fin. Servs ., Inc.,* 516 F.3d 85, 90 (2d Cir.2008) (internal quotation marks omitted). The "least sophisticated consumer" standard is " 'an objective standard, measured by how the "least sophisticated consumer" would interpret the notice received from the debt collector.' " *DeSantis v. Computer Credit, Inc.,* 269 F.3d 159, 161 (2d Cir.2001) (quoting *Russell v. Equifax A.R.S.,* 74 F.3d 30, 34 (2d Cir.1996)). The purpose of applying the "least sophisticated consumer" standard to review claims of FDCPA violations is to: "(1) ensure the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) protect debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Kropelnicki v. Siegel,* 290 F.3d 118, 127 (2d Cir.2002) (internal quotation marks and alterations omitted). "Ultimately, the critical question [in determining whether a communication violates the FDCPA] is ... whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message." *Weiss v. Zwicker,* 664 F.Supp.2d 214, 216 (E.D.N.Y.2009) (citations and internal quotation marks omitted).

Plaintiff has stated a plausible claim that the Collection Letter was misleading to the least sophisticated customer and failed to identify the creditor to which Plaintiff owed the debt. NCOP was the entity to which Plaintiff owed money and it is mentioned in the Collection Letter twice, but the letter does not clearly and effectively convey its role in connection with the debt. *Cf. Russell,* 74 F.3d at 35 ("We recognize there are many cunning ways to circumvent § 1692g under cover of technical compliance, but purported compliance with the form of the statute should not be given sanction at the expense of the substance of the Act." (citation omitted)). Specifically, the entity is listed in two "reference" lines as "NCOP XI, LLC A/P/O CAPITAL ONE." (Am.Compl .Ex. A.) Listing NCOP on the reference lines, particularly when followed by the unusual abbreviation "A/P/O" and the name of the original creditor, easily could have failed to alert the least sophisticated consumer that her debt was now owned by NCOP. *See Sparkman v. Zwicker & Assocs., P.C.,* 374 F.Supp.2d 293, 300–01 (E.D.N.Y.2005) (Debt collector failed to identify creditor adequately where "[t]he name of the creditor ... does appear in the subject line of the Collection Letter, but is not identified as the creditor."); *see also McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir.2006) ("If the required information is not communicated to the debtor, or if it is provided in a manner that is 'confusing' to the consumer, § 1692g has been violated.").

**\*3** This failure to identify the creditor also could have been unfair and deceptive to the least sophisticated consumer for purposes of Section 1692e and Section 1692f. *See Suquilanda v. Cohen & Slamowitz, LLP,* 2011 WL 4344044, at \*7 (S.D.N.Y. Sept. 8, 2011) (holding that the plaintiff stated a claim for relief where creditor was misidentified in a letter). There is nothing identifying the relationship of either NCOP or Capital One to the debt and the Collection Letter does not explain why these entities appear in the letter. The court is also unaware of any commonly understood meaning of "A/P/O" and Defendants do not define the term in the Collection Letter or their motion papers.

Defendants assert that Plaintiff could not have been confused by the Collection Letter because she could have replied to contact information provided in the Collection Letter and challenged the debt or sought more information. (*See* Defs.' Mem. 8.) However, under the objective least sophisticated consumer standard, "it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." *Jacobsen,* 516 F.3d at 91.

Defendant asserts that listing Capital One in the Collection Letter would have alerted Plaintiff that Defendants were attempting to collect her credit card debt, but this argument misses the mark. Identifying the debt owed is different from identifying the current owner of the debt, especially when, like here, the original creditor sold the debt to a third party. Defendants also contend that they listed Capital One because they were attempting to comply with New York City Administrative Code § 20–493.1, which requires debt collectors to identify the original creditor in communications with the debtor. (Defs.' Mem. 8–11.) Defendants maintain that they should not be punished for complying with local laws. (*Id.*) This argument is based on a misreading of the amended complaint. Plaintiff does not allege that the Collection Letter was misleading simply because it provided the name of the original creditor. The Collection Letter allegedly was misleading because it provided the name of the creditor, followed by an odd abbreviation and the name of the original creditor, and did not identify NCOP and Capital One as the current creditor and the original creditor, respectively. (*See* Am. Compl. ¶¶ 26–27, 35.)

Defendants fare no better insisting that any misidentification in the Collection Letter was immaterial.

As an initial matter, this argument only could apply to the alleged Section 1692e and Section 1692f violations. Section 1692(g)(2) specifically requires debt collectors to identify the creditor to whom the debt is owed in the initial communication or within five days of the initial communication. There is nothing in the statute requiring the identity of the creditor to be "material" to the communication. In addition, even assuming, *arguendo,* that a deceptive statement must be material to violate Section 1692e and Section 1692f, failing to identify the creditor here was not immaterial as a matter of law. The entity to which a debtor owes money potentially affects the debtor in the most basic ways, such as what the debtor should write after "pay to the order of" on the payment check to ensure that the debt is satisfied.[1] Accordingly, Defendants' materiality argument is without merit.

### B. NCOP's Liability

**\*4** Defendants also contend that Plaintiff's claim against NCOP is deficient because Forster sent the Collection Letter on its own. (Defs.' Mem. 13–14.) However, Plaintiffs have alleged that both Defendants drafted and sent the Collection Letter, and the court must accept these allegations as true for purposes of the instant motion. (*See* Am. Compl. ¶ 23.) Defendants' factual assertions otherwise are premature. In addition, "[c]ourts have concluded that where the principal is a 'debt collector,' the principal may be liable for its agent's FDCPA violations." *Suquilanda,* 2011 WL 4344044, at \*4. Plaintiff has alleged that NCOP regularly attempts to collect debts and is a debt collector, and that Forster was NCOP's agent for purposes of collecting Plaintiff's debt. (Am.Compl .¶¶ 13–15, 19.) Therefore, Plaintiff has stated viable claims against NCOP.

### II. Plaintiff's Bankruptcy

Defendants assert that Plaintiff is barred from bringing claims against Forster because, following her receipt of the Collection Letter, she declared bankruptcy and did not list a FDCPA claim against Forster in the schedule of assets and liabilities ("Schedule") she filed in her bankruptcy proceeding. (Defs.' Mem. 12–13.) Plaintiff counters that she listed FDCPA claims against NCOP in the Schedule, which provided sufficient notice that the trustee could bring FDCPA claims against Forster. (Pls.' Opp'n 13–19.)

When a bankruptcy petition is filed, the debtor must file a

financial statement with the bankruptcy court, including a schedule of assets that are part of the estate. *See* 11 U.S.C. § 521(a)(1)(B). The estate's assets that must be listed on the schedule include "all legal or equitable interests of the debtor in property," "wherever located and by whomever held." 11 U.S.C. § 541(a)(1). In addition, the debtor must disclose in the schedule all "causes of action owned by the debtor or arising from property of the estate." Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 122 (2d Cir.2008) (per curiam). Any assets listed in the schedule of assets that are not administered by the estate's trustee by the time the bankruptcy case is closed are considered abandoned. 11 U.S.C. § 554(c). Abandoned assets "normally return[ ] to the debtor when the bankruptcy court closes the case." *Chartschlaa,* 538 F.3d at 122.

However, property that is not disclosed on the schedule remains part of the estate. *Id.;* 11 U.S.C. § 554(d). "Courts have held that because an unscheduled claim remains the property of the bankruptcy estate, the debtor lacks standing to pursue the claims after emerging from bankruptcy, and the claims must be dismissed." Rosenshein v. Kleban, 918 F.Supp. 98, 103 (S.D.N.Y.1996); *see also* In re Drexel Burnham Lambert Grp., Inc., 160 B.R. 508, 514 (S.D.N.Y.1993) ("[A]ny asset not scheduled ... remains property of the bankrupt estate, and the debtor loses all rights to enforce it in his own name."). Courts also have held that debtors are barred by the doctrine of judicial estoppel from bringing unscheduled claims. *See* Coffaro v. Crespo, 721 F.Supp.2d 141, 145 (E.D.N.Y.2010) ("[J]udicial estoppel is commonly invoked in order to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy." (internal quotation marks omitted)).

**\*5** Here, Plaintiff apparently listed in the Schedule her FDCPA claim for an estimated $1,000 against NCOP, but did not list a claim against Forster,[2] and the trustee did not bring claims against either NCOP or Forster. (*See* Defs.' Mem. 12; Pl.'s Opp'n 15.) The issue thus becomes whether the description of Plaintiff's FDCPA claim in the Schedule was sufficiently detailed under 11 U.S.C. § 521(a)(1) for claims against Forster to have been abandoned. The statute does not provide guidance as to the level of detail necessary in a schedule of assets and, as one court in this circuit noted, "few courts have addressed the level of specificity with which debtors must describe assets in order to comply with 11 U.S.C. § 521(a)(1)." Tilley v. Anixter Inc., 332 B.R. 501, 509 (D.Conn .2005). However, a review of authority from outside of this circuit and from courts of concurrent jurisdiction inside this circuit reveals that courts typically look at whether the schedule gives the trustee enough information about the claim so he or she can decide if the claim is worth pursuing. *See* In re Furlong, 660 F.3d 81, 87 (1st Cir.2011) ("As investigation is part of the Trustee's duties under § 704, a debtor is required only to do enough itemizing to enable the trustee to determine whether to investigate further." (citations and internal quotation marks omitted)); Cusano v. Klein, 264 F.3d 936, 946 (9th Cir.2001) (Schedule was adequate where "listing was not so defective that it would forestall a proper investigation of the asset."); Payne v. Wood, 775 F.2d 202, 206 (7th Cir.1985) (Purpose of schedule of assets "is to allow the trustee to decide which claims to challenge."); Tilley, 332 B.R. at 509 ("[I]n order for a bankruptcy trustee to accurately determine how much property an estate has available for distribution to creditors, the schedule of assets must put him or her on notice of all potential assets.").

The court agrees that it is sensible to require debtors to provide enough information for the trustee to be able to determine whether it is in the best interests of the estate to pursue the claim. If the trustee cannot evaluate the claim, then the estate's creditors may be deprived of a valuable asset. On the other hand, if the trustee has enough information to decide that the claim is not worth pursuing and no claim is brought, the creditors and the courts can be assured that the trustee made a purposeful decision to abandon the claim. In this instance, based on the parties' representations, it appears that the Schedule provided sufficient information about Plaintiff's potential FDCPA claims for the trustee to have been able to make an educated decision not to bring the claims against both Defendants. Even though the Schedule did not list Forster as a possible defendant in any FDCPA action, a minimal investigation by the trustee would have revealed that Forster was a potential defendant in any such an action. The trustee would have needed only to take a cursory look at the Collection Letter to see that it was written on Forster's letterhead and sent from Forster's offices. The trustee then easily could have decided that Forster was responsible for any alleged FDCPA violations arising out of the Collection Letter. Thus, the trustee abandoned Plaintiff's FDCPA action against both NCOP and Forster when it did not bring FDCPA claims before Plaintiff's bankruptcy case was closed. Accordingly, Plaintiff is not barred from bringing this action either on standing or judicial estoppel grounds.

**Eun Joo Lee v. Forster & Garbus LLP, --- F.Supp.2d ---- (2013)**

**CONCLUSION**

**\*6** For the foregoing reasons, Defendants' motion to dismiss is denied in its entirety.

SO ORDERED.

Footnotes

1   Defendants suggest in their reply memorandum of law that a check made payable to "NCOP XI, LLC A/P/O CAPITAL ONE" would have been acceptable. (Defs.' Reply Mem. of Law, Dkt. Entry 15, at 2.) Defendants' conjecture is not supported by any of the allegations in the amended complaint or the Collection Letter incorporated therein and, therefore, cannot be considered by this court. See *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 191 (2d Cir.2007) (On the motion to dismiss, the court's review "is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference.").

2   Neither party submitted the Schedule to this court, but the court assumes for discussion purposes that the above description generally is accurate because the parties do not appear to dispute that the Schedule listed the FDCPA claim against NCOP but not against Forster.