**KDVG**
KAUFMAN DOLOWICH VOLUCK & GONZO LLP
ATTORNEYS AT LAW

**135 Crossways Park Drive, Suite 201**
**Woodbury, New York 11797**
**Tel: (516) 681-1100**
**Fax: (516) 681-1101**

March 7, 2013

**VIA ECF**
Hon. Frederic Block
United States District Court - EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Fritz v. Resurgent Capital Services, LP, et. al.
             Case No.: 11-CV-3300 (FB) (VVP)

Dear Judge Block:

    This firm represents the Defendants in the above-referenced matter. We respectfully submit this letter in response to the letter of supplemental authority filed by Plaintiffs' counsel on March 4, 2013 in opposition to Defendants' motion to dismiss.

    The case relied upon by Plaintiffs, Eun Joo Lee v. Forster & Garbus LLP, 12-CV-420 (DLI)(CLP), 2013 WL 776740 (E.D.N.Y. Mar. 1, 2013), is distinguishable from the facts at bar. Most critically, the Court did not consider the numerous cases on materiality, despite the fact that the Second Circuit has now adopted the materiality requirement for FDCPA claims in this Circuit. See Gabriele v. American Home Mortgage Servicing, Inc., 2012 U.S. App. LEXIS 24478 (2d Cir. Nov. 27, 2012).[1] Furthermore, the Court in Lee noted in its decision that the plaintiff's complaint did not claim that the letter at issue was misleading because it provided the name of the original creditor. Instead, the complaint alleged that the letter "was misleading because it provided the name of the creditor, followed by an odd abbreviation and the name of the original creditor, and did not identify NCOP and Capital One as the current creditor and the original creditor, respectively." Lee, 2013 WL 776740, at *3. The main concern addressed in the Lee decision was the inclusion of the term "A/P/O" in the collection letter, which was not defined therein or in the defendants' motion papers. Id.

    In this action, there was no confusion in the collection letters since there were no confusing abbreviations used therein. As admitted by Plaintiffs in their pleadings in our case (as opposed to the Lee case), they knew where the underlying debts arose from and were not

---

[1] A review of the ECF docket in Lee reveals that the briefing was completed before the Gabriele decision was published and no party brought the decision to the Court's attention in connection with the motion.

Hon. Frederic Block
March 7, 2013
Page 2

confused when they received the letters. The misidentification of Resurgent instead of LVNV in the letters had no impact on Plaintiffs' ability to respond to or otherwise dispute their debts.

Furthermore, throughout their Complaint, Plaintiffs allege that Resurgent and LVNV are related companies. See Second Amended Complaint, ¶¶15-24. Therefore, unlike the Lee case, naming Resurgent instead of LVNV the letters and underlying litigations was immaterial because if Plaintiffs hypothetically paid the debt to Resurgent as the servicer for LVNV, there could be no confusion about whether the debt had been satisfied (contrary to the hypothetical posed by the Court in Lee).

For these reasons, we respectfully request that the Court disregard the holding in the Lee case as it is not controlling and inapposite with the claims asserted at bar.

Thank you for your time and consideration.

                            Respectfully submitted,
                            Kaufman Dolowich Voluck & Gonzo LLP

                            By: _____
                                Brett A. Scher

cc:    Ahmad Keshavarz, Esq. (*via ECF*)

4849-7977-4227, v. 1