## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Giselle Fritz f/k/a Giselle Carter | § | |
| Evan Davis | § | **Case No.:  1:11-cv-03300-FB-VVP** |
| Jason Spiegel-Grote | § | |
| Patricia Casertano | § | |
| On behalf of themselves and all others | § | |
| similarly situated | § | |
| Plaintiffs | § | |
| v. | § | |
| Resurgent Capital Services, LP | § | |
| LVNV Funding, LLC | § | |
| Alegis Group, LLC | § | |
| Mel S. Harris and Associates, LLC | § | |
| David Waldman | § | |
| Resurgent Capital Services, LLC | § | |
| Defendants | § | |

### Settlement Agreement And Stipulation

This Settlement Agreement and Stipulation (the "Settlement Agreement") is entered into as of August 13, 2015, between Giselle Fritz f/k/a Giselle Carter, Evan Davis, Jason Spiegel-Grote and Patricia Casertano ("Plaintiffs" or "Class Representatives," as defined in Paragraph 1.9 below), individually and on behalf of the "Class Members" and "Settlement Classes" (as defined in Paragraphs 1.6 and 1.34 below), and Defendants Resurgent Capital Services, LP, LVNV Funding, LLC, Alegis Group, LLC, Mel S. Harris and Associates, LLC , David Waldman and Resurgent Capital Services, LLC.

**WHEREAS,** on July 8, 2011, Plaintiff Giselle Fritz f/k/a Giselle Carter filed a class action complaint (the "Complaint") and, on the same day, an amended complaint (the "Amended Complaint") against Defendants, asserting class claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and N.Y. Gen. Bus. Law § 349 *et seq.* ("GBL 349").  A Second Amended Complaint was subsequently filed (the Complaint, Amended Complaint and Second Amended Complaint and all the allegations therein are collectively the

1

"Action," as defined in Paragraph 1.1 below).  Defendants duly filed their Answer to the Amended Complaint and Second Amended Complaint.  Defendants deny any and all liability asserted in the Action; and

**WHEREAS**, the Parties engaged in discovery and exchanged substantial information about the claims of Plaintiffs and the classes alleged in the Action.  Class Counsel (as defined in Paragraph 1.5 below) has investigated the facts through discovery and the applicable law.  Class Counsel has taken several depositions and obtained written discovery responses and documents from Defendants.  Further, Defendants warrant that, unless otherwise expressly disclaimed in this Agreement, their testimony and records are truthful, accurate, and contain no significant omissions, as are their representations as to Sections 4 and 5 below, and the subsections thereof. Defendants acknowledge that Plaintiffs and Class Counsel have relied on this information in agreeing to this Settlement Agreement; and

**WHEREAS**, the Parties have also engaged in extensive settlement discussions and arm's-length negotiations. The Parties have reached an agreement on the salient terms of a settlement, with the detailed terms of the settlement outlined below; and

**WHEREAS,** the purpose of this Agreement is to memorialize the settlement finally reached between the Parties; and

**WHEREAS,** based on the investigation, research and analysis conducted to date, the Plaintiffs consider it desirable and in their best interests, and in the interests of the Class Members and the Settlement Classes, to reach an equitable, appropriate, resolution of the issues raised in the Action, on the terms set forth herein, taking into account the risks and uncertainties involved in this Action, as well as other relevant considerations, including, but not limited to, the time and expense of litigation, and to fully and finally resolve all claims asserted in the Action;

2

and

**WHEREAS,** the Parties have agreed that Plaintiffs shall seek conditional certification of four Settlement Classes, to have one or more of Plaintiffs **Giselle Fritz f/k/a Giselle Carter, Evan Davis, Jason Spiegel-Grote, and Patricia Casertano** appointed a representative of the Settlement Classes, and to have Ahmad Keshavarz, The Law Office of Ahmad Keshavarz, Charles Delbaum, the National Consumer Law Center, and Matthew Schedler, CAMBA Legal Services, Inc. appointed to serve as counsel to each of the Settlement Classes.

**NOW, THEREFORE,** in consideration of the mutual promises and covenants contained in this Settlement Agreement, and subject to preliminary and final approval by the Court as provided herein pursuant to Rule 23 of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed by and between the Class Representatives, acting for themselves and on behalf of the Settlement Class, and Defendants, that all claims, rights and causes of action, state or federal, and including damages, losses and demands of any nature, that have been, or could have been asserted by the Class Representatives relating to the nucleus of operative facts alleged in the Action, for themselves and on behalf of the Settlement Class in the Action shall be settled, released and dismissed with prejudice upon and subject to the following terms and conditions, subject to approval by the Court.

1.    <u>**Definitions.**</u> The following terms shall have the following meanings in this Settlement Agreement.

1.1.    "**Action**" means *Giselle Fritz f/k/a Giselle Carter, et al. v. Resurgent Capital Services, LP, et al,*, Case No. 1:11-cv-03300-FB-VVP (E.D.N.Y.) and all claims asserted, or which could have been asserted arising from the nucleus of operative facts alleged in the Action, by the Class Representatives, on behalf of themselves or on behalf of the Settlement

3

Classes.

       **1.2.** "**Additional Terms and Conditions**" means the terms and conditions of the Settlement to be presented by Plaintiffs in the Motion for Preliminary Approval concerning notice procedures and the distribution of the Settlement Fund among the Settlement Class Members, Class Representatives and Class Counsel.

       **1.3.** "**Alegis**" means Defendant Alegis Group, LLC.

       **1.4.** "**Benefit Check**" means a check to be sent to those eligible Settlement Class Members who shall receive monetary compensation.

       **1.5.** "**Class Counsel**" means Ahmad Keshavarz, The Law Office of Ahmad Keshavarz, 16 Court St., 26th Floor, Brooklyn, NY 11241, Charles Delbaum, the National Consumer Law Center, 7 Winthrop Square, Boston MA 02110, or Matthew Schelder, CAMBA Legal Services, Inc., 885 Flatbush Avenue, 2nd Floor, Brooklyn NY 11226.

       **1.6.** "**Class Members**" or "**Members of the Class**" means, unless otherwise specified, members of the Lack of Standing Class, Unlicensed Class, Credit Reporting Class, and Misidentification Class.

       **1.7.** "**Class Notice**" means the mailed notice of the proposed Settlement that is contemplated by this Settlement Agreement and approved by the Court, advising the Class Members of the Settlement, Fairness Hearing, Preliminary Approval and all other notices required by the Preliminary Approval.

       **1.8.** "**Class Period**" means a period of time ending on the date of Preliminary Approval and beginning:

       **1.8.1.** for the Lack of Standing Class, on July 8, 2010 for claims arising under the FDCPA and July 8, 2008 for claims arising under the GBL 349;

4

**1.8.2.** for the Unlicensed Class, on July 8, 2010 for claims arising under the FDCPA and July 8, 2008 for claims arising under the GBL 349;

**1.8.3.** for the Misidentification Class, on July 8, 2010 for claims arising under the FDCPA and July 8, 2008 for claims arising under the GBL 349; and

**1.8.4.** for the Credit Reporting Class, on April 16, 2011 for claims arising under the FDCPA and April 16, 2009 for claims arising under the GBL 349.

**1.9.** "**Class Representatives**" means each of the Plaintiffs who are proposed to the Court to represent one or more of the Settlement Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure in the Motion for Preliminary Approval.

**1.10.** "**Credit Reporting Agency**" shall have the meaning ascribed to a "consumer reporting agency" under the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).

**1.11.** "**Credit Reporting Class**" means all persons during the Class Period who, according to Defendants' records, have addresses, or who during the Class Period had addresses, within New York State and who had a lawsuit filed against them by any of the Defendants where the amount of a Debt reported to any Credit Reporting Agency included an amount for costs that was not awarded by a court in an underlying action to collect the Debt.

**1.12.** "**Debt**" shall have the meaning ascribed to it by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(5).

**1.13.** "**Credit Reporting Injunction**" shall have the meaning set forth in Paragraph 5.5 below.

**1.14.** "**Defendants**" means Harris, LVNV, Resurgent LP, and Resurgent LLC, jointly and severally.

**1.15.** "**Effective Date**" means the date this Agreement shall be effective,

specifically, when all of the following have occurred: (1) the Court has entered the Preliminary Approval Order; (2) the Court has entered a Final Judgment and the Final Judgment has become Final and non-appealable.

      **1.16.** "**Fairness Hearing**" means the hearing to be held by the Court to consider the final approval of the Settlement pursuant to Federal Rule of Civil Procedure 23.

      **1.17.** "**Final Judgment**" means this Court's Final Judgment and Order Approving the Settlement.

      **1.18.** Any order or judgment of the Court contemplated by or entered pursuant to this Settlement Agreement shall be deemed to have become "**Final**": (a) 30 days after the entry of the Final Judgment on the docket, if no appeal is taken during such 30-day period; or (b) if, during the aforesaid 30-day period, an appeal is taken from such Final Judgment, the date upon which all appeals, including petitions for review, rehearing, certiorari, and any proceedings resulting there from, have been finally disposed of.

      **1.19.** "**Harris**" means Defendant Mel S. Harris and Associates, LLC.

      **1.20.** "**Lack of Standing Class**" means all persons during the Class Period who, according to Defendants' records have addresses, or who had addresses during the Class Period, within New York State, and who had a lawsuit filed against them in a New York Court by Resurgent Capital Services, LLC to collect a Debt in which it was alleged that Resurgent Capital Services, LLC was the purchaser, owner or assignee of, or owned or retained all beneficial rights and interests in the Debt.

      **1.21.** "**LVNV**" means LVNV Funding, LLC.

      **1.22.** "**Misidentification Class**" means all persons during the Class Period who, according to Defendants' records have addresses, or who during the Class Period had addresses,

within New York State, and Defendants either sent a written communication (including pleadings) that stated that Resurgent Capital Services, LLC was the purchaser and assignee of the Debt claimed against the person; or to whom Defendants sent a written communication that was materially identical or substantially similar to the May 27, 2010 letter sent to Plaintiff Giselle Fritz f/k/a Giselle Carter (DE 1 p. 36, of the Action).

      1.23.   "**Motion for Preliminary Approval**" means the motion by which is sought "Preliminary Approval" as defined in Paragraph 1.25.

      1.24.   "**Plaintiffs**" means Giselle Fritz f/k/a Giselle Carter, Evan Davis, Jason Spiegel-Grote, and Patricia Casertano

      1.25.   "**Preliminary Approval**" means the order or orders of the Court preliminarily approving the terms and conditions of this Settlement Agreement, the Additional Terms and Conditions to be proposed by the Class Representatives in the Motion for Preliminary Approval and the Settlement.

      1.26.   "**Released Claims**" means those claims released by the Plaintiffs, Class Representatives, Class Members and Settlement Classes set forth in Paragraphs 6.1 and 6.2 of this Settlement Agreement.

      1.27.   "**Response Deadline**" means the date by which all elections to opt-out and objections must be made, as determined by the Court.  This date shall be no later than 30 days prior to the Fairness Hearing.

      1.28.   The "**Resurgent Defendants**" means Resurgent LP, Resurgent LLC, LVNV, and Alegis.

      1.29.   "**Resurgent LLC**" means Defendant Resurgent Capital Services, LLC.

      1.30.   "**Resurgent LP**" means Defendant Resurgent Capital Services, LP.

7

1.31.   "**Settlement**" means the terms and conditions contained in this Settlement Agreement and the Additional Terms and Conditions to be proposed by the Class Representatives in the Motion for Preliminary Approval.

1.32.   "**Settlement Administrator**" means the independent class action settlement administration company retained for purposes of administering the Settlement. The Parties have agreed to First Class, Inc. as the Settlement Administrator.

1.33.   "**Settlement Administration Costs and Expenses**" means all costs and expenses connected with obtaining the services of a Settlement Administrator to facilitate the Settlement, including, but not limited to, skip-tracing, payments to Class Members, printing and mailing the Class Notices and Benefit Checks to Class Members, processing claims, and managing the Settlement Fund.

1.34.   "**Settlement Classes**" means the Lack of Standing Class, Unlicensed Class, Credit Reporting Class, and Misidentification Class, collectively.

1.35.   "**Settlement Class Members**" means those Class Members who do not opt-out of the Settlement pursuant to the procedures herein and approved by the Court.

1.36.   "**Settlement Fund**" shall have the meaning set forth in Paragraph 5.10, below.

1.37.   "**Unlicensed Class**" means all persons during the Class Period who, according to Defendants' records have addresses, or who during the Class Period had addresses, within New York State and who had a lawsuit filed against them by Defendants to collect a Debt that listed on the complaint a debt collection license number other than that of the plaintiff named in the lawsuit.

8

1.38.   "**Waldman**" means Defendant David Waldman.[1]

2.      **Submission of Settlement Agreement for Preliminary Approval and Order**

2.1.    Upon execution of this Settlement Agreement, the Class Representatives shall promptly move the Court for Preliminary Approval.  The Class Representatives will file a motion for Preliminary Approval, attaching as exhibits this Settlement Agreement, a proposed preliminary approval order including the Additional Terms and Conditions, a proposed Class Notice for each of the Settlement Classes, and a proposed Final Order (the "Motion for Preliminary Approval").  The fact that the Court may require minor changes in the proposed notices or orders contained in the Motion for Preliminary Approval does not invalidate this Settlement Agreement.  Defendants shall not oppose the Motion for Preliminary Approval. The Class Representatives will provide Defendants copies of the Class Notice prior to filing of the motion for preliminary approval, and will consider in good faith any suggested changes. If the Parties are unable to agree as to the form and content of notice, however, the issue will be submitted to the Court for resolution.  The Order of Preliminary Approval shall include the following terms:

2.1.1.  Preliminarily approving the Settlement on behalf of each of the four Settlement Classes to be conditionally certified under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and consisting of all Class Members.

2.1.2.  Approving and directing that a Class Notice be mailed to the appropriate Class Members of each of the Settlement Classes.  The Class Notice shall be mailed no later than thirty (30) days after entry of Preliminary Approval ("Notice Deadline").

---

[1] For purposes of the Settlement, the term "Defendants" excludes Defendant Waldman. After the execution of this Settlement Agreement by all parties, and prior to submission of the Settlement for court approval, Plaintiffs will file a discontinuance with prejudice as to Defendant Waldman.

Last Saved: 8/26/2015 1:21 PM
140622.00623/101323422v.3

**2.1.3.**  Determining, pursuant to Federal Rule of Civil Procedure 23 that such notification procedures will provide the best notice practicable under the circumstances and constitute due and sufficient notice to all persons entitled thereto

**2.1.4.**  Providing that any Class Member may opt-out of the Settlement by mailing to the Settlement Administrator a written request for exclusion containing the Class Member's name, address, signature, and a statement that the Class Member chooses not to participate in the Settlement.  The written request for exclusion must be post-marked no later than sixty (60) days after the Notice Deadline.

**2.1.5.**  Providing that all Class Members who do not timely and properly elect to opt-out of the Settlement will be bound by the Settlement and Released Claims, and shall be deemed to be a Settlement Class Member.

**2.1.6.**  Providing that any Class Member who timely and properly elects to opt-out of the Settlement may proceed with his own action and will not be bound by the Settlement.

**2.1.7.**  Providing that any member of the Settlement Class who objects to the approval of the Settlement in compliance with the provisions for objections in this Settlement Agreement and the Class Notice may appear at the Fairness Hearing and show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon.  Any such objections or any petition to intervene in the Action must be submitted in writing, must state with specificity the grounds for the objection, must attach copies of all documents on which the objector intends to rely, must include the Class Member's name, address, telephone number and signature, and must be served on Class Counsel, the attorneys for

10

Defendants, and filed with the Court on or before the deadline provided in the Class Notice.  Class Members who do not submit objections may not appear at the Fairness Hearing.

**2.1.8.**  Certifying the Action as a Class Action for settlement purposes only on behalf of each of the Settlement Classes.

**2.1.9.**  Appointing Ahmad Keshavarz, The Law Office of Ahmad Keshavarz, 16 Court St., 26th Floor, Brooklyn, NY 11241, Charles Delbaum, the National Consumer Law Center, 7 Winthrop Square, Boston MA 02110, and/or Matthew Schedler, CAMBA Legal Services, Inc., 885 Flatbush Avenue, 2nd Floor, Brooklyn NY 11226 as Class Counsel

**2.1.10.**  Appointing each or all of Plaintiffs Giselle Fritz f/k/a Giselle Carter, Evan Davis, Jason Spiegel-Grote and Patricia Casertano as Class Representatives of one or more of the Settlement Classes.

**2.1.11.** Scheduling a Fairness Hearing to be held: (a) to determine the reasonableness, adequacy and fairness of the Settlement for purposes of Federal Rule of Civil Procedure 23; (b) to determine reasonable attorney fees and costs for Class Counsel and incentive awards for the Class Representatives; and (c) to determine whether Final Judgment should be entered in accordance with the terms of the Settlement.

**2.1.12.** Providing that the Settlement Administrator shall provide to the Parties the timely and valid elections by Class Members to opt-out or a list identifying those Class Members who submitted timely and valid elections to opt-out by no later than seven (7) days after the Claims Deadline.

**2.1.13.** Providing that no person shall be entitled to contest the approval of the

Last Saved: 8/26/2015 1:21 PM
140622.00623/101323422v.3

terms and conditions of the Settlement or the Final Judgment except by filing and serving written objections in accordance with the provisions of this Settlement Agreement and the Preliminary Approval.  Any member of the Settlement Class who fails to object in the manner prescribed shall be deemed to have waived, and shall be foreclosed forever from raising, objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which otherwise were at issue in this Action.

**2.1.14.** Authorizing the use and disclosure by Defendants and Class Counsel of such information as is contemplated and necessary to effectuate the terms and conditions of the Settlement, and to protect the confidentiality of the names and addresses of Class Members or other confidential or proprietary information pursuant to the terms of the Settlement.

**2.1.15.** Entering a Stay of the Action pending administration of the Settlement Classes or disapproval of the Settlement.

**3.**   **Fairness Hearing.**

**3.1.**   On the date set by the Court for the Fairness Hearing, the parties shall jointly request the Court to review any petitions to intervene and proper and timely objections to the Settlement and to conduct such other proceedings as the Court may deem appropriate under the circumstances.   At the Fairness Hearing, the Class Representatives shall request the Court to enter Final Judgment:

**3.1.1.** Determining that the mailing of the Class Notice to all Class Members in the manner provided herein and preliminarily approved by the Court was the best method of notice practicable under the circumstances, constituted due and sufficient notice to all

Last Saved: 8/26/2015 1:21 PM
140622.00623/101323422v.3

persons entitled thereto, and satisfied the requirements of Federal Rule of Civil Procedure 23.

**3.1.2.**   Approving the Settlement; finding that its terms are fair, reasonable and adequate to the Settlement Classes, for purposes of Federal Rule of Civil Procedure 23; and directing the consummation of the Settlement in accordance with the terms and conditions of this Settlement Agreement

**3.1.3.**   Certifying each of the Settlement Classes for settlement purposes only pursuant to Federal Rule of Civil Procedure 23.

**3.1.4.**   Providing that each Settlement Class Member shall be bound by the Settlement; releasing and discharging all Released Claims; barring and permanently enjoining all Class Members from asserting any of the Released Claims in any court or forum whatsoever; and entering Final Judgment thereon with a finding that there is no just reason to delay enforcement or appeal.

**3.1.5.**   Awarding Class Counsel reasonable attorneys' fees and costs as provided in Paragraph 5.7 subject to Court approval.

**3.1.6.**   Awarding the Class Representatives incentive awards as provided in Paragraph 5.8, subject to Court approval.

**3.1.7.**   Reserving jurisdiction over all matters relating to the administration, implementation, effectuation and enforcement of this Settlement Agreement.

**3.1.8.**   Awarding such other and further relief consistent with the terms and provisions of the Settlement, as the Parties hereto may agree.

**4.**   **Notice of Class Settlement.**

**4.1.**     Within ten (10) days after entry of Preliminary Approval, Defendants shall provide to the Settlement Administrator an electronic list of the names and last known addresses of all Class Members ("Class List").

**4.2.**     Defendants represent that to the best of their knowledge based on a thorough review of its records of customer accounts, including electronic records, the number of Class Members are as follows:

**4.2.1.**  "Lack of Standing Class:" <u>537</u>.

**4.2.2.**  "Unlicensed Class:" <u>537</u>.

**4.2.3.**  "Misidentification Class:" <u>4,942</u>.

**4.2.4.**   "Credit Reporting Class:" <u>56,545</u>.

**4.3.**     Within thirty (30) days after entry of Preliminary Approval, the Settlement Administrator will send to each Class Member a Notice, by first class mail, postage pre-paid, addressed to his or her last known address, as shown by the records of Defendants. The envelopes shall be marked "address correction requested." To the extent necessary, and to correct addresses for returned mail, the Settlement Administrator will process Class Member addresses through a National Change of Address ("NCOA") database, and re-mail the Notices one time.  It is agreed by the Parties that this procedure constitutes an appropriate effort to locate current addresses for Class Members.  No additional efforts shall be required.

**5.**     <u>**Benefits to Settlement Class and Plaintiffs, and Attorney's Fees and Costs.**</u>

**5.1.**    <u>Settlement Fund</u>.  Within seven (7) days of the Effective Date, Defendants shall pay <u>$280,000</u> into a settlement fund to be established by the Settlement Administrator ("Settlement Fund").  The Settlement Fund shall be held in a segregated, interest-bearing bank account to be established by the Settlement Administrator.  This payment shall satisfy all of

14

Defendants' monetary obligations under the Settlement Agreement, including, inter alia, for damages, incentive awards, attorney's fees and costs, exclusive of Settlement Administration Costs and Expenses, which are at Defendants' additional expense.

        5.2.   <u>Division of Settlement Fund.</u> Defendants will not oppose Plaintiffs' proposed division of the Settlement Fund during the class action settlement approval process and in the Motion for Preliminary Approval (i.e., division of money to Settlement Class Members for damages, incentive awards to class representatives, or payment to counsel for attorney's fees, or for payment to class members as actual damages or statutory damages).

        5.3.   <u>Vacating judgments in the name of Resurgent LLC</u>.  Defendants shall vacate judgments in the name of Resurgent LLC against Class Members and discontinue those actions with prejudice. Defendants shall not issue 1099-Cs to Class Members in connection with or as a result of said actions. Defendants represent that there are <u>38</u> such persons and that the current amount of the judgments to be vacated is approximately <u>$164,000</u>.  Defendants are not obligated to return any funds that may have been collected from Class Members pursuant to these judgments or any settlements with any Class Member consummated prior to this agreement.

        5.4.   <u>Discontinuance with prejudice of pending suits.</u>  By September 11, 2015, Defendants shall sign and attempt to file notices of discontinuance with prejudice in all pending lawsuits against members of the Lack of Standing Class currently pending in the name of Resurgent LLC, except for any members of the Lack of Standing Class who are currently in bankruptcy.  Defendants represent that at the time of the execution of this agreement there are two Lack of Standing class members that this affects. Defendants represent there are 103 lawsuits currently pending in the name of Resurgent LLC, with a principal amount claimed due

Last Saved: 8/26/2015 1:21 PM
140622.00623/101323422v.3

in the collection lawsuit complaints of $376,728.87.  The form of the notice of discontinuance shall be materially identical or substantially similar to the one attached to this settlement agreement, except that the discontinuance shall be with prejudice. Defendants' obligation shall be limited solely to the presenting of the notices of discontinuance to the respective clerks whether by mail or in person, and mailing a copy of the notices of discontinuance to the consumer named as a defendant at the last known address in Harris' possession, custody or control.  It is expressly agreed that if the stipulations of discontinuance are rejected or not accepted by the respective clerks at the time of filing (for any reason), Defendants will still be deemed to have satisfied their obligations and have no further obligations under this section of the Settlement Agreement. Defendants shall provide file-stamped copies of any stipulations of discontinuance that they receive from the clerk to Plaintiffs' counsel, Ahmad Keshavarz.   Defendants shall not issue 1099-Cs to members of the Lack of Standing Class in connection with or as a result of said filings.  Plaintiffs acknowledge that the discontinuance is only applicable to bar a future claim by Resurgent LLC. All members of the Lack of Standing Class, including those who may hereafter file for bankruptcy protection under the United States Bankruptcy Code (the "Bankruptcy Code"), waive any claim they may have to challenge the actions undertaken by Defendants pursuant to this Paragraph as a violation of (a) the automatic stay pursuant to the Bankruptcy Code, (b) the permanent injunction pursuant to the Bankruptcy Code, and (c) any federal or state law, including without limitation, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and Section 349 of the New York General Business Law.

      **5.5.**   <u>Credit Reporting Injunction</u>.   Resurgent LP and LVNV agree to an injunction to be entered within 30 days of the Effective Date, requiring them to delete any existing tradeline for the Debt currently being reported to the Credit Reporting Agency for all

16

members of the Credit Reporting class. As of the date of the date of this agreement the amount being reported is approximately $3.5 million.

The Class Members understand and agree that Defendants do not control any Credit Reporting Agency but only "furnish" information to Credit Reporting Agencies, as the term "furnish" is used and defined by the Fair Credit Reporting Act.  As such, the Parties agree that Defendants shall be deemed to have complied with the Credit Reporting Injunction under this Section upon the timely submission of a Universal Data Form ("UDF") to all Credit Reporting Agencies to which Defendants have "furnished" information concerning a Class Member and a Debt included in the Credit Reporting Class.

5.6.     Payments to Class Members. In addition to the non-cash benefits to Class Members noted above, $139,515 of the Settlement Fund will be distributed as follows:  The 4,962 members of the Misidentification Class will each receive $20.00, for a total amount of $99,240.  The 537 members of the Lack of Standing and Unlicensed Class will each receive $75.00, for a total amount of $ 40,275.   (The members of the Lack of Standing Class are identical to the members of the Unlicensed Class). Awards to Plaintiffs pursuant to paragraph 5.10 are in addition to the $139.515 payment to Class Members.

5.7.     Attorney's fees and costs. Class Counsel will file a motion for approval of reasonable attorneys' fees, costs, and expenses and seek $132,485.  Class Counsel represent that their lodestar is more than twice the amount of fees for which they will seek court approval pursuant to this Settlement.  Defendants will not oppose said motion. If approved by the Court, attorney's fees and costs will be paid from the settlement fund.

5.8.     Affidavit of Crediting of Payments.  Within 30 days of the Effective Date, Resurgent LP shall provide an affidavit to Class Counsel that all payments made by Class

Members in connection with any lawsuit brought to collect a Debt against a Class Member commenced in the name of Resurgent LLC has been credited against the Class Members Debt with LVNV and/or Resurgent LP and any settlement agreement concerning any Debt of a Class Member entered into by any Class Member with Resurgent LLC will be honored by Resurgent LP and LVNV as if the agreement had been between the Class Member and Resurgent LP or LVNV.

      **5.9.**   <u>Settlement Administration.</u> All Settlement Administration Costs and Expenses, will be at Defendants' expense, subject to approval by the Court.

      **5.10.**   <u>Award to Plaintiffs.</u> Subject to Court approval, the Plaintiffs shall be entitled to an incentive award for prosecuting this Action and for serving as a Class Representative and for their individual damages. Such incentive award payment shall be made from the Settlement Fund within seven (7) days after the Effective Date.  If the Court does not approve the incentive award or the amount of the incentive award for any Plaintiff, this Settlement Agreement shall remain effective but the unapproved amount of each incentive award shall be re-allocated on a pro rata basis to the awards to Class Members.  The incentive awards to be requested for each of the Plaintiffs are as follows:

      **5.10.1.** Giselle Fritz f/ka Giselle Carter: $1,500.

      **5.10.2.** Jason Spiegel-Grote: $1,500.

      **5.10.3.** Patricia Casertano: $2,500.

      **5.10.4.** Evan Davis: $2,500.

      **5.11.**   <u>Payments</u>.

      **5.11.1.** All payments to be made from the Settlement Fund are subject to Court approval.

18

**5.11.2.** The Benefit Checks to Settlement Class Members shall be mailed within 15 days of the Effective Date by first class mail, postage pre-paid, addressed to the Class Member's last known address, as shown by the records of Defendants, or as updated after being processed through the NCOA database.  If a mailing is returned with a forwarding address provided by the postal service, it will be re-mailed to the address or addresses provided. Such checks will become void 180 days from the date of issue.

**5.11.3.** In the event the Settlement Administrator has been informed that a class member who is entitled to payment is deceased, it shall issue the amount to a person reasonably believed to be a member of that person's household, upon presentation of reasonable written documentation by such person to it.

**5.11.4.** All payments pursuant to this Agreement shall be paid solely from the Settlement Fund and payments from the Settlement Fund and Defendants' agreement as expressed herein shall be the exclusive remedy for all Class Members.

**5.12.**   <u>Unclaimed amounts</u>.  There will be no reverter of any sums remaining in the Settlement Fund.  Any amounts for class members who cannot be located or who fail to cash their checks within 30 days of the void date or which otherwise cannot be distributed to Class Members will be paid on a *cy pres* basis to <u>Fordham Law School Feerick Center for Social Justice</u>, a New York legal services entity agreed upon by the parties that provides consumer credit services to consumers (the "Cy Pres Payment"), if approved by the Court.

**6.**   **<u>Release of Claims.</u>**

**6.1.**   <u>Release by Class Representatives</u>. Upon the Effective Date, the Class Representatives release Defendants, their former and present officers, shareholders, directors, members, partners, associates, assignees, successors, predecessors, subsidiaries, parent

19

companies, divisions, affiliates, attorneys, employees and agents, from any and all claims, known or unknown, that were or could have been brought in the Action that arise from the same common nucleus of facts as the claims alleged in the Action during the Class Period.

6.2.   <u>Release by Class Members.</u>   Upon the Effective Date, the Class Members release Defendants, their former and present officers, shareholders, directors, members, partners, associates, assignees, successors, predecessors, subsidiaries, parent companies, divisions, affiliates, attorneys, employees and agents, from any and all claims, known or unknown, that were or could have been brought in the Action that arise from the same common nucleus of facts as the claims alleged in the Action during the Class Period.

7.   **<u>Termination of Agreement.</u>**   Upon entry of an order by the Court that invalidates or disapproves the Settlement, or which alters any material term of this Settlement without the Parties' consent, any party to the Settlement shall have the right to nullify and to void the Settlement, and the Settlement and Settlement Agreement thereafter shall have no further force and effect with respect to any party in this Action.   In the event that the Court conditions its preliminary or final approval of the Settlement on any changes to the Settlement, the Parties shall in good faith consider such changes and consent to them if they do not materially alter the obligation of the Party.   Changes that shall be deemed to materially change the obligation of a Party include, but are not limited to, changes that affect (a) any of the monetary payments required in the Settlement; (b) the scope of the release to be granted; (c) the definition of any of the Settlement Classes or Class Members; (d) the number of the Settlement Classes that will be certified in the Final Judgment; (e) the scope of the Credit Reporting Injunction; or (f) a provision expressly noted as material in this Agreement.   Changes that merely alter wording or

that reasonably modify timing of any event do not substantively change the Parties' obligations under this Settlement Agreement.

**Miscellaneous Provisions**

8.      In the event the Settlement is nullified or terminated pursuant to Paragraph 7, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection with this Settlement shall be without prejudice to any party and shall not be admissible into evidence, and shall not be deemed or construed to be an admission or confession by any party of any fact, matter or proposition of law, and shall not be used in any manner for any purpose, and all Parties to this Action shall stand in the same position as if this Settlement had not been negotiated, made or filed with the Court.

9.      Solely for the purposes of Settlement, providing Class Notice and implementing this Agreement, the Parties agree to conditional certification of the Settlement Classes. Preliminary certification of the Settlement Classes shall not be deemed a concession that certification of a litigation class is appropriate, nor are Defendants precluded from challenging class certification in proceedings in the Action or in any other action if the Settlement is not finalized or finally approved, or is otherwise terminated pursuant to Paragraph 7.   If the Settlement is not finally approved by the Court for any reason whatsoever, or is terminated pursuant to Paragraph 7, the certification of the Settlement Classes will be void, and no doctrine of waiver, estoppel or preclusion may be asserted in any litigated certification proceedings in the Action or in any other action.   No agreements made by or entered into by Defendants in connection with the Settlement may be used by Plaintiffs, any person in the proposed Settlement Classes or any other person to establish any of the elements of class certification in any litigated

Last Saved: 8/26/2015 1:21 PM
140622.00623/101323422v.3

certification proceedings, whether in the Action or any other judicial or other tribunal proceeding.

10.     All proceedings with respect to the Settlement described by this Settlement Agreement and the determination of controversies relating thereto, including disputed questions of law or fact with respect to the validity of claims, shall be subject to the continuing jurisdiction of the Court.

11.     All matters not specifically covered by the provisions of this Settlement Agreement shall be resolved by agreement of Class Counsel and counsel for Defendants, or if they cannot agree, by order of the Court, unless the dispute relates to a material change to the Settlement which gives rise to a right of either party to void and cancel the Settlement.

12.     The service of papers and notices under this Settlement Agreement and the Settlement shall be made upon the Parties by mailing such papers to:

For Class Representative or Class Members:

Ahmad Keshavarz, Esq.
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Charles M. Delbaum, Esq.
National Consumer Law Center, Inc.
7 Winthrop Square, 4th floor
Boston, MA 02110

Matthew Schedler, Esq.
CAMBA Legal Services, Inc.
885 Flatbush Ave.  2nd Fl.
Brooklyn, NY  11226

For Defendants Mel S. Harris and Associates, LLC and David Waldman:

Brett A. Scher, Esq.
Kaufman Dolowich & VoluckLLP

22

135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

For Defendants Resurgent Capital Services, LP; LVNV Funding, LLC; Alegis Group, LLC; and
Resurgent Capital Services, LLC:

Kenneth Bressler, Esq.
Adam Swanson, Esq.
Blank Rome LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208

13.    All proceedings in the Action will be stayed following entry of the Preliminary

Approval Order, except as may be necessary to implement the Settlement or comply with the

terms of the Settlement.  Pending determination of whether the Settlement should be granted

final approval, the Parties in the Actions agree not to pursue any claims or defenses otherwise

available to them, and no person in the Settlement Classes and no person acting or purporting to

act directly or derivatively on behalf of a Class Member, or acting on a representative basis or in

any other capacity, will commence or prosecute against any of the Defendants and released

parties any action or proceeding asserting any of the Released Claims.  The proposed order

submitted on a motion for preliminary approval will contain an injunction enjoining the

commencement or prosecution of the released claims.

14.    This Settlement Agreement represents the entire and sole agreement negotiated

and agreed to between the Parties and supersedes any prior agreements.

15.    This Settlement Agreement represents an integrated document and shall not be

amended, modified or supplemented, nor shall any of its provisions be deemed to be waived,

unless by written agreement signed by the respective Parties. This document has been drafted

jointly and any ambiguity is not to be construed against any party.

Last Saved: 8/26/2015 1:21 PM
140622.00623/101323422v.3

16.     Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of the Class Representatives, the Class Members, and any and all of their successors, trustees, executors, administrators, principals, beneficiaries, assigns, and personal representatives, and shall bind and inure to the benefit of Defendants, their officers, directors, assignees, successors, predecessors, subsidiaries, parent companies, divisions, affiliates, attorneys, employees and agents which are intended to be the beneficiaries of this Agreement.

17.     Class Counsel and counsel for Defendants each represent that they are authorized by their respective clients to execute this Agreement, to take all steps contemplated by this Agreement, and to effectuate this Settlement Agreement on the terms and conditions stated herein, and further that they will take all steps on their respective clients' behalf contemplated by this Settlement Agreement.

18.     This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument.  Photocopies or digitally scanned copies of fully executed copies of this Settlement Agreement may be treated as originals.

19.     Federal law shall govern this Settlement Agreement and any documents prepared or executed pursuant to this Settlement Agreement.

20.     The court shall retain jurisdiction to remedy any breach of this Settlement Agreement.

APPROVED AS TO FORM:
*Attorneys for Plaintiffs*

Last Saved: 8/26/2015 1:21 PM
140622.00623/101323422v.3

Dated: 10/12/2015

By: _____
Ahmad Keshavarz
The Law Office of Ahmad Keshavarz

Dated: _____

By: _____
Charles Delbaum
National Consumer Law Center, Inc.

Dated: _____

By: _____
Matthew Schedler, Of Counsel (MS-3774)
Kathleen A. Masters, Executive Director
CAMBA Legal Services, Inc.

**APPROVED AS TO FORM:**
*Attorneys for Defendants*

Dated: _____

By: _____
Brett Scher
Kaufman Dolowich & Voluck LLP
*Attorneys for Mel S. Harris and Associates, LLC
and David Waldman*

Dated: _____

By: _____

Blank Rome LLP
*Attorneys for Resurgent Capital Services, LP, LVNV
Funding, LLC, Alegis Group, LLC, and Resurgent
Capital Services, LLC*

**AGREED TO AND ACCEPTED:**
*Class Representatives*

Dated: _____     _____
                                 Giselle Fritz


Dated: _____     _____
                                 Evan Davis


Dated: _____     _____
                                 Patricia Casertano


Dated: _____     _____
                                 Jason Spiegel-Grote

AGREED TO AND ACCEPTED:
*Defendants*

LVNV FUNDING, LLC

By: _Tonya Henderson_     Date: _9-8-2015_

Printed name: _Tonya Henderson_

Title: _Authorized Representative_


RESURGENT CAPITAL SERVICES, LP

By: _Tonya Henderson_     Date: _9-8-2015_

Printed name: _Tonya Henderson_

Title: _Managing Paralegal_


RESURGENT CAPITAL SERVICES, LLC

26

By: _[signature]_        Date: 9-8-2015

Printed name: Meghan Emmerich

Title: Authorized Representative

ALEGIS GROUP, LLC

By: _[signature]_        Date: 9-8-2015

Printed name: Meghan Emmerich

Title: Authorized Representative

MEL S. HARRIS AND ASSOCIATES, LLC

By: _____        Date: _____

Printed name: _____

Title: _____

_____
DAVID WALDMAN

By: _____   Date: _____

Printed name: _____

Title: _____

ALEGIS GROUP, LLC

By: _____   Date: _____

Printed name: _____

Title: _____

MEL S. HARRIS AND ASSOCIATES, LLC

By: _____   Date: 8-31-15

Printed name: Mel S Harris

Title: Partner

_____
DAVID WALDMAN

4817-7931-3190, v. 1

27

Dated: __09.09.15__

_Giselle Fritz_

Dated: _____

Evan Davis

Dated: __09-09-15__

_Patricia Casertano_

Patricia Casertano

Dated: _____

Jason Spiegel-Grote

AGREED TO AND ACCEPTED:
*Defendants*

LVNV FUNDING, LLC

By: _____      Date: _____

Printed name: _____

Title: _____

RESURGENT CAPITAL SERVICES, LP

By: _____      Date: _____

Printed name: _____

Title: _____

RESURGENT CAPITAL SERVICES, LLC

26

Last Saved: 8/26/2015 1:21 PM
140622.00623/101323422v.3

Dated: _____          _____
                                        Giselle Fritz


Dated: _____          _____
                                        Evan Davis


Dated: _____          _____
                                        Patricia Casertano

Dated: 1/9/15                           _____
                                        Jason Spiegel-Grote

AGREED TO AND ACCEPTED:
*Defendants*

LVNV FUNDING, LLC

By: _____          Date: _____

Printed name: _____

Title: _____


RESURGENT CAPITAL SERVICES, LP

By: _____          Date: _____

Printed name: _____

Title: _____


RESURGENT CAPITAL SERVICES, LLC

26

Last Saved: 8/26/2015 1:21 PM
140622.00623/101323422v.3

Dated: _____

_____
Giselle Fritz

Dated: _____

_____
Evan Davis

Dated: _____

_____
Patricia Casertano

Dated: _____

_____
Jason Spiegel-Grote

AGREED TO AND ACCEPTED:
*Defendants*

LVNV FUNDING, LLC

By: _____        Date: _____

Printed name: _____

Title: _____

RESURGENT CAPITAL SERVICES, LP

By: _____        Date: _____

Printed name: _____

Title: _____

RESURGENT CAPITAL SERVICES, LLC

26